B1 (Official Form 1) (4/13)

| United States Bankruptcy Court<br>District of Delaware | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Altegrity, Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**See Schedule 1** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>**52-1969985** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |

| Street Address of Debtor (No. and Street, City, and State):<br><br>**7799 Leesburg Pike, Ste. 1100 North, Falls Church, VA** | ZIP CODE<br>**22043** | Street Address of Joint Debtor (No. and Street, City, and State): | ZIP CODE |
|---|---|---|---|

| County of Residence or of the Principal Place of Business:<br>**Fairfax** | County of Residence or of the Principal Place of Business: |
|---|---|

| Mailing Address of Debtor (if different from street address): | ZIP CODE | Mailing Address of Joint Debtor (if different from street address): | ZIP CODE |
|---|---|---|---|

| Location of Principal Assets of Business Debtor (if different from street address above): | | | ZIP CODE |
|---|---|---|---|

**Type of Debtor**
(Form of Organization)
(Check **one** box.)

- [ ] Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

_____

**Chapter 15 Debtors**
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Nature of Business**
(Check **one** box.)

- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other

**Consulting & Information Services**

**Tax-Exempt Entity**
(Check box, if applicable.)

- [ ] Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check **one** box.)

- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check **one** box.)

- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [x] Debts are primarily business debts.

**Filing Fee** (Check one box.)

- [x] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [x] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).

Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- [x] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors (on a consolidated basis)

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] |

Estimated Assets (on a consolidated basis)

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] |

Estimated Liabilities (on a consolidated basis)

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] |

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Altegrity, Inc.** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) |||
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) |||
|---|---|---|
| Name of Debtor:<br>**See attached Schedule 2** | Case Number:<br>**See attached Schedule 2** | Date Filed: |
| District:<br>**District of Delaware** | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>   Signature of Attorney for Debtor(s)          (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

 ☐ Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

 ☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(1)).

B1 (Official Form 1) (12/11)                                                                                                    Page 3

| **Voluntary Petition** *(This page must be completed and filed in every case)* | **Name of Debtor(s):** Altegrity, Inc. |

| **Signatures** |

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

**Signature of Attorney***

X /s/ _____
Signature of Attorney for Debtor(s)

**Edmon L. Morton**
Printed Name of Attorney for Debtor(s)

**Young Conaway Stargatt & Taylor, LLP**
Firm Name

**Rodney Square, 1000 North King Street, Wilmington, DE 19801**
Address

**(302) 571-6600**
Telephone Number
2/8/15
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____

_____
Address

X _____
Signature

_____
Date

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

**Jeffrey S. Campbell**
Printed Name of Authorized Individual

**President & Chief Financial Officer**
Title of Authorized Individual
2/8/15
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form of each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.*

**Schedule 1**

<u>All Other Names Used by the Debtor in the Last 8 Years</u>

US Investigations Services, Inc.

**Schedule 2**

Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

     As of the date hereof, each of the entities listed below filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the number assigned to the chapter 11 case of Altegrity, Inc.

| | | | |
|---|---|---|---|
| 1. | Altegrity, Inc. | 28. | Kroll International, Inc. |
| 2. | Albatross Holding Company, LLC | 29. | Kroll Ontrack Inc. |
| 3. | Albatross Marketing and Trading, LLC | 30. | Kroll Recovery LLC |
| 4. | Altegrity Acquisition Corp. | 31. | Kroll Security Group, Inc. |
| 5. | Altegrity Holding Corp. | 32. | National Diagnostics, Inc. |
| 6. | Altegrity Risk International LLC | 33. | Ontrack Data Recovery, Inc. |
| 7. | Altegrity Security Consulting, Inc. | 34. | Personnel Records International, LLC |
| 8. | CVM Solutions, LLC | 35. | The Official Information Company |
| 9. | D, D & C, Inc. | 36. | US Investigations Services, LLC |
| 10. | Engenium Corporation | 37. | USIS International, Inc. |
| 11. | FDC Acquisition, Inc. | 38. | USIS Worldwide, Inc. |
| 12. | HireRight Records Services, Inc. | | |
| 13. | HireRight Solutions, Inc. | | |
| 14. | HireRight Technologies Group, Inc. | | |
| 15. | HireRight, Inc. | | |
| 16. | John D. Cohen, Inc. | | |
| 17. | KCMS, Inc. | | |
| 18. | KIA Holding, LLC | | |
| 19. | Kroll Associates, Inc. | | |
| 20. | Kroll Background America, Inc. | | |
| 21. | Kroll Crisis Management Group, Inc. | | |
| 22. | Kroll Cyber Security, Inc. | | |
| 23. | Kroll Factual Data, Inc. | | |
| 24. | Kroll Holdings, Inc. | | |
| 25. | Kroll Inc. | | |
| 26. | Kroll Information Assurance, Inc. | | |
| 27. | Kroll Information Services, Inc. | | |

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ALTEGRITY, INC., *et al.*,[1] | Case No. 15-_____ (___) |
| Debtors. | Joint Administration Requested |

## CONSOLIDATED LIST OF CREDITORS HOLDING
## THE 50 LARGEST UNSECURED CLAIMS

Altegrity, Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The following is the consolidated list of the Debtors' creditors holding the 50 largest unsecured claims (the "**Consolidated Top 50 List**") based on the Debtors' books and records as of February 6, 2015. The Consolidated Top 50 List is prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in these chapter 11 cases. The Consolidated Top 50 List does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101 or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 50 largest unsecured claims on a consolidated basis. None of these creditors is a minor child. The information contained herein shall not constitute an admission of liability by, nor is it binding on, the Debtors. The information herein, including the failure of the Debtors to list any claim as contingent, unliquidated or disputed, does not constitute a waiver of the Debtors' right to contest the validity, priority or amount of any claim at any later point as they deem appropriate.

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Altegrity, Inc. (9985); Albatross Holding Company, LLC (2688); Albatross Marketing and Trading, LLC (8643); Altegrity Acquisition Corp. (1480); Altegrity Holding Corp. (1481); Altegrity Risk International LLC (6350); Altegrity Security Consulting, Inc. (5452); CVM Solutions, LLC (9526); D, D & C, Inc. (9552); Engenium Corporation (2269); FDC Acquisition, Inc. (2387); HireRight Records Services, Inc. (1944); HireRight Solutions, Inc. (8954); HireRight Technologies Group, Inc. (1660); HireRight, Inc. (5016); John D. Cohen, Inc. (1738); KCMS, Inc. (0085); KIA Holding, LLC (1333); Kroll Associates, Inc. (6880); Kroll Background America, Inc. (4830); Kroll Crisis Management Group, Inc. (3811); Kroll Cyber Security, Inc. (2393); Kroll Factual Data, Inc. (9911); Kroll Holdings, Inc. (4648); Kroll Inc. (1019); Kroll Information Assurance, Inc. (2283); Kroll Information Services, Inc. (2381); Kroll International, Inc. (1243); Kroll Ontrack Inc. (1650); Kroll Recovery LLC (7082); Kroll Security Group, Inc. (5514); National Diagnostics, Inc. (7132); Ontrack Data Recovery, Inc. (3148); Personnel Records International, LLC (0716); The Official Information Company (1805); US Investigations Services, LLC (9260); USIS International, Inc. (3617); and USIS Worldwide, Inc. (4258). The location of the Debtors' corporate headquarters is 7799 Leesburg Pike, Suite 1100 North, Falls Church, VA 22043.

| Creditor | Contact, Mailing Address & Telephone Number/Fax Number | Whether Claim is Contingent, Unliquidated, Disputed or Subject to Setoff | Nature of claim | Amount of Claim |
|---|---|---|---|---|
| Wilmington Trust, National Association<br><br>(Indenture Trustee under the 12% Senior Notes) | 50 South Sixth Street, Suite 1290<br>Minneapolis, MN 55402<br>Attn: Global Capital Markets<br>Fax: (302) 651-8937 | | Unsecured Debt | $30,161,604 |
| Wilmington Trust, National Association<br><br>(Indenture Trustee under the 11.75% Senior Sub Notes) | 50 South Sixth Street, Suite 1290<br>Minneapolis, MN 55402<br>Attn: Global Capital Markets<br>Fax: (302) 651-8937 | | Unsecured Debt | $11,613,750 |
| Wilmington Trust, National Association<br><br>(Indenture Trustee under the 10.5% Senior Notes) | 50 South Sixth Street, Suite 1290<br>Minneapolis, MN 55402<br>Attn: Global Capital Markets<br>Fax: (302) 651-8937 | | Unsecured Debt | $11,208,739 |
| CFIG Ocean Co-Invest SPV, LLC | 11 Madison Avenue, 28th Floor<br>New York, NY 10010<br>Fax: (302) 636-5454 | | Unsecured Debt | $4,180,269 |
| Teachers Insurance and Annuity Association of America | 8500 Andrew Carnegie Blvd. I C3-04<br>Charlotte, NC 28262<br>Fax:  (800) 914-8922 | | Unsecured Debt | $3,822,834 |
| Watkins, Blanca, And Hoyt, Spencer<br> Individually, On Behalf Of Other Similarly Situated Individuals, And Behalf Of The General Public | Law Offices of Devin H. Fok<br>P. O. Box 7165<br>Alhambra, CA 91802<br>Attn:  Devin H. Fok<br>Fax: (323) 563-3445 | | Litigation | $1,585,000 |
| Microsoft Corporation | One Microsoft Way<br>Redmond, WA 95052<br>Fax: (425) 706.7329 | | Promissory Note | $1,408,024 |
| New York State Corp. Tax | Corporation Tax bank Sub-Unit<br>Building 8 Room 700, WA Harriman Campus<br>Albany, NY 12227<br>Fax: (518) 435-8548 | | Tax | $751,708 |
| Insight Direct USA, Inc. | P. O. Box 731069<br>Dallas, TX 75373-1069<br>Fax: (480) 760-7043<br>Email: ach@insight.com | | Trade | $661,727 |
| VMWare, Inc | 3401 Hillview Avenue<br>Palo Alto, CA 93404<br>Fax: (650) 475-5001 | | Trade | $648,805 |

| Creditor | Contact, Mailing Address & Telephone Number/Fax Number | Whether Claim is Contingent, Unliquidated, Disputed or Subject to Setoff | Nature of claim | Amount of Claim |
|---|---|---|---|---|
| Hewlett-Packard Financial Services | 200 Connell Drive, 5th Floor<br>Berkeley Heights, NJ 07922<br>Fax: (281) 514-1740 | | Promissory Note | $573,871 |
| Labcorp | P. O. Box 12140<br>Burlington, NC 27216-2190<br>Fax: (336) 436-4123 | | Trade | $567,682 |
| Commerce Center TN Tower LP | 100 Centerview Drive, Ste. 155<br>Nashville, TN 37214<br>Attn: Laurie Cheatham<br>Fax: (914) 949-9618 | | Trade | $514,872 |
| Verizon | P. O. Box 660720<br>Dallas, TX 75266-0720<br>Fax: (877) 789-3130 | | Trade | $378,398 |
| TALX Corporation | P. O. Box 790051<br>St. Louis, MO 63179<br>Fax: (314) 214-7588 | | Trade | $320,175 |
| Hitachi | 50 Prospect Avenue<br>Tarrytown, NY 10591<br>Fax: (914) 332-5555 | | Trade | $316,400 |
| National Student Clearinghouse | P. O. Box 79252<br>Baltimore, MD 79252<br>Fax: (703) 742-4239 | | Trade | $306,127 |
| CapGemini US LLC | 98836 Collection Center Drive<br>Chicago, IL 60693<br>Fax: (212) 314-8001 | | Trade | $293,178 |
| Aetna | P. O. Box 13504<br>Newark, NJ 07188-0504<br>Email: connellya@aetna.com | | Trade | $279,663 |
| Fleishman-Hillard Inc. | 200 N. Broadway<br>St. Louis, MO 63102<br>Fax: (314) 231-2313 | | Trade | $263,348 |
| Blackwell, Leblanc, Waldron LLC | 1025 Main Street<br>Bastrop, TX 78602<br>Email: rblackwell@blwsecuritygroup.com | | Trade | $248,514 |
| Accordion Partners | 632 Broadway, 2nd Floor<br>New York, NY 10012<br>Email: info@accordionpartners.com | | Trade | $245,728 |

| Creditor | Contact, Mailing Address & Telephone Number/Fax Number | Whether Claim is Contingent, Unliquidated, Disputed or Subject to Setoff | Nature of claim | Amount of Claim |
|---|---|---|---|---|
| Carousel Industries Of North America, Inc. | P. O. Box 842084<br>Boston, MA 02284-2084<br>Fax: (617) 701-5010 | | Trade | $232,070 |
| Deltek Inc | P. O. Box 79581<br>Baltimore, MD 21279-0581<br>Fax: (703) 880-0994 | | Trade | $215,383 |
| Third Avenue Tower Owner LLC | 142 West 57th Street<br>New York, NY 10019<br>Email: contact@ll-holding.com | | Trade | $205,653 |
| Hygenicsdata LLC | 2095 W 6th Ave Ste 210<br>Broomfield CO 80020<br>Email: contactus@hygenicsdata.com | | Trade | $199,445 |
| Fireeye Inc. | 1440 McCarthy Blvd.<br>Milpitas, CA 95035<br>Fax: (408) 321-9818<br>Email: info@fireeye.com | | Trade | $179,465 |
| Xcel Energy | P. O. Box 9477<br>Minneapolis, MN 55484-9477<br>Fax: (800) 311-0050 | | Trade | $170,863 |
| Quest Diagnostics | P. O. Box 14730<br>St. Louis, MO 63150-4730<br>Fax: (302) 636-5454 | | Trade | $137,459 |
| Georgia Technology Authority | P. O. Box 101943<br>Atlanta, GA 30392-1943<br>Fax: (404) 657-7956 | | Trade | $123,374 |
| Nightowl Document Mgmt Services, Inc. | 724 North First Street<br>Minneapolis, MN 55401<br>Fax: (612) 339-3676 | | Trade | $113,184 |
| Squad Services Inc. | 44 Wall Street<br>Suite 1225<br>New York, NY 10005<br>Fax: (212) 485-8527 | | Trade | $106,196 |
| Accusearch, Inc. | 2338 W. Royal Palm Rd. Suite J<br>Phoenix, AZ 84021<br>Fax: (602) 249-0821 | | Trade | $104,266 |
| Three Deep, Inc. | 180 East 5th Street<br>Suite 910<br>St. Paul, MN 55101<br>Email: info@threedeepmarketing.com | | Trade | $103,227 |

| Creditor | Contact, Mailing Address & Telephone Number/Fax Number | Whether Claim is Contingent, Unliquidated, Disputed or Subject to Setoff | Nature of claim | Amount of Claim |
|---|---|---|---|---|
| Tek Systems | 7437 Race Rd<br>Hanover, MD 21076<br>Email: dpoffinb@teksystems.com | | Trade | $100,228 |
| Netforce Global LLC | 18 Crow Canyon Ct Ste 310<br>San Ramon, CA 94583<br>Email: hq@netforceglobal.com | | Trade | $99,835 |
| Salesforce.Com | P. O. Box 203141<br>Dallas, TX 75320-3141<br>Email: billing@salesforce.com | | Trade | $98,558 |
| Southstar Financial LLC | 830 Lowcountry Blvd Ste 201<br>Mt. Pleasant, SC 29464<br>Fax: (888) 500-1693<br>Email: info@southstarcapital.com | | Trade | $96,258 |
| LBA REIT IV LLC | Dba LB IV PPI LLC<br>3347 Michelson Dr, Ste 200<br>Irvine, CA 92612<br>Fax: (949) 851-2321 | | Trade | $92,996 |
| Special Counsel Inc. | P. O. Box 1024140<br>Atlanta, GA 30368-4140<br>Fax: (212) 757-2576<br>Email: newyork@specialcounsel.com | | Trade | $89,262 |
| Iron Mountain | P. O. Box 27128<br>New York, NY 10087-7128<br>Email:<br>askcustomerservice@ironmountain.com | | Trade | $85,604 |
| Thomson Financial | P. O. Box 5136<br>Carol Stream, IL 60197-5136<br>Email:<br>david.crundwell@thomsonreuters.com | | Trade | $84,819 |
| Epam Systems | 41 University Dr<br>Suite 202<br>Newton, PA 18940<br>Fax: (267) 759-8989 | | Trade | $84,541 |
| S.I.S. Investigations, Inc. | 15246 W. Destiny Drive<br>Post Falls, ID 83854<br>Email: info@stewartcorp.us | | Trade | $83,840 |
| South Carolina Interactive, LLC | P.O. Box 403637<br>Atlanta, GA 30384-3637<br>Fax: (803) 771-7660 | | Trade | $83,672 |
| TVS Datasource | Dba/TVS Datasource Inc.<br>1200 South Outer Rd.<br>Blue Springs, MO 64015<br>Fax: 816/ 224-9699 | | Trade | $82,849 |

| Creditor | Contact, Mailing Address & Telephone Number/Fax Number | Whether Claim is Contingent, Unliquidated, Disputed or Subject to Setoff | Nature of claim | Amount of Claim |
|---|---|---|---|---|
| Harte-Hanks Response Management/Austin Inc. | Harte-Hanks<br>2800 Wells Branch Parkway<br>Austin, TX 78728<br>Fax: (978) 436-2973 | | Trade | $75,120 |
| Windermere LLC | 105 Westpark Dr Ste 450<br>Brentwood, TN 37027<br>Fax: (414) 716-6101 | | Trade | $74,584 |
| SMS Systems Maintenance Services, Inc | 9013-E Perimeter Woods Drive<br>Charlotte, NC 28216<br>Email: info@sysmaint.com | | Trade | $73,774 |
| Rydan Security Inc. | 131-19 Jamaica Avenue, 2nd Floor<br>Jamaica, NY 11418<br>Fax: 718-504-6183 | | Trade | $72,222 |

6

## DECLARATION UNDER PENALTY OF PERJURY

Pursuant to 28 U.S.C. § 1746, I, the undersigned authorized officer of Altegrity, Inc., declare under penalty of perjury that I have reviewed the foregoing consolidated list of creditors holding the 50 largest unsecured claims and that it is true and correct to the best of my information and belief.

Dated: 2/8/15

_____

Jeffrey S. Campbell
President and Chief Financial Officer

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ALTEGRITY, INC., *et al.*,[1] | Case No. 15-_____ (___) |
| Debtors. | Joint Administration Requested |

### DEBTORS' CONSOLIDATED OWNERSHIP STATEMENT PURSUANT TO RULES 1007(a)(1) AND 7007.1 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Altegrity, Inc. and its above-captioned debtors and debtors in possession (each, a "**Debtor**," and collectively, the "**Debtors**") hereby state, as follows:

1.     Debtor Altegrity Holding Corp. ("**Holding Corp.**") owns, either directly or indirectly, 100% of the outstanding equity interests in each of the other Debtors.

2.     The following entities hold 10% or more of the equity interests in Holding Corp., as set forth more fully in the *List of Equity Security Holders of Altegrity Holding Corp.* filed with Holding Corp.'s voluntary chapter 11 petition: (a) Providence Equity Partners VI L.P. and (b) Providence Equity Partners VI-A L.P.

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  Altegrity, Inc. (9985); Albatross Holding Company, LLC (2688); Albatross Marketing and Trading, LLC (8643); Altegrity Acquisition Corp. (1480); Altegrity Holding Corp. (1481); Altegrity Risk International LLC (6350); Altegrity Security Consulting, Inc. (5452); CVM Solutions, LLC (9526); D, D & C, Inc. (9552); Engenium Corporation (2269); FDC Acquisition, Inc. (2387); HireRight Records Services, Inc. (1944); HireRight Solutions, Inc. (8954); HireRight Technologies Group, Inc. (1660); HireRight, Inc. (5016); John D. Cohen, Inc. (1738); KCMS, Inc. (0085); KIA Holding, LLC (1333); Kroll Associates, Inc. (6880); Kroll Background America, Inc. (4830); Kroll Crisis Management Group, Inc. (3811); Kroll Cyber Security, Inc. (2393); Kroll Factual Data, Inc. (9911); Kroll Holdings, Inc. (4648); Kroll Inc. (1019); Kroll Information Assurance, Inc. (2283); Kroll Information Services, Inc. (2381); Kroll International, Inc. (1243); Kroll Ontrack Inc. (1650); Kroll Recovery LLC (7082); Kroll Security Group, Inc. (5514); National Diagnostics, Inc. (7132); Ontrack Data Recovery, Inc. (3148); Personnel Records International, LLC (0716); The Official Information Company (1805); US Investigations Services, LLC (9260); USIS International, Inc. (3617); and USIS Worldwide, Inc. (4258).  The location of the Debtors' corporate headquarters is 7799 Leesburg Pike, Suite 1100 North, Falls Church, VA 22043.

I, Jeffrey S. Campbell, President and Chief Financial Officer of Altegrity, Inc., declare under penalty of perjury, on behalf of Altegrity, Inc. and each of the other Debtors, that I have read the foregoing statement and that it is true and correct to the best of my information and belief.

Wilmington, Delaware
Dated: 2/8/15

Altegrity, Inc., *et al.*

Jeffrey S. Campbell
President and Chief Financial Officer

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ALTEGRITY, INC., | Case No. 15-_____ (___) |
| Debtor. | Joint Administration Requested |

### LIST OF EQUITY SECURITY HOLDERS

| Debtor | Equity Holder | Address of Equity Holder | Number of Shares or Units Held / Percentage of Equity Held |
|---|---|---|---|
| Altegrity, Inc. | Altegrity Acquisition Corp. | 600 Third Ave., New York, NY 10016 | 100% |

### DECLARATION UNDER PENALTY OF PERJURY

I, Jeffrey S. Campbell, the undersigned signatory of Altegrity, Inc., named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list of equity security holders and that it is true and correct to the best of my information and belief.

Dated: 2/8/15

_____
Jeffrey S. Campbell
President & Chief Financial Officer

**UNANIMOUS WRITTEN CONSENT OF
THE BOARD OF DIRECTORS OF
ALTEGRITY, INC.**

Dated as of February 7, 2015

The undersigned, constituting the entire Board of Directors (the "**Board**") of Altegrity, Inc., a Delaware corporation (the "**Company**"), hereby take the following actions and adopt the following resolutions by unanimous written consent, as permitted by Section 141(f) of the Delaware General Corporation Law, and further direct that this consent be filed with the minutes of the proceedings of the meetings of the Board:

> **WHEREAS**, the Board has reviewed the materials presented by the management and the advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it and the impact of the foregoing on the Company's businesses;

> **WHEREAS**, the Board has had the opportunity to consult with the management and the advisors of the Company and fully consider each of the strategic alternatives available to the Company;

> **WHEREAS**, in accordance with prior approval of the Board, the Company entered into a restructuring support agreement (the "**RSA**"), dated as of February 2, 2015;

> **WHEREAS**, in the judgment of the Board, a restructuring of the Company to be accomplished through a plan of reorganization under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") and the other transactions identified in the RSA is in the best interests of the Company and its creditors.

**NOW**, it is hereby:

Chapter 11 Petition

> **RESOLVED**, that in the judgment of the Board of the Company, it is desirable and in the best interests of the Company, its creditors and other parties in interest, that the Company file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of the Bankruptcy Code; and

> **RESOLVED**, that each of the officers of the Company (the "**Authorized Officers**"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without

limitation, any action necessary to maintain the ordinary course operation of the Company's business;

Debtor-in-Possession Financing

**RESOLVED**, that in connection with the commencement of the chapter 11 case, the Authorized Officers be, and hereby are, authorized, empowered and directed, in the name and on behalf of the Company to negotiate the use of cash collateral and to negotiate, execute and deliver a debtor-in-possession loan facility as provided in the RSA, to the extent applicable, on the terms and conditions such Authorized Officers executing the same may consider necessary, proper or desirable, and to take such additional action and to execute and deliver each other agreement, instrument or document to be executed and delivered, in the name and on behalf of the Company, pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

Retention of Professionals

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Debevoise & Plimpton LLP as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations;

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Young Conaway Stargatt & Taylor LLP as Delaware bankruptcy and conflicts counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations;

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Evercore Group LLC as investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations;

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of AlixPartners LLP as restructuring advisors to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations;

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Prime Clerk LLC as administrative advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations, and to retain Prime Clerk LLC as claims and noticing agent in accordance with 28 U.S.C. § 156(c) and Del. Bankr. L.R. 2002-1(f);

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of PricewaterhouseCoopers LLP as independent auditors and accountants to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations;

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations; and

**RESOLVED**, that the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and cause to be filed appropriate applications for authority to retain the services of the foregoing professionals as necessary;

Further Actions and Prior Actions

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the officers of the Company or their designees shall be, and each of them, acting alone, hereby is, authorized, directed and empowered in the name of, and on behalf of, the Company, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments and other documents and to pay all expenses, including filing fees, in each case as in such officer or officers' judgment shall be necessary or desirable to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein;

**RESOLVED**, that all acts, actions and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing Resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved and ratified; and

**RESOLVED**, that this written action of the Board may be executed in counterparts, each of which shall be deemed to be an original

3

and all of which shall together constitute but one and the same instrument, and that a copy of this written action of the Board shall be filed with the minutes of the proceedings of the Board.


*[Remainder of this page intentionally left blank]*

IN WITNESS WHEREOF, the undersigned have executed this consent of the Board of Altegrity, Inc., as of the date first set forth above.

_____
Steven W. Alesio
Director

_____
Charles Gottdiener
Director

_____
Julian Markby
Director

_____
Alfred T. Mockett
Director

_____
R. Davis Noell
Director

_____
Christopher E. Ragona
Director

[Signature Page of Board of Altegrity, Inc. Authorizing Filing of Chapter 11 Petition]

IN WITNESS WHEREOF, the undersigned have executed this consent of the Board of Altegrity, Inc., as of the date first set forth above.

 

_____
Steven W. Alesio
Director

_____
Charles Gottdiener
Director

_____
Julian Markby
Director

_____
Alfred T. Mockett
Director

_____
R. Davis Noell
Director

_____
Christopher E. Ragona
Director

**IN WITNESS WHEREOF**, the undersigned have executed this consent of the Board of Altegrity, Inc., as of the date first set forth above.

_____
Steven W. Alesio
Director

_____
Charles Gottdiener
Director

_____
Julian Markby
Director

_____
Alfred T. Mockett
Director

_____
R. Davis Noell
Director

_____
Christopher E. Ragona
Director

[Signature Page of Board of Altegrity, Inc. Authorizing Filing of Chapter 11 Petition]

**IN WITNESS WHEREOF,** the undersigned have executed this consent of the Board of Altegrity, Inc., as of the date first set forth above.

_____
Steven W. Alesio
Director

_____
Charles Gottdiener
Director

_____
Julian Markby
Director

_____
Alfred T. Mockett
Director

_____
R. Davis Noell
Director

_____
Christopher E. Ragona
Director

[Signature Page of Board of Altegrity, Inc. Authorizing Filing of Chapter 11 Petition]

**IN WITNESS WHEREOF**, the undersigned have executed this consent of the Board of Altegrity, Inc., as of the date first set forth above.

_____
Steven W. Alesio
Director


_____
Charles Gottdiener
Director


_____
Julian Markby
Director


_____
Alfred T. Mockett
Director


_____
R. Davis Noell
Director


_____
Christopher E. Ragona
Director

[Signature Page of Board of Altegrity, Inc. Authorizing Filing of Chapter 11 Petition]

**IN  WITNESS  WHEREOF**, the undersigned have executed this consent of the Board of Altegrity, Inc., as of the date first set forth above.

_____
Steven W. Alesio
Director


_____
Charles Gottdiener
Director


_____
Julian Markby
Director


_____
Alfred T. Mockett
Director


_____
R. Davis Noell
Director


_____
Christopher E. Ragona
Director