# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ALTEGRITY, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-10226 (LSS)<br><br>Joint Administration Requested<br><br>Re: Docket Nos. 10 & 55 |

## SUPPLEMENTAL ORDER (A) AUTHORIZING THE DEBTORS TO PAY AND HONOR CERTAIN PREPETITION WAGES, BENEFITS AND OTHER COMPENSATION OBLIGATIONS AND (B) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH OBLIGATIONS

Upon the motion (the "**Motion**")[2] of the Debtors for an order (a) authorizing the Debtors to pay and honor certain prepetition wages, benefits and other compensation obligations and (b) authorizing financial institutions to honor and process checks and transfers related to such obligations, all as more fully described in the Motion; and upon consideration of the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Altegrity, Inc. (9985); Albatross Holding Company, LLC (2688); Albatross Marketing and Trading, LLC (8643); Altegrity Acquisition Corp. (1480); Altegrity Holding Corp. (1481); Altegrity Risk International LLC (6350); Altegrity Security Consulting, Inc. (5452); CVM Solutions, LLC (9526); D, D & C, Inc. (9552); Engenium Corporation (2269); FDC Acquisition, Inc. (2387); HireRight Records Services, Inc. (1944); HireRight Solutions, Inc. (8954); HireRight Technologies Group, Inc. (1660); HireRight, Inc. (5016); John D. Cohen, Inc. (1738); KCMS, Inc. (0085); KIA Holding, LLC (1333); Kroll Associates, Inc. (6880); Kroll Background America, Inc. (4830); Kroll Crisis Management Group, Inc. (3811); Kroll Cyber Security, Inc. (2393); Kroll Factual Data, Inc. (9911); Kroll Holdings, Inc. (4648); Kroll Inc. (1019); Kroll Information Assurance, Inc. (2283); Kroll Information Services, Inc. (2381); Kroll International, Inc. (1243); Kroll Ontrack Inc. (1650); Kroll Recovery LLC (7082); Kroll Security Group, Inc. (5514); National Diagnostics, Inc. (7132); Ontrack Data Recovery, Inc. (3148); Personnel Records International, LLC (0716); The Official Information Company (1805); US Investigations Services, LLC (9260); USIS International, Inc. (3617); and USIS Worldwide, Inc. (4258). The location of the Debtors' corporate headquarters is 7799 Leesburg Pike, Suite 1100 North, Falls Church, VA 22043.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

*Reference from the United States District Court for the District of Delaware*; and consideration of the Motion and the relief requested being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and on February 11, 2015, the Court having entered the *Amended Order (A) Authorizing the Debtors to Pay and Honor Certain Prepetition Wages, Benefits and Other Compensation Obligations and (B) Authorizing Financial Institutions to Honor and Process Checks and Transfers Related to Such Obligations* [D.I. 55] (the "**First Day Wage Order**"), which granted the Motion except with respect to the relief sought related to the Severance Policies and Severance Obligations and scheduled a further hearing on the Motion with respect to the Severance Policies and Severance Obligations; and notice of the relief sought in the Motion related to the Severance Policies and Severance Obligations and opportunity for objection having been given in accordance with the First Day Wage Order, which notice was adequate; and the Court having determined that the relief sought in the Motion with respect to the Severance Policies and Severance Obligations is in the best interests of the Debtors, their estates, their creditors and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the Motion having been withdrawn or overruled on the merits; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is granted to the extent set forth herein.

2. The Debtors are authorized, but not directed, to honor and pay, in the ordinary course of business, in accordance with the Debtors' prepetition policies and practices and in the Debtors' sole discretion, prepetition Severance Obligations and to continue the Severance Policies in the ordinary course of business.

3. The Debtors are authorized, but not directed, to pay costs and expenses incidental to the administration of the Severance Policies, including all administration and processing costs and payments to outside parties, in the ordinary course of business, in order to facilitate the administration and maintenance of the Severance Policies.

4. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor and pay, to the extent of funds on deposit, all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this order.

5. The Debtors are authorized to issue postpetition checks or to effect postpetition fund transfer requests in replacement of any checks or fund transfer requests related to the Severance Policies dishonored or rejected as a consequence of the commencement of these chapter 11 cases.

6. Nothing in the Motion or this order shall be construed as impairing the Debtors' right to contest the validity or amount of any obligations under the Severance Policies, including any Payroll Taxes that may be due to any Taxing Authority.

7. Nothing in the Motion shall be deemed a request by the Debtors for authority to assume, and nothing in this order shall be deemed authorization to assume, any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code.

8. Nothing in the Motion or this order shall be deemed to authorize the payment of any amounts in satisfaction of bonus or severance obligations subject to section 503(c) of the Bankruptcy Code. To the extent that the Debtors seek future authorization for payments under

section 503(c) of the Bankruptcy Code, they shall consult with the *ad hoc* group of first lien debt holders, the *ad hoc* group of second and third lien noteholders and debtor-in-possession lenders and the Official Committee of Unsecured Creditors prior to the filing of a motion with this Court.

9. To the extent the Debtors make any payments on account of pre-petition medical or other health benefits claims incurred under self-insured plans, such payments shall be made without regard to the current employment status of the employee (or dependent), provided that such employee (or dependent) was eligible for coverage on the date such claim was incurred.

10. Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any approved postpetition financing facility or any order regarding the use of cash collateral approved by this Court in these chapter 11 cases.

11. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this order shall be immediately effective and enforceable upon entry of this order.

12. The Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this order.

13. Except as expressly set forth herein, the First Day Wage Order shall remain in full force and effect.

14. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this order.

Dated: March 16, 2015
Wilmington, Delaware

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE