# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ALTEGRITY, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-10226 (LSS)<br><br>Jointly Administered<br>**Re: Docket No. 79** |

## ORDER AUTHORIZING THE DEBTORS TO
## ASSUME THE RESTRUCTURING SUPPORT AGREEMENT

Upon the motion (the "**Motion**")[2] of the Debtors, pursuant to sections 362, 363(b) and 365(a) of the Bankruptcy Code and Bankruptcy Rules 6004 and 6006, for an order authorizing the Debtors to assume the Restructuring Support Agreement and perform their obligations thereunder, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Altegrity, Inc. (9985); Albatross Holding Company, LLC (2688); Albatross Marketing and Trading, LLC (8643); Altegrity Acquisition Corp. (1480); Altegrity Holding Corp. (1481); Altegrity Risk International LLC (6350); Altegrity Security Consulting, Inc. (5452); CVM Solutions, LLC (9526); D, D & C, Inc. (9552); Engenium Corporation (2269); FDC Acquisition, Inc. (2387); HireRight Records Services, Inc. (1944); HireRight Solutions, Inc. (8954); HireRight Technologies Group, Inc. (1660); HireRight, Inc. (5016); John D. Cohen, Inc. (1738); KCMS, Inc. (0085); KIA Holding, LLC (1333); Kroll Associates, Inc. (6880); Kroll Background America, Inc. (4830); Kroll Crisis Management Group, Inc. (3811); Kroll Cyber Security, Inc. (2393); Kroll Factual Data, Inc. (9911); Kroll Holdings, Inc. (4648); Kroll Inc. (1019); Kroll Information Assurance, Inc. (2283); Kroll Information Services, Inc. (2381); Kroll International, Inc. (1243); Kroll Ontrack Inc. (1650); Kroll Recovery LLC (7082); Kroll Security Group, Inc. (5514); National Diagnostics, Inc. (7132); Ontrack Data Recovery, Inc. (3148); Personnel Records International, LLC (0716); The Official Information Company (1805); US Investigations Services, LLC (9260); USIS International, Inc. (3617); and USIS Worldwide, Inc. (4258). The location of the Debtors' corporate headquarters is 7799 Leesburg Pike, Suite 1100 North, Falls Church, VA 22043.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

1000487115v5

§§ 1408 and 1409; and adequate notice of the Motion and opportunity for objection having been given under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors and all parties in interest; and any objections to the Motion having been withdrawn, resolved or overruled on the merits; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized to assume the Restructuring Support Agreement in its entirety, and, effective as of the date of entry of this order, the Restructuring Support Agreement is hereby assumed pursuant to section 365(a) of the Bankruptcy Code.

3. The Restructuring Support Agreement shall be binding and enforceable against the Parties in accordance with its terms.

4. The Debtors are authorized to pay professional fees as contemplated under the Restructuring Support Agreement, in accordance with its terms, and to otherwise perform under the terms of the Restructuring Support Agreement.

5. The failure to describe specifically or include any particular provision of the Restructuring Support Agreement in the Motion or this order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Restructuring Support Agreement be assumed by the Debtors in its entirety.

6. Subject to the terms and conditions of the Restructuring Support Agreement, including Section 17 thereof, the Debtors and the Requisite Consenting Creditors may amend, modify or waive any provision of the Restructuring Support Agreement, and any such

amendment, modification or waiver shall not require the approval of the Court, provided that such amendment, modification or waiver, in the judgment of the Debtors and the Requisite Consenting Creditors, is not material or materially prejudicial to the rights of third parties, and that notice thereof shall be provided to counsel for the official committee of unsecured creditors appointed in these chapter 11 cases and the U.S. Trustee no less than 3 days before the effective date therefore (or such shorter period as to which such parties may agree). For the avoidance of doubt, without limiting the foregoing, extensions or waivers of the deadlines and other provisions in Section 11 of the Restructuring Support Agreement shall not require approval of the Court.

7. Notwithstanding anything to the contrary in the Restructuring Support Agreement, in the event the Debtors or their boards of directors reasonably determine, consistent with their fiduciary obligations and in consultation with their legal advisors, that proceeding with any of the terms or conditions of the Restructuring would be inconsistent with the exercise of their fiduciary duties, (i) they may terminate the Restructuring Support Agreement without incurring any liability to any Party under the Restructuring Support Agreement, (ii) such termination shall otherwise be a Debtor Termination Event for purposes of the Restructuring Support Agreement and (iii) such termination shall not limit the Debtors' obligations that, by their terms, arise upon the occurrence of a Termination Event or that survive the occurrence of a Termination Event (including pursuant to Sections 10 and 24 of the Restructuring Support Agreement).

8. Notice of the Motion was good and sufficient and the requirements of the Bankruptcy Rules and Local Bankruptcy Rules are satisfied by such notice.

1000487115v5

9.    To the extent the automatic stay provisions of section 362 of the Bankruptcy Code would otherwise apply, such provisions are vacated and modified to effectuate all of the terms and provisions of the Restructuring Support Agreement and this order, including permitting the Restructuring Support Parties to exercise all rights and remedies under the Restructuring Support Agreement in accordance with its terms, and deliver any notice contemplated thereunder, in each case, without further order of the Court.

10.    Notwithstanding any applicability of Bankruptcy Rule 6004(h) or 6006(d), the terms and conditions of this order shall be immediately effective and enforceable upon entry of this order.

11.    The Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this order.

12.    This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this order.

Dated: March 16, 2015
Wilmington, Delaware

_____
LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE