IN THE UNITED STATES BANKRUPTCY COURT
FOR THE UNITIED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Case No. 15-10-226 (LSS) |
| | ) | |
| Altegrity, Inc., *et al.* | ) | Chapter 11 |
| | ) | |
| | ) | **Obj. Deadline: May 13, 2015 @ 10:00 a.m.** |
| Debtors. | ) | **Hearing Date: May 20, 2015 @ 10:00 a.m.** |

## MOTION OF JOHN SALYERS FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)

John Salyers ("Movant"), by and through his undersigned counsel, hereby moves, pursuant to 11 U.S.C. § 362(d), for an order granting Movant relief from the automatic stay imposed by 11 U.S.C. § 362 to permit Movant to (i) negotiate, settle, receive claim payments, and/or litigate the personal injury claims detailed below, and (ii) satisfy and collect any judgment or other form of resolution against the available insurance proceeds under the applicable policy. In support of this Motion, Movant states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The relief requested in this Motion is predicated on 11 U.S.C. § 362(d), and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure, and Local Rule 4001-1.

### BACKGROUND

4. Altegrity, Inc. and its affiliated entities (collectively, "Debtors") filed a petition for relief under Chapter 11 of the Bankruptcy Code (the "Code") in the United States Bankruptcy Court for the District of Delaware on February 8, 2015 (the "Petition Date").

5. Prior to the Petition Date, on July 2, 2013, the Movant suffered a personal injury (the "Claim") as the result of an automobile collision in the State of Alabama, involving a vehicle owned by and insured through Debtor and operated by an employee of Debtor, Melissa Ann Fausz ("Employee").

6. Movant's Claim against Employee is covered by a lead umbrella liability policy (the "Policy") purchased and held by Debtors through Liberty Insurance Corporation (the "Insurer"). Employee is an insured driver under the Policy and Insurer is the primary carrier with respect to the Claim.[1]

7. Insurer has designated the Claim: AB505-339602-01. The date of Loss (as that term is defined in the Policy) is July 2, 2013, when the underlying personal injury occurred. Under Alabama state law, the applicable statute of limitations expires on July 2, 2015.

8. Upon information and belief, the coverage available under the Policy is sufficient to satisfy the Claim.

9. Insurer is precluded from making payments on the Claim as a consequence of the automatic stay provisions of 11 U.S.C. § 362(a).

## RELIEF REQUESTED

10. By this Motion, Movant seeks relief from the automatic stay so that Movant may pursue the Claim and satisfy and collect any judgment or other form of resolution Movant may obtain from the available insurance proceeds under the Policy.

## BASIS FOR THE RELIEF REQUESTED

11. Section 362(d) of the Code provides:

---

[1] The Policy is identified as policy number TH7631509907014 in <u>Exhibit B</u> to Debtors' Motion for Entry of an Order (A) Authorizing the Debtors to (I) Continue Prepetition Insurance Programs in the Ordinary Course of Business and (II) Pay All Prepetition Obligations in Respect Thereof and (B) Authorizing Financial Institutions to Honor and Process Related Checks and Transfers. [Bnkr. D.I. 5]

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay ... for cause ...

11 U.S.C. § 362(d). The term "cause" is not defined in the Code, but rather, must be determined on a case-by-case basis. *In re: Rexene Prods. Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992) (internal citations and quotations omitted). "Cause is a flexible concept and the courts often ... examin[e] the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re SCO Group, Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007). *See also Baldino v. Wilson (In re: Wilson)*, 116 F.3d 87, 90 (3d Cir. 1997) (*citing Trident Assoc. Ltd. Partnership v. Metropolitan Life Insurance Co. (In re: Trident Assocs. Ltd. Partnership)*, 52 F.3d 127, 131 (6th Cir. 1995)).

12.     Under the "totality of the circumstances" standard, courts generally will consider the hardship or prejudice to the non-debtor in determining whether to lift the automatic stay. *See Atlantic Marine, Inc. v. American Classic Voyages, Co. (In re: American Classic Voyages, Co.)*, 298 B.R. 222, 225 (D. Del. 2003). The logic and intent of § 362(d) recognize that, in the absence of prejudice to the bankruptcy estate, it is often appropriate to allow litigation to proceed in the parties' "... chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere." *In re: Tribune Co.*, 418 B.R. 116, 126 (Bankr. D. Del. 2009) (quoting legislative history of § 362(d)) (internal citations omitted).

13.     Here, "cause" exists to grant Movant the requested relief from the automatic stay.

14.     *First*, Debtors will not suffer prejudice should the stay be lifted because the Claim must eventually be liquidated before Movant can recover from the bankruptcy estate. Also, because the Claim involves a personal injury it must be liquidated in a forum outside of the bankruptcy court. *See* 28 U.S.C. § 157(b)(5) ("personal injury tort ... claims shall be tried in the

district court in which ... the claims arose ..."). Moreover, this Court has already modified the automatic stay in this bankruptcy case to permit certain of Debtors' employees to proceed with their workers' compensations claims in the appropriate jurisdictions.

15.  *Second*, insurance exists to fully cover the Claim. Thus, any recovery obtained by Movant outside of the bankruptcy court will not impact the bankruptcy estate. *See In re: 15375 Memorial Corp.*, 382 B.R. 652, 687 (Bankr. D. Del. 2008), *rev'd on other grounds*, 400 B.R. 420 (D. Del. 2009) (observing that "when a payment by an insurer cannot inure to the debtor's pecuniary interest, then that payment should neither enhance nor decrease the bankruptcy estate") (citation omitted).

16.  *Third*, Movant will face substantial hardship if the stay is not lifted, since it would mean having to wait an indeterminate—and potentially protracted—period of time before he could be made whole on his Claim. Additionally, denying Movant the requested relief would cause him financial hardship. Movant is a resident of Alabama and the events that form the basis of the Claim occurred in Alabama. If Movant were forced to litigate in Delaware, Movant would incur the increased expense of bringing witnesses, and physical evidence to Delaware, all of which are located in Alabama.

17.  By contrast, Debtors will not suffer any hardship if Movant is permitted to pursue and monetize the Claim outside of the bankruptcy case. The Claim involves a personal injury that in no way implicates any factual or legal issues that would interfere with the reorganization process. Moreover, any recovery on the Claim will be funded solely with insurance proceeds under the Policy. Thus, Debtors' assets will be left totally untouched by the Claim.[2] Indeed, the only party that stands to gain financially if the stay is not lifted is Insurer; such an outcome is

---

[2] This would only change if Movant was forced to initiate litigation before expiration of the limitations period.

repugnant to the policy goals underlying § 362. *See Owaski v. Jet Fla. Sys., Inc. (In re: Jet Fla. Sys., Inc.)*, 883 F.2d 970 (11th Cir. 1989) ("The 'fresh start' policy is not intended to provide a method by which an insurer can escape its obligations based simply on the financial misfortunes of the insured.") (internal citations in original).

18. *Fourth*, granting Movant relief from the stay would result in the complete resolution of the Claim, which is the sole controversy involving the parties. This factor too, warrants lifting the stay. *See In re: Sonnax Indus., Inc. v. Tri Component Prods. Corp.*, 907 F.2d 1280 (2d Cir. 1990).

19. In light of the above, "cause" exists to lift the automatic stay.

## CONCLUSION

WHEREFORE, Movant respectfully requests entry of an Order modifying the automatic stay imposed by § 362 of the Code to allow Movant to (i) proceed with negotiating, settling, receiving claim payments, and/or litigating the Claim; and (ii) seek to collect, satisfy or monetize any judgment or other form of resolution obtained with respect to the Claim from the available insurance proceeds under the Policy.

**BERGER HARRIS LLP**

By: /s/ John G. Harris
John G. Harris (DE #4017)
David B. Anthony (DE #5452)
1105 N. Market Street, 11th Floor
Wilmington, DE 19801
Tel: (302) 655-1140
Fax: (302) 655-1131
jharris@bergerharris.com
danthony@bergerharris.com

*Attorneys for Movant John Salyers*

Dated: April 17, 2015
Wilmington, Delaware