## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>ALTEGRITY, INC., *et al.*,[1]<br><br>　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 15-10226 (LSS)<br><br>Jointly Administered<br><br>**Hearing Date:  May 15, 2015 at 10:00 a.m. (ET)** |

## DEBTORS' OMNIBUS REPLY TO OBJECTIONS TO THE DEBTORS' PROPOSED DISCLOSURE STATEMENT AND RELATED SOLICITATION PROCEDURES

The above-captions debtors and debtors in possession (collectively, the "**Debtors**") respectfully submit this omnibus reply in support of the Debtors' motion to approve their proposed disclosure statement and solicitation procedures.[2]

### Preliminary Statement

1.　　A disclosure statement's fundamental purpose is to enable holders of claims and interests entitled to vote on a plan of reorganization to make an informed and intelligent decision as to whether to vote to accept or to reject that plan.

---

[1]　The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  Altegrity, Inc. (9985); Albatross Holding Company, LLC (2688); Albatross Marketing and Trading, LLC (8643); Altegrity Acquisition Corp. (1480); Altegrity Holding Corp. (1481); Altegrity Risk International LLC (6350); Altegrity Security Consulting, Inc. (5452); CVM Solutions, LLC (9526); D, D & C, Inc. (9552); Engenium Corporation (2269); FDC Acquisition, Inc. (2387); HireRight Records Services, Inc. (1944); HireRight Solutions, Inc. (8954); HireRight Technologies Group, Inc. (1660); HireRight, Inc. (5016); John D. Cohen, Inc. (1738); KCMS, Inc. (0085); KIA Holding, LLC (1333); Kroll Associates, Inc. (6880); Kroll Background America, Inc. (4830); Kroll Crisis Management Group, Inc. (3811); Kroll Cyber Security, Inc. (2393); Kroll Factual Data, Inc. (9911); Kroll Holdings, Inc. (4648); Kroll Inc. (1019); Kroll Information Assurance, Inc. (2283); Kroll Information Services, Inc. (2381); Kroll International, Inc. (1243); Kroll Ontrack Inc. (1650); Kroll Recovery LLC (7082); Kroll Security Group, Inc. (5514); National Diagnostics, Inc. (7132); Ontrack Data Recovery, Inc. (3148); Personnel Records International, LLC (0716); The Official Information Company (1805); US Investigations Services, LLC (9260); USIS International, Inc. (3617); and USIS Worldwide, Inc. (4258).  The location of the Debtors' corporate headquarters is 600 Third Avenue, 4th Floor, New York, NY 10016.

[2]　On March 30, 2015, the Debtors filed the *Debtors' Motion for Order Approving the Disclosure Statement and Granting Related Relief* [Docket No. 338] (the "**Motion**").  On May 122015, the Debtors have filed a revised version of the Disclosure Statement and an accompanying *Joint Chapter 11 Plan of Altegrity, Inc., et al.* (the "**Plan**").  Capitalized terms used but not otherwise defined herein shall have the meanings set forth for such terms in the Plan.

2.      It is well-settled that the hearing to approve a disclosure statement is solely to determine whether the information provided is adequate within section 1125 of the Bankruptcy Code, a determination that includes considerations of accuracy and fairness.   A disclosure statement hearing is not a proper venue for disgruntled creditors to raise substantive issues related to a chapter 11 plan in an effort to improve their proposed plan treatment or as a medium for parties to initiate specialized discussions of their particular needs or concerns.

3.      To date, the Debtors have received 4 formal objections and 1 informal objection with respect to the Disclosure Statement and the *Order (A) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan, Including (I) Approving Form and Manner of Solicitation Procedures, (II) Approving the Form and Notice of the Confirmation Hearing, (III) Establishing Record Date and Approving Procedures for Distribution of Solicitation Packages, (IV) Approving Forms of Ballots, (V) Establishing Deadline for Receipt of Ballots, and (VI) Approving Procedures for Vote Tabulations; (B) Establishing Deadline and Procedures for Filing Objections to Confirmation of the Plan and (C) Granting Related Relief* (the "**Solicitation Procedures Motion**") (collectively, the "**Objections**").   The Objections generally fall into two categories: (a) objections concerning the adequacy of – or requesting additional – disclosure and (b) objections raising substantive issues concerning confirmation of the Plan.   The Debtors have organized and summarized each of the Objections, and have provided their response to each Objection, in the chart attached hereto as **Exhibit A** (the "**Reply Chart**").  With respect to specific requests for additional disclosure, the Debtors have revised the Disclosure Statement (and the Plan, if appropriate) to address those Objections.

4.      As set forth in detail in the Reply Charts, the Debtors have worked to address the vast majority of objections to their Disclosure Statement, whether asserted formally or

2

informally, by making additions or changes to the Disclosure Statement and, where applicable, the Plan.  Based upon these revisions, the Debtors firmly believe that the Disclosure Statement more than fully meets the "adequate information" requirement under section 1125 of the Bankruptcy Code, in that the Disclosure Statement contains sufficient information to enable the Debtors' creditors to make an informed judgment about the Plan.  Accordingly, and to promote the expeditious advancement of the Plan process in the best interests of the Debtors' estates and all stakeholders in these chapter 11 cases, the Debtors respectfully request that the Court approve the Disclosure Statement.

## Response

### A.    The Disclosure Statement Contains Adequate Information as Required by Section 1125 of the Bankruptcy Code and Should be Approved

5.    Section 1125(b) of the Bankruptcy Code provides that solicitation on a plan of reorganization cannot occur until a court has approved a written disclosure statement as containing "adequate information" – a determination that is the focus of a disclosure statement hearing.  Adequate information is defined as the "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor . . . that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan . . . ." 11 U.S.C. § 1125(a); *see Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988).

6.    As is evident from the legislative history of section 1125 and related case law, courts have broad discretion in determining whether the "adequate information" requirement has been met.  The legislative history of section 1125 makes it clear that approval of a disclosure statement requires a practical and flexible approach: "In reorganization cases, there is frequently great uncertainty.  Therefore, the need for flexibility is greatest." *See* H.R. Rep. No. 595, 95th

3

Cong., 1st Sess. 408-409 (1977) *reprinted in* 1978 U.S.C.C.A.N. 5963, 6365.  Consistent with this need for flexibility, courts may make determinations regarding the adequacy of disclosure on a "case-by-case basis" based on the unique facts and circumstances of each case, while taking into consideration "the need for relative speed in solicitation and confirmation." H.R. Rep. No. 595, at 409; *see Oneida*, 848 F.2d at 417 ("from the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case").

7.      A disclosure statement is intended to serve as the means to educate voting constituents, thereby enabling them to make informed judgments about whether to accept or to reject a plan of reorganization.  A disclosure statement hearing is not meant to address confirmation objections, for parties to present specialized discussions of their particularized needs and concerns or to require a debtor discuss its future plans vis-à-vis a particular constituency or creditor.  *See In re Monroe Well Serv., Inc.*, 80 B.R. 324, 333 n.10 (Bankr. E.D.Pa. 1987) (stating that deciding confirmation issues before disclosure may have a disenfranchising effect because the disclosure statement itself is not mailed to all creditors until after court approval is obtained); *In re Copy Crafters Quickprint*, 92 B.R. 973, 980 (Bankr. N.D.N.Y. 1988) ("[C]are must be taken to ensure that the hearing on the disclosure statement does not turn into a confirmation hearing, due process considerations are protected and objections are restricted to those defects that could not be cured by voting . . . .").

8.      Here, the Disclosure Statement complies with the statutory requirements of the Bankruptcy Code and should be approved.  Currently, the Disclosure Statement stands at 392 pages, including exhibits, comprising of comprehensive and extensive information that is both accurate and relevant to its purpose of enabling stakeholders to make an informed judgment about whether to vote to accept or reject the Plan.  The Disclosure Statement includes details

4

concerning the Debtors' businesses, descriptions of events leading to the filing of chapter 11, accounts of key developments during the course of the chapter 11 cases and all of the necessary details surrounding the Debtors' restructuring efforts.  *See* Motion at ¶ 12.

9.      Accordingly, the Debtors believe the original version of the Disclosure Statement filed on March 30, 2015 satisfied the requirements under section 1125 of the Bankruptcy Code. Nonetheless, certain Objections have sought clarifications or revisions to the Disclosure Statement, which the Debtors have sought to accommodate wherever practicable and appropriate, all as described in the Reply Charts.  Specifically, in response to the Disclosure Statement objections, the Debtors have added more than 200 substantial inserts as well as making numerous smaller clarifying changes or additions.  In light of the applicable legal standard, and as described in detail in the Reply Charts, the Debtors respectfully submit that the Disclosure Statement contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code necessary for holders of claims and interests voting on the Plan to cast informed votes regarding the Plan and should be approved.

**B.      The WARN Objection**

10.      The Debtors believe there is a global settlement that resolves the *Objection of Thomas Karaniewsky, Angela Rodriguez to Approval of the Debtors' Disclosure Statement Dated April 28, 2015* [Docket No. 476] (the "**WARN Objection**"), as reflected in the revised Disclosure Statement and Plan filed on May 12, 2015.  However, if that proves to be incorrect, the Debtors fully reserve all of their rights with respect to the WARN Objection and to revert to their pre-settlement posture.

5

**Conclusion**

11.     The Disclosure Statement contains adequate information.    The Disclosure

Statement should be approved, and the Debtors should be afforded the opportunity to proceed to

confirmation with respect to the Plan.


Dated:     May 13, 2015                    */s/ Elizabeth S. Justison*
            Wilmington, Delaware          **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
                                          Edmon L. Morton (No. 3856)
                                          Joseph M. Barry (No. 4221)
                                          Ryan M. Bartley (No. 4985)
                                          Elizabeth S. Justison (No. 5911)
                                          Rodney Square
                                          1000 North King Street
                                          Wilmington, Delaware 19801
                                          Tel:     (302) 571-6600
                                          Fax:     (302) 571-1253
                                          Email: emorton@ycst.com
                                                  jbarry@ycst.com
                                                  rbartley@ycst.com
                                                  ejustison@ycst.com

                                          -and-

                                          **DEBEVOISE & PLIMPTON LLP**
                                          M. Natasha Labovitz
                                          Jasmine Ball
                                          Craig A. Bruens
                                          919 Third Avenue
                                          New York, New York 10022
                                          Tel:     (212) 909-6000
                                          Fax:     (212) 909-6836
                                          Email: nlabovitz@debevoise.com
                                                  jball@debevoise.com
                                                  cabruens@debevoise.com

                                          *Co-Counsel for the Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Summary and Reply Chart**

***In re Altegrity, Inc.***
**Chapter 11 Case No. 15-10236 (LSS) (Jointly Administered)**
<u>**Summary of the Debtors' Responses to Objections to the Disclosure Statement**</u>[3]

<u>**Disclosure Statement Objections**</u>

**Objections**                                                                                                    **Page No.**

Response by James P. Fisher to the Notice of Hearing to Consider Adequacy of Disclosure Statement Dated April 15, 2015 *[Docket No. 388]* ..................................................................................................................... 9
Objection of Thomas Karaniewsky, Angela Rodriguez to Approval of the Debtors' Disclosure Statement Dated April 28, 2015 *[Docket No. 476]* ................................................................................................................ 9
Objection of Bank Alkhair B.S.C., Dar Al Arkan Real Estate Development Company to Disclosure Statement Dated April 28, 2015  *[Docket No. 477]* ........................................................................................................ 13
Letter Regarding Notice to Consider Adequacy of Disclosure Statement Dated April 29, 2015  *[Docket No. 509]* ............................ 14
Informal Comments from U.S. Trustee From April 29, 2015 .............................................................................. 15

---

[3]    Capitalized terms used but not otherwise defined in this Summary and Reply Chart have the meanings provided to such terms in the *Joint Chapter 11 Plan of Altegrity, Inc., et al.* [Docket No. 334] (as may be amended, supplemented or modified, the "**Plan**").

| Response by James P. Fisher to the Notice of Hearing to Consider Adequacy of Disclosure Statement Dated April 15, 2015 *[Docket No. 388]* | |
|---|---|
| **ITEM** **OBJECTION** | **RESPONSE** |
| **1.** The Debtors' should not be permitted to file for bankruptcy while Mr. Fisher's litigation is pending. | This is not an objection to the adequacy of information provided by the Disclosure Statement.<br><br>On May 12, 2015, Mr. Fisher informed counsel to the Debtors that he has no objections to the Disclosure Statement and has withdrawn his objection, which withdrawal was mailed to the Court. |

| Objection of Thomas Karaniewsky, Angela Rodriguez to Approval of the Debtors' Disclosure Statement Dated April 28, 2015 *[Docket No. 476]* | |
|---|---|
| **ITEM** **OBJECTION** | **RESPONSE** |
| **2.** The Plan does not provide for full payment of the "Other Priority Claims" and does not provide for a claims reserve and is therefor patently unconfirmable.<br><br>[Page 9-11; paragraphs 21-27]<br><br>[Page 13-17; paragraphs 39-53]<br><br>[Page 19; paragraphs 62-65] | The Debtors clarified the Plan treatment of priority wage claims by providing a new Section 2.3 "Priority Wage Claims" as a nonclassified class, in accordance with Section 1123(a)(1) of the Bankruptcy Code that clarifies treatment of any Priority Wage Claim and would require treatment of such claims in accordance with Section 1129(a)(9)(B)(ii).<br><br>There is no requirement in the Bankruptcy Code for a Debtor to provide a specific claims reserve.  The Debtors have provided procedures for resolution of claims and has designated pools of assets allocated for certain class distributions.  [See Plan pages 43-45, 55] [See Disclosure Statement pages 70-73, 83] |

9

| 3. | The Plan provides overly broad releases of Claims against the Debtors' current and former officers and directors as well as the Debtors' Consenting Interest Holders and their current and former officers and directors.<br><br>[Page 11-12; paragraphs 28-32] | This is not an objection to the adequacy of information provided by the Disclosure Statement, but, rather, is an issue properly reserved for confirmation.<br><br>Nevertheless, the Debtors have included the following clarification language to Section 9.3 of the Plan, which addresses specific claims requested by the objector in (3) below:<br><br>"Notwithstanding any other provision of this Plan, nothing in <u>Section 9.2</u> or this <u>Section 9.3</u> discharges or releases (1) US Investigations Services, LLC from any liability resulting from claims brought in the case *United States of America, ex rel., Blake Percival v. U.S. Investigations Services, LLC*, Case 14-cv-00726-RMC (D.C. Cir.) that are determined to be non-dischargeable under Section 1141(d)(6)(A) of the Bankruptcy Code, (2) Kroll Associates U.K. Limited from any liability resulting from claims brought by Dar Al Arkan Real Estate Development Company and Bank Alkhair BSC in the case *Dar Al Arkan Real Estate Development Company and Bank Alkhair BSC v. Majid Al-Sayed Bader Hashim Al Refai, Kroll Associates U.K. Limited, Alexander Richardson and FTI Consulting Group Limited*, [2014] EWCA Civ 749, which case is more fully described in Section IX.C of the Disclosure Statement, or (3) the Specified Litigation Claims or the Specified Avoidance Actions." [See Plan page 59] [See Disclosure page 87]<br><br>The Debtors will defend the releases at the Confirmation Hearing, and the Debtors reserve the right to make appropriate changes to the Plan to the extent the Court does not approve the releases. |

10

| 4. | The Disclosure Statement does not directly address whether and the extent to which avoidance actions and commercial tort claims will be encumbered by liens.<br><br>[Page 12-13; paragraphs 33-38]<br><br>[Page 23; paragraphs 81-82] | The Debtors have clarified the treatment of liens on avoidance actions with the following additional language:<br><br>(a)  Section 3.3(d)(v) of the Plan:  "*Second Lien Avoidance Action Liens:*  As part of the settlements and compromises set forth in the Plan, holders of Class A4 Claims will agree to waive, and shall be conclusively deemed to have waived, their Second Lien Avoidance Action Liens with respect to the Operating Debtors." [See Plan page 25] [See Disclosure Statement page 51]<br><br>(b)  Section 3.3(e)(v) of the Plan:  "*Third Lien Avoidance Action Liens:*  As part of the settlements and compromises set forth in the Plan, holders of Class A5 Claims will agree to waive, and shall be conclusively deemed to have waived, their Third Lien Avoidance Action Liens with respect to the Operating Debtors." [See Plan page 25] [See Disclosure Statement page 51]<br><br>(c)  Section 3.3(p)(v) of the Plan:  "*Second Lien Avoidance Action Liens:*  As part of the settlements and compromises set forth in the Plan, if the Creditors' Committee and the members of the Creditors' Committee do not object to Confirmation of the Plan, holders of Class B4 Claims will waive, and shall be conclusively deemed to have waived, their Second Lien Avoidance Action Liens with respect to the Specified Avoidance Actions. For the avoidance of doubt, if the Creditors' Committee, or any member of the Creditors' Committee in any capacity, objects to, or otherwise opposes, Confirmation of the Plan, the holders of Class B4 Claims will *not* waive the Second Lien Avoidance Action Liens with respect to the Specified Avoidance Actions and, until all Secured Second Lien Notes Claims against the Liquidating Debtors have been satisfied in full, shall be entitled to assert any and all rights with respect to such Specified Avoidance Actions on account of the Second Lien Avoidance Action Liens." [See Plan page 30] [See Disclosure Statement page 58]<br><br>(d)  Section 3.3(q)(v) of the Plan:  "*Third Lien Avoidance Action Liens:*  As part of the settlements and compromises set forth in the Plan, if the Creditors' Committee and the members of the Creditors' Committee do not object to Confirmation of the Plan, holders of Class B5 Claims will waive, and shall be conclusively deemed to have waived, their Third Lien Avoidance Action Liens with respect to the Specified Avoidance Actions. For the avoidance of doubt, if the Creditors' Committee, or any member of the Creditors' Committee in any capacity, objects to, or otherwise opposes, Confirmation of the Plan, the holders of Class B5 Claims will *not* waive the Third Lien Avoidance Action Liens with respect to the Specified Avoidance Actions and, until all Secured Third Lien Notes |

| | | |
|---|---|---|
| | | Claims against the Liquidating Debtors have been satisfied in full, shall be entitled to assert any and all rights with respect to such Specified Avoidance Actions on account of the Third Lien Avoidance Action Liens." [See Plan page 31] [See Disclosure Statement page 59] |
| **5.** | No proper purpose is served by the solicitation of members of Class B6.<br><br>[Page 17-18; paragraphs 54-61] | The Debtors have removed the Priority Wage Claims from Class B6 (see 2 above).<br><br>The Debtors believe the remaining members of Class B6 (if any) may be permitted to vote on the Plan. |
| **6.** | The Disclosure Statement does not contain adequate information concerning the conduct of the Liquidating Debtors, potential claims arising from such conduct, and the basis of releasing such claims.<br><br>[Page 20; paragraphs 66-80] | To the extent that this objection raises an issue of the propriety of conduct of the Debtors, this is not an objection to the adequacy of information provided in the Disclosure Statement, but is, rather, the objecting party's litigation position. |

| ITEM | OBJECTION | RESPONSE |
|---|---|---|

**Objection of Bank Alkhair B.S.C., Dar Al Arkan Real Estate Development Company to Disclosure Statement Dated April 28, 2015** *[Docket No. 477]*

| ITEM | OBJECTION | RESPONSE |
|---|---|---|
| **7.** | The non-debtor releases are overly broad to the extent that they would release claims against non-debtor entities.<br><br>[Pages 1-2, 4-6] | This is not an objection to the adequacy of information provided by the Disclosure Statement, but, rather, is an issue properly reserved for confirmation.<br><br>Nevertheless, the Debtors have included the following clarification language to Section 9.3 of the Plan:<br><br>"Notwithstanding any other provision of this Plan, nothing in Section 9.2 or this Section 9.3 discharges or releases (1) US Investigations Services, LLC from any liability resulting from claims brought in the case *United States of America, ex rel., Blake Percival v. U.S. Investigations Services, LLC*, Case 14-cv-00726-RMC (D.C. Cir.) that are determined to be non-dischargeable under Section 1141(d)(6)(A) of the Bankruptcy Code, (2) Kroll Associates U.K. Limited from any liability resulting from claims brought by Dar Al Arkan Real Estate Development Company and Bank Alkhair BSC in the case *Dar Al Arkan Real Estate Development Company and Bank Alkhair BSC v. Majid Al-Sayed Bader Hashim Al Refai, Kroll Associates U.K. Limited, Alexander Richardson and FTI Consulting Group Limited*, [2014] EWCA Civ 749, which case is more fully described in Section IX.C of the Disclosure Statement, or (3) the Specified Litigation Claims or the Specified Avoidance Actions." [See Plan page 59] [See Disclosure page 87]<br><br>The Debtors have been authorized to represent that the above addition resolves the objection, subject to a reservation of rights of the objecting parties to raise similar issues at Confirmation.<br><br>The Debtors will defend the releases at the Confirmation Hearing, and the Debtors reserve the right to make appropriate changes to the Plan to the extent the Court does not approve the releases. |
| **8.** | The Disclosure Statement does not adequately set forth the justification for the third party releases contemplated by the Plan.<br><br>[Pages 6-8] | See 8 above. |

| Letter Regarding Notice to Consider Adequacy of Disclosure Statement Dated April 29, 2015 [Docket No. 509] | | |
|---|---|---|
| **ITEM** | **OBJECTION** | **RESPONSE** |
| **9.** | Mr. Taylor needs more time to find an attorney to confirm that this bankruptcy filing has nothing to do with Mr. Taylor's divorce or Mr. Taylor's prior debts. | This is not an objection to the adequacy of information provided by the Disclosure Statement.<br><br>The Debtors have discussed the process with the objecting party, whose primary concern was that he or his family was "in trouble." Mr. Taylor does not plan on attending the hearing. |

14

| Informal Comments from U.S. Trustee From April 29, 2015 | | |
| --- | --- | --- |
| **ITEM** | **OBJECTION** | **RESPONSE** |
| **10.** | Informal comments received from the U.S. Trustee relating to setoff, recoupment, disclosure of releases, voting procedures and final fees.<br><br>Certain other informal comments have been reserved for the Confirmation Hearing. | The Debtors addressed the U.S. Trustee's informal comments related to the Disclosure Statement and the Solicitation Procedures by making the following changes:<br><br>a.  Paragraph 27(o) of the Solicitation Order was modified to state that if there are no votes to accept or reject the Plan with respect to a class of claims entitled to vote, the Debtors will request at the Confirmation hearing that the Court deem such class to have voted to accept the Plan. [See Solicitation Order page 13]<br><br>b.  The order authorizes service by electronic mail.<br><br>c.  The period to respond to a Motion to Determine has been adjusted to 7 business days and service of such motion to overnight mail.<br><br>d.  Paragraph 8 of the Solicitation Order was modified to clarify that if parties vote electronically, any paper ballot submitted will not be counted. [See Solicitation Order page 6]<br><br>e.  Section 2.1(b)(1) of the Plan was adjusted to clarify that final fee applications will be filed. [See Plan page 19] [See Disclosure Statement page 46]<br><br>f.  The Plan was modified to reflect (a) preservation of setoff and recoupment rights are not extinguished for third parties [Sections 7.8], (b) clarification of payment and filing of quarterly post-confirmation reports and fees [Section 2.4], (c) clarification of the exculpation provision [Section 9.4]. [See Plan pages 51, 21 and 59] [See Disclosure Statement pages 79, 48, 87-88] |

1000749817v3