IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ALTEGRITY, INC., *et. al.,* | ) | Case No. 15-10226 (LSS) |
| | ) | |
| Debtors[1]. | ) | Jointly Administered |
| | ) | |
| | ) | Hearing Date: July 15, 2015 at 10 a.m. (ET) |
| | ) | Objection Deadline: June 30 , 2015 at 4 p.m. (ET) |
| | ) | (with consent) |
| | ) | |
| | ) | Re: D.I.  572 & 573 |

**RESPONSE BY BUS DRIVER PLAINTIFFS TO: (A)
DEBTORS' SECOND OMNIBUS OBJECTION TO CERTAIN CLAIMS RELATED TO
PENDING LITIGATION (SUBSTANTIVE)  AND (B) DEBTORS' MOTION FOR
ENTRY OF AN ORDER AUTHORIZING A LIMITED WAIVER OF THE
REQUIREMENTS OF LOCAL RULE 3007-1(F)(I) WITH RESPECT TO THE
DEBTORS' SECOND MOTION TO CERTAIN CLAIMS RELATED TO PENDING
LITIGATION (SUBSTANTIVE)**

The approximately 1,100 bus driver plaintiffs in twenty-four (24) separate but related coordinated civil actions (collectively, the "Bus Driver Plaintiffs or "Plaintiffs") against, *inter alia,* Debtors HireRight, Inc. and HireRight Solutions, Inc., pending before the Los Angeles Superior Court, Judicial Council Coordination Proceeding No. 4624, in an action styled *First Student, Inc. Cases* (the "California Action"), by and through their undersigned counsel, hereby

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Altegrity, Inc. (9985); Albatross Holding Company, LLC (2688); Albatross Marketing and Trading, LLC (8643); Altegrity Acquisition Corp. (1480); Altegrity Holding Corp. (1481); Altegrity Risk International LLC (6350); Altegrity Security Consulting, Inc. (5452); CVM Solutions, LLC (9526); D, D & C, Inc. (9552); Engenium Corporation (2269); FDC Acquisition, Inc. (2387); HireRight Records Services, Inc. (1944); HireRight Solutions, Inc. (8954); HireRight Technologies Group, Inc. (1660); HireRight, Inc. (5016); John D. Cohen, Inc. (1738); KCMS, Inc. (0085); KIA Holding, LLC (1333); Kroll Associates, Inc. (6880); Kroll Background America, Inc. (4830); Kroll Crisis Management Group, Inc. (3811); Kroll Cyber Security, Inc. (2393); Kroll Factual Data, Inc. (9911); Kroll Holdings, Inc. (4648); Kroll Inc. (1019); Kroll Information Assurance, Inc. (2283); Kroll Information Services, Inc. (2381); Kroll International, Inc. (1243); Kroll Ontrack Inc. (1650); Kroll Recovery LLC (7082); Kroll Security Group, Inc. (5514); National Diagnostics, Inc. (7132); Ontrack Data Recovery, Inc. (3148); Personnel Records International, LLC (0716); The Official Information Company (1805); US Investigations Services, LLC (9260); USIS International, Inc. (3617); and USIS Worldwide, Inc. (4258).  The location of the Debtors' corporate headquarters is 600 Third Avenue, 4th Floor, New York, NY 10016.

{00016227. }

submit this response to the: (a) Debtors' Second Omnibus Objection to Certain Claims Related to Pending Litigation (**Substantive**) (the "Objection" or "Obj.")[2] (**emphasis** added) and (b) Debtors' Motion for a Limited Waiver of Local Rule 3007-1(f)(i), and respectfully state as follows:

## Preliminary Statement

1. The Objection was filed on May 29, 2015 and is asserted against over more than 2,000 proofs of claims filed by the Bus Drivers. The Objection sets June 12, 2015 as the response deadline which means, allowing three (3) days for mailing, the Debtors were giving the Bus Drivers only nine (9) calendar days to respond. Accordingly, the Objection does not comply with Bankruptcy Rule 3007 which requires that claim objections be on thirty (30) days' notice. After the Bus Drivers were forced to retain Delaware counsel, the response deadline was extended only to June 30, 2015, which is still less than notice the Bankruptcy Rules provide.

2. The Objection itself is not a model of clarity. Although it is clear that the Obj. seeks to disallow claims for purposes of voting, it is not clear what temporarily disallowed for "allowances purposes" means. Proposed Order at ¶2.

## Relevant Background

*Summary of the California Action*

3. There are 24 consolidated cases currently pending in the California Action. The defendants in the *In re: First Student Cases* are First Student, Inc., its affiliate First Transit, Inc., and debtors HireRight, Inc. and HireRight Solutions, Inc. (First Student, Inc. and First Transit, Inc. are collectively referred to hereafter as "First"; HireRight, Inc. and HireRight Solutions, Inc. are collectively referred to hereafter as "HireRight").

---

[2] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Objection.

{00016227. }                                          2

4.     The Bus Driver Plaintiffs' cases arise out of mass background checks conducted on tens of thousands of employees following a 2007 merger between First and another major school bus company.  The background checks were prepared by HireRight under the terms of written contracts with First.  The Bus Driver Plaintiffs allege that First and HireRight violated a California statue, the Investigative Consumer Reporting Agencies Act ("<u>ICRAA</u>"), by conducting those background checks without the notice and consent ICRAA requires.

5.     On December 18, 2013, the Superior Court granted First's and HireRight's motions for summary judgment as to certain bellwether plaintiffs, ruling that ICRAA is unconstitutionally void for vagueness.

6.     Plaintiffs appealed the decision in the California Action (the "<u>Appeal</u>").  The Appeal is proceeding against defendants First Student and First Transit and is scheduled for oral argument on July 10, 2015 before the California Court of Appeal, Second Appellate District, Division Four.

7.      Of the original 1,100 Bus Driver Plaintiffs, approximately seven (700) hundred recently accepted initial offers to compromise from defendants First.  Additional steps are required to finalize the settlements, including executing requests for dismissal and general releases. The remaining approximately 400 Bus Driver Plaintiffs have not settled.  Each asserts a claim against HireRight under ICRAA, for the greater of their statutory or actual damages, with each claim not to exceed $75,000 including actual damages, statutory damages ($10,000 per violation), punitive damages, interest, pro rata shares of attorneys' fees, pro rata shares of costs, and any form of equitable relief (collectively, the "<u>Bus Driver Claims</u>").

8.     Debtor HireRight filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code on February 8, 2015 and by virtue of the bankruptcy filing the California

Appeal as against HireRight only was stayed. (Pending resolution of the Appeal, the non-bellwether Bus Driver Plaintiffs' cases are stayed in the Superior Court as to First and HireRight).

### Response to Objection

9. The relief requested by the Objection should be denied in its entirety and the proposed Order should not be entered for the following reasons:

- This Court lacks jurisdiction to adjudicate the Bus Driver Claims pending in the California Action and may not enter the proposed Order that such claims be "temporarily disallowed for purposes of voting on the Plan and for allowance purposes." Proposed Order at ¶2. Alternatively, this Court lacks Constitutional authority to enter the proposed Order. *Stern v. Marshall*, 131 S. Ct. 2594 (2011). The Debtors recognize this, conceding that "the pending litigation disputes with respect to … [the Bus Driver Claims] may be resolved in the appropriate forum. Obj. at ¶15. In any event, this Court cannot sit as an appeals court with respect to the California Action.

- The Objection is not a core proceeding, proposed Order at ¶A, because the Bus Driver Claims do not arise under the Bankruptcy Code and exist without regard to these bankruptcy cases.

- Contrary to proposed Order at ¶C, and as described above, the Obj. violates the Bankruptcy Rules and the Bus Drivers were not afforded a reasonable opportunity to respond with respect to the Objection.

- The facts set forth in the Declaration in Support of Debtor's Second Omnibus Objection to Certain Claims Related to Pending Litigation (Substantive) are disputed.  Proposed Order at ¶D.

- Exhibit A to the Proposed Order inaccurately characterizes some claims, listing their value at $0.00. None of the Bus Driver Plaintiffs filed proofs of claims in the amount of $0.00. Certain Bus Driver Plaintiffs with actual damages resulting from termination as a result of violation of ICRAA filed proof-of-claim forms listing the amounts of claims as "Undetermined," with additional detail describing their known damages found in their supporting declarations.  Each such claim listed for $0.00 in Exhibit A is in fact for an amount in excess of $10,000. (*See* Bus Driver Plaintiffs' proofs of claim and supporting declarations. Per Del. Bankr. L. R. 3007-1(e)(iv), the Debtors are required to file with the Court copies of all proofs of claim that are the basis the substantive objections at issue here, along with all attachments.)

-  Proposed Order ¶¶ 5-7 are objectionable.  The Bus Driver Plaintiffs filed proofs of claims under compulsion of this Court's bar date order to avoid the forfeiture of valuable rights.  The Bus Driver Plaintiffs do not knowingly or voluntarily consent to this Court's power or authority to adjudicate their claims or rights and it would be a violation of Article III of the Constitution for this Court to do so on a final basis.

10.   Finally, the Bus Driver Claimants object to the request for a waiver of LR 3007-1(f)(i). The Obj. seeks to expand the number of claims objected to, on a substantive basis, from 150, as permitted by the LR, <u>to over 2,000</u>.  The sheer logistics of coordinating responses to that

magnitude of claims, including communications with that many claimholders, justifies denial of the waiver requested.

## Reservation of Rights

11. Plaintiffs reserve all rights to further respond to the Objection on other and different grounds than set forth above.

## Conclusion

**WHEREFORE**, the Plaintiffs respectfully request that the Court deny the relief requested by the Objection and grant such other and further relief as is just and proper.

Dated: June 26, 2015
       Wilmington, Delaware

Respectfully Submitted,

*/s/ Frederick B. Rosner*
Frederick B. Rosner (#3995)
**THE ROSNER LAW GROUP LLC**
824 N. Market Street, Suite 810
Wilmington, DE 19801
Telephone: (302) 777-1111
rosner@teamrosner.com

- and -

**LEWIS, FEINBERG, LEE & JACKSON, P.C.**

Catha Worthman
476 9th Street
Oakland, CA 94607
Telephone: 510-839-6824

*Counsel to Bus Driver Plaintiffs*