**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ALTEGRITY, INC., *et al.*,[1]<br><br>                          Debtors. | Chapter 11<br><br>Case No. 15-10226 (LSS)<br><br>Jointly Administered<br><br>**Response Deadline: August 25, 2015 at 4:00 p.m. (EST)**<br>**Hearing Date: September 17, 2015 at 10:00 a.m. (EST)** |

**DEBTORS' THIRD OMNIBUS OBJECTION TO CERTAIN DUPLICATE CLAIMS
(SUBSTANTIVE)**

Altegrity, Inc. ("**Altegrity**") and its above-captioned debtors and debtors in possession

(each, a "**Debtor**" and, collectively, the "**Debtors**") file this third omnibus objection (the

"**Objection**") to the claims listed on **Exhibit A** annexed to the proposed order attached hereto as

**Exhibit 1** (the "**Proposed Order**"), which exhibit is incorporated herein by reference, and seek

entry of an order, substantially in the form attached hereto as **Exhibit 1**, reclassifying such

claims against the proper Debtor entity and expunging and disallowing such claims in their

entirety as duplicative of another proof of claim.  In support of this Objection, the Debtors rely

on the *Declaration of Gregg D. Freeman in Support of the Debtors' Third Omnibus Objection to*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Altegrity, Inc. (9985); Albatross Holding Company, LLC (2688); Albatross Marketing and Trading, LLC (8643); Altegrity Acquisition Corp. (1480); Altegrity Holding Corp. (1481); Altegrity Risk International LLC (6350); Altegrity Security Consulting, Inc. (5452); CVM Solutions, LLC (9526); D, D & C, Inc. (9552); Engenium Corporation (2269); FDC Acquisition, Inc. (2387); HireRight Records Services, Inc. (1944); HireRight Solutions, Inc. (8954); HireRight Technologies Group, Inc. (1660); HireRight, Inc. (5016); John D. Cohen, Inc. (1738); KCMS, Inc. (0085); KIA Holding, LLC (1333); Kroll Associates, Inc. (6880); Kroll Background America, Inc. (4830); Kroll Crisis Management Group, Inc. (3811); Kroll Cyber Security, Inc. (2393); Kroll Factual Data, Inc. (9911); Kroll Holdings, Inc. (4648); Kroll Inc. (1019); Kroll Information Assurance, Inc. (2283); Kroll Information Services, Inc. (2381); Kroll International, Inc. (1243); Kroll Ontrack Inc. (1650); Kroll Recovery LLC (7082); Kroll Security Group, Inc. (5514); National Diagnostics, Inc. (7132); Ontrack Data Recovery, Inc. (3148); Personnel Records International, LLC (0716); The Official Information Company (1805); US Investigations Services, LLC (9260); USIS International, Inc. (3617); and USIS Worldwide, Inc. (4258).  The location of the Debtors' corporate headquarters is 600 Third Avenue, 4th Floor, New York, NY 10016.

*Certain Duplicate Claims (Substantive)* (the "**Declaration**"), filed contemporaneously herewith.

In further support of this Objection, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.       This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.       Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.       The statutory bases for the relief requested herein are section 502 of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the *General Order Regarding Applicability of Rule 3007(c) of the Amended Federal Rules of Bankruptcy Procedure*, dated November 27, 2007 (the "**Rule 3007(c) General Order**").

## BACKGROUND

4.       On February 8, 2015 (the "**Commencement Date**"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  Each Debtor is authorized to continue to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.       On February 10, 2015, an order was entered directing procedural consolidation and joint administration of these chapter 11 cases.

6.      On February 24, 2015, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Creditors' Committee**").  No trustee or examiner has been appointed in these chapter 11 cases.

7.      On March 20, 2015, the Debtors filed their Schedules of Assets and Liabilities and Statements of Financial Affairs [Docket Nos. 240-247, 249-310 and 312-317] (the "**Original Schedules**") and on April 22, 2015, the Debtors filed their Amended Schedules of Assets and Liabilities and Statements of Financial Affairs [Docket Nos. 418-454] (the "**Amended Schedules,**" and, together with the Original Schedules, the "**Schedules**").

8.      On March 20, 2015, the Court entered the *Order (A) Establishing Bar Dates for Filing Proofs of Claim and (B) Approving the Form and Manner of Notice Thereof* [Docket No. 238] (the "**Bar Date Order**"), establishing April 30, 2015 (the "**General Bar Date**") as the last date for all creditors other than governmental units holding a claim (as such term is defined in section 101(5) of the Bankruptcy Code, a "**Claim**") against one or more of the Debtors, and establishing August 7, 2015 (the "**Governmental Bar Date**") as the last date for all governmental units holding a Claim against one of the Debtors to file and serve a written proof of claim for payment of any such Claim.  Notice of the General Bar Date and the Governmental Bar Date was provided by mail and publication in accordance with the procedures outlined in the Bar Date Order.

9.      On March 30, 2015, the Debtors filed (i) the Joint Chapter 11 Plan of Altegrity, Inc., *Et Al.* [Docket No. 334], (ii) the Disclosure Statement for the Joint Chapter 11 Plan of Altegrity, Inc. *Et. Al.* [Docket No. 335] and (iii) the *Debtors' Motion for Order Approving the Disclosure Statement and Granting Related Relief* [Docket No. 338].  On May 12, 2015, the Debtors filed (i) a revised Joint Chapter 11 Plan of Altegrity, Inc., *Et Al.* [Docket No. 515] and

01:17494093.1

(ii) a revised Disclosure Statement for the Joint Chapter 11 Plan of Altegrity, Inc. *Et. Al.* [Docket No. 516]. On May 15, 2015, the Court entered an order approving the Disclosure Statement [Docket No. 528] and on May 16, 2015, the Debtors filed (i) a revised Joint Chapter 11 Plan of Altegrity, Inc., *Et Al.* [Docket No. 532] (as amended, modified or supplemented from time to time, the "**Plan**") and (ii) a revised Disclosure Statement for the Joint Chapter 11 Plan of Altegrity, Inc. *Et. Al.* (including all exhibits thereto and as amended, modified or supplemented from time to time, the "**Disclosure Statement**") [Docket No. 533]. A hearing to consider confirmation of the Plan is scheduled to commence on August 14, 2015, and, if the Plan is confirmed, the Debtors anticipate consummating the Plan shortly thereafter.

10.     Additional information regarding the Debtors' history and business operations, their corporate and capital structure, and the events leading up to the commencement of the Debtors' chapter 11 cases is set forth in greater detail in the *Declaration of Jeffrey Campbell, President and Chief Financial Officer of Altegrity, Inc., in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 15] and is incorporated by reference herein.

<b><u>CLAIMS RESOLUTION PROCESS</u></b>

11.     The Debtors maintain books and records that reflect, among other things, the Debtors' liabilities and the amounts thereof owed to their creditors, including any legal claims pending against them.

12.     As of the date hereof, the Debtors' claims register, prepared and provided by the Debtors' Claims agent, Prime Clerk, reflects that more than 4,500 proofs of claim have been filed in these chapter 11 cases asserting Claims against the Debtors. The Debtors and their advisors have been comprehensively reviewing and reconciling Claims, including both the Claims listed on the Schedules and the Claims asserted in the proofs of claim (including any

supporting documentation) filed in the chapter 11 cases.  The Debtors have also been comparing the Claims asserted in the proofs of claim with their books and records to determine the validity of the asserted Claims.

13.     As a part of the Debtors' claims reconciliation process, the Debtors and their advisors have identified the Claims listed on **Exhibit A** to the Proposed Order (each a "**Duplicate Claim**") filed by Earl Wheeler (the "**Claimant**") as to which an objection is appropriate.  The Duplicate Claims are the subject of a pending civil action in the United States District Court for the Southern District of California.  Specifically, as set forth in the Declaration, Debtor HireRight, Inc. ("**HireRight**") was named as a defendant in a purported class action complaint filed with the Superior Court for the State of California, County of San Diego, Central Division on May 24, 2013 and captioned *Blanca Watkins, individually, on behalf of other similarly situated individuals, and on behalf of the general public v. HireRight, Inc.*, Case No. 37-2013-00050017-CU-OE-CTL (the "**Watkins Class Action**").  On or about June 19, 2013, HireRight removed the case to the United States District Court for the Southern District of California, where it was assigned Case No. 3:13-cv-01432.  On or about March 19, 2014, Blanca Watkins filed an amended class action complaint (the "**Watkins Complaint**"), a copy of which is attached to this Objection as **Exhibit 2**, adding named plaintiff Spencer Hoyt.

14.     The Watkins Class Action plaintiffs have alleged violations of the Fair Credit Reporting Act (the "**FCRA**") for: (a) reporting obsolete dismissed charges in violation of 15 U.S.C. § 1681c(a) and (5); (b) assisting employers in violating California EEOC laws by reporting dismissed charges pursuant to California Penal Code § 1203.4 in violation of the FCRA prohibition on the provision of reports that violate state law (15 U.S.C. §§ 1681b(b)(1)(a)(ii) and 1681e(a)); and (c) failing to provide consumers a full file disclosure on

01:17494093.1

5

request (15 U.S.C. § 1681g(a)(1)).  On July 21, 2014, the Watkins Class Action plaintiffs filed

their motion for class certification, seeking to certify only one of their three claims.  By

settlement agreement dated January 30, 2015, the Watkins Class Action plaintiffs and HireRight

agreed to a settlement totaling up to $1,584,000.  On or about January 30, 2015, the Watkins

Class Action plaintiffs filed with the district court a motion for preliminary approval of the

settlement agreement.

15.     The Claimant is a member of the Watkins Class Action class.  The Claimant has

asserted a Claim in connection with the Watkins Class Action against HireRight (Claim No. 811)

(the "**HireRight Claim**").  The Debtors do not object to the HireRight Claim at this time (but

reserve the right to object to such Claim in the future).  Rather, the Debtors object to the 37 other

nearly identical Duplicate Claims filed by the Claimant against each of the other Debtor entities

in these chapter 11 cases because the Duplicate Claims and the Watkins Complaint fail to set

forth any basis for asserting such Claims against any Debtor other than HireRight.  Accordingly,

each the Duplicate Claims is asserted against the wrong Debtor and should be reclassified as

against HireRight.  Further, each of the Duplicate Claims, so reclassified, should be expunged as

duplicative of the HireRight Claim.

## RELIEF REQUESTED

16.     By this Objection, the Debtors object to the Duplicate Claims set forth on **Exhibit
A** annexed to the Proposed Order and, for the reasons described below, seek entry of the

Proposed Order, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rules 3007 and

9014, and Local Rule 3007-1, reclassifying, disallowing and expunging the Duplicate Claims for

the reasons stated herein and in such exhibit.[2]

---

[2]     Debevoise & Plimpton LLP ("**Debevoise**") has performed conflicts searches and has determined that Debevoise has not represented, and does not currently represent, the Claimant in any matters.

17.     As set forth in the Declaration, the Debtors' advisors have reviewed the Duplicate Claims and all supporting information and documentation provided therewith (if any) and have determined that the Duplicate Claims should be reclassified as against HireRight and, so reclassified, are duplicative of the HireRight Claim.  Failure to reclassify, disallow and expunge the Duplicate Claims could result in the claimant receiving multiple recoveries against the Debtors, to the detriment of other similarly-situated creditors. Moreover, elimination of the Duplicate Claims will enable the Debtors to maintain a more accurate claims register. Accordingly, the Debtors request that the Court enter the Proposed Order reclassifying, expunging and disallowing the Duplicate Claims identified on **Exhibit A** annexed to the Proposed Order.  This objection does not affect the HireRight Claim; however, the Debtors maintain the right to object to the HireRight Claim on any applicable grounds.

## BASIS FOR RELIEF

18.     A filed proof of claim is deemed allowed unless a party in interest objects thereto. See 11 U.S.C. § 502(a); see also id. § 1111(a) ("A proof of claim . . . is deemed filed under section 501 of this title for any claim . . . that appears in the schedules . . . except a claim . . . that is scheduled as disputed, contingent, or unliquidated.").  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate validity of the claim.  In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d. Cir. 1992).

19.     Following a thorough review of their claims, the Debtors have determined that the Duplicate Claims identified on **Exhibit A** annexed to the Proposed Order should be reclassified as against Debtor HireRight and expunged as duplicative of the HireRight Claim.

20.     For the reasons set forth herein and in the Declaration, the Court should reclassify, disallow and expunge the Duplicate Claims as requested herein.  If the Duplicate

01:17494093.1

Claims are not formally reclassified and disallowed or expunged, the potential exists for the claimant to receive recoveries to which he is not entitled, to the detriment of the Debtors' other stakeholders, or for the process of claims administration and reconciliation to be unnecessarily burdensome. Thus, the relief requested herein is necessary to prevent any inappropriate distribution of estate funds and to facilitate the administration of the claims allowance process.

## SEPARATE CONTESTED MATTERS

21.     To the extent that a response is filed regarding any Claim listed in the Objection and the Debtors are unable to resolve the response, each such Claim, and the objection by the Debtors to each such Claim asserted herein, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court regarding the Objection shall be deemed a separate order with respect to each Claim.

## RESPONSES TO OMNIBUS OBJECTION

22.     To contest this Objection, the Claimant must file and serve a written response to this Objection so that it is received no later than 4:00 p.m., prevailing Eastern Time, on August 25, 2015 (the "**Response Deadline**").  Any response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware:  824 Market Street, Wilmington, Delaware 19801, and served upon the following entities, so that the response is received no later than the Response Deadline, at the following addresses:

Debevoise & Plimpton LLP
919 Third Avenue
New York, New York 10022
Attn:  M. Natasha Labovitz, Jasmine Ball and Craig A. Bruens

-and-

Young Conaway Stargatt & Taylor, LLP
1000 North King Street
Wilmington, Delaware 19801

01:17494093.1

Attn:  Edmon L. Morton, Joseph M. Barry and Ryan M. Bartley

23.    Any response to this Objection must contain at a minimum the following information:

a.   A caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the Objection to which the response is directed;

b.   The name of the Claimant, his or her Claim number, and a description of the basis for the amount and validity of the Claim;

c.   The specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

d.   Any supporting documentation, to the extent it was not included with the proof of claim previously filed with the clerk or Prime Clerk, upon which the party will rely to support the basis for and amounts asserted in the proof of claim; and

e.   The name, address, telephone number, and fax number of the person(s) (which may be the Claimant or the Claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the Claim or the Objection and who possesses authority to reconcile, settle, or otherwise resolve this Objection to the disputed Claim on behalf of the Claimant.

24.    If a Claimant fails to file and serve a timely response by the Response Deadline, the Debtors may present to the Court an appropriate order granting the relief requested herein, without further notice to the affected Claimant or a hearing.

## REPLIES TO RESPONSES

25.    Consistent with Local Rule 9006-1(d), the Debtors may, at their option, file and serve a reply to a response no later than 4:00 p.m., prevailing Eastern Time, one day prior to the deadline for filing the agenda on any hearing to consider the Objection.

## RESERVATION OF RIGHTS

26.    The Debtors hereby reserve the right to object in the future to the HireRight Claim or any of the proofs of claim listed in this Objection or on the exhibits attached hereto on any ground, and to amend, modify, and/or supplement this Objection, including, without limitation,

01:17494093.1

to object to amended or newly-filed Claims.  Separate notice and hearing will be scheduled for any such objection.

## NOTICE

27.    Notice of the filing of this Objection has been provided to:  (i) the U.S. Trustee; (ii) counsel to the Creditors' Committee; (iii) counsel to the agent for the Debtors' prepetition secured credit facility; (iv) the indenture trustee for each of the Debtors' outstanding bond issuances; (v) counsel to the *ad hoc* group of first lien debt holders; (vi) counsel to the *ad hoc* group of second and third lien noteholders and debtor-in-possession lenders; (vii) counsel to certain equity holders of Debtor Altegrity Holding Corp.; (viii) the Internal Revenue Service; (ix) the United States Attorney for the District of Delaware; (x) the United States Office of Personnel Management; (xi) all persons and entities that have filed a request for service of filings in these chapter 11 cases pursuant to Bankruptcy Rule 2002; and (xii) the Claimant asserting the Duplicate Claim and his counsel (if any).  A copy of the Objection has been made available on the   website   of   the   Debtors'   notice   and   claims   agent,   Prime   Clerk,   at https://*cases.primeclerk.com/Altegrity*.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## COMPLIANCE WITH LOCAL RULE 3007-1

28.     To the best of the Debtors' knowledge and belief, this Objection and related

**Exhibit A** annexed to the Proposed Order comply with Local Rule 3007-1 and the Rule 3007(c)

General Order.   To the extent that this Objection does not comply in all respects with the

requirements of Local Rule 3007-1 or the Rule 3007(c) General Order, the Debtors believe such

deviations are not material and respectfully request that any such requirement be waived.

01:17494093.1

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter the Proposed Order,

substantially in the form attached hereto as **Exhibit 1**, and grant such other and further relief as

this Court deems just and proper.

Dated:    August 12, 2015          */s/ Joseph M. Barry*
        Wilmington, Delaware     **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
                           Edmon L. Morton (No. 3856)
                           Joseph M. Barry (No. 4221)
                           Ryan M. Bartley (No. 4985)
                           Rodney Square
                           1000 North King Street
                           Wilmington, Delaware 19801
                           Tel:    (302) 571-6600
                           Fax:    (302) 571-1253
                           Email: emorton@ycst.com
                                  jbarry@ycst.com
                                  rbartley@ycst.com

                           -and-

                           **DEBEVOISE & PLIMPTON LLP**
                           M. Natasha Labovitz
                           Jasmine Ball
                           Craig A. Bruens
                           919 Third Avenue
                           New York, New York 10022
                           Tel:    (212) 909-6000
                           Fax:    (212) 909-6836
                           Email: nlabovitz@debevoise.com
                                  jball@debevoise.com
                                  cabruens@debevoise.com

                         *Co-Counsel for the Debtors and Debtors in Possession*