**EXHIBIT 2**

**Watkins Complaint**

THE LAW OFFICES OF DEVIN H. FOK
Devin H. Fok (SBN #256599)
devin@devinfoklaw.com
P.O. Box 7165
Alhambra, CA 91802-7165
Phone: (310) 430-9933
Fax: (323) 563-3445

A NEW WAY OF LIFE REENTRY PROJECT
Joshua E. Kim (SBN #257260)
joshua@anewwayoflife.org
958 E 108th Street
Los Angeles, CA 90059
Phone: (323) 563-3575
Fax: (323) 563-3445

NICHOLS KASTER, PLLP
E. Michelle Drake (MN Bar No. 0387366)*
drake@nka.com
Anna P. Prakash (MN Bar No. 0351362)*
aprakash@nka.com
Megan D. Yelle (MN Bar No. 0390870)*
myelle@nka.com
Joseph C. Hashmall (MN Bar No. 392610)*
jhashmall@nka.com
        *admitted *pro hac vice*
4600 IDS Center
80 S 8th Street
Minneapolis, MN 55402
Phone: (612) 256-3200
Fax: (612) 338-4878
Attorneys for Individual and Representative Plaintiff

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BLANCA WATKINS** and **SPENCER HOYT**, individually, on behalf of other similarly situated individuals, and on behalf the general public, <br><br> v. <br><br> **HIRERIGHT, INC.,** | Case No.:3:-13-cv-101432-MMA-BLM <br> **AMENDED CLASS ACTION COMPLAINT FOR DAMAGES** <br> (1) – (3)  Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, <u>et seq.</u> <br><br> **JURY TRIAL DEMANDED** |

# Exhibit 1



Home  :  About Us  :  **Overview**

**About Us**

Overview
Fact Sheet
Management Team
HireRight Family of Companies
Careers

To learn how HireRight can help your business, call: 800-400-2761 (inside the U.S. and Canada) or 949-428-5800.

Notice to U.S. Applicants: HireRight Participates in the DHS E-Verify Program.

**HireRight Around the World**



HireRight services reach to more than 200 countries and territories around the globe.

### A Better Way to Screen

Empowering employers with innovative solutions for smart hiring decisions.

## About Us

Employers need much more than just raw data to operate a successful employment screening program. As one of the world's largest providers of employment screening services, HireRight specializes in helping organizations of all sizes and locations efficiently implement, manage and control their screening programs. We pride ourselves on working with the wide variety of organizational types and sizes that exist in today's global business environment. By providing easy-to-use, streamlined solutions, we can help solve even the toughest screening problems and help organizations work smarter.

In fact, many of the world's most forward-thinking and successful organizations trust HireRight to deliver effective, customer-focused solutions that provide increased efficiency and faster turnaround. HireRight also partners with the industry's top e-recruiting solution providers, such as Oracle, Taleo, Kenexa, SAP, ADP/VirtualEdge, SilkRoad, PeopleAdmin, HealthcareSource, and HRsmart, to co-develop unique, pre-built, pre-integrated employment screening solutions that allow organizations to leverage their recruiting solution investment for background screening.

Our worldwide headquarters, located in Irvine, CA, is supported by a network of offices and experts across the United States and around the world. We reach 200-plus countries and territories with more than 150 unique services offerings.

### Key Innovations

HireRight developed the industry's first Internet-based background screening solution and launched it in June 1997. HireRight was the first to develop pre-integrated screening solutions with leading e-recruiting applications, and now offers more of these solutions than any provider in the industry.

**SIGN UP**


For the HireRight Background Screening Newsletter

SIGN UP

**AWARDS**





















Blanca Watkins and Spencer Hoyt ("Plaintiffs"), by and through their attorneys, on behalf of themselves, the Classes set forth below, and in the public interest, bring this Class Action Complaint against HireRight, Inc. ("Defendant" or "HireRight").

## **PRELIMINARY STATEMENT**

1.     This is a case about a consumer reporting agency's willful failure to follow federal and state laws designed to protect consumers from inaccurate, misleading, and manifestly improper consumer reporting practices.

2.     Employers, lenders, and landlords use consumer reports to screen applicants, borrowers and tenants.  They use the reports to deny people jobs, credit, housing and access to other means by which to live.

3.     Recognizing that the content of consumer reports can have a significant impact on people's lives, Congress has chosen to regulate the procurement, use and content of those reports through the Fair Credit Reporting Act ("FCRA").  15 U.S.C. § 1681.

4.     The FCRA is Congress's effort to ensure that consumer reporting agencies are required to report information in a manner which is "fair and equitable to the consumer," and "with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." *Id.*

5.     To achieve its goals, Congress has imposed strict limitations on the content of consumer reports and has also imposed requirements intended to ensure that consumers are easily able to access their own files.

6.     HireRight is one of the largest consumer reporting agencies in the United States.  It provides consumer reports to employers, landlords, and creditors.

7.     HireRight's business extends beyond providing consumer reports to employers, and also encompasses the provision of human resources

1    support and assistance.

2        8.    Specifically, in the context of employment, HireRight (on behalf

3    of its employer-clients) has a service whereby it will adjudicate the job

4    applicants' eligibility for employment based on a comparison of the

5    information contained in its consumer reports with hiring criteria specified by

6    the employer.

7        9.    HireRight routinely and systematically violates multiple

8    provisions of the FCRA in connection with its issuance of consumer reports

9    and adjudication of consumer eligibility for employment.

10        10.    As further discussed herein, HireRight has violated and

11    continues to violate the FCRA by:

12            a.    reporting old charges that were dismissed even though the

13                FCRA explicitly prohibits the inclusion of this

14                information in consumer reports (15 U.S.C. § 1681c(a)

15                and (5));

16            b.    actively assisting employers to violate state equal

17                opportunity laws and regulations by reporting charges

18                dismissed by court order pursuant to California Penal

19                Code § 1203.4 in reports prepared for employment

20                purposes, even though California law prohibits the

21                inclusion of this information in employment reports and

22                in spite of FCRA's explicit prohibition on the provision of

23                reports which violate state law (15 U.S.C. §§

24                1681b(b)(1)(A)(ii) and 1681e(a)); and

25            c.    failing to provide consumers with full-file disclosures

26                despite written requests they do so pursuant to 15 U.S.C.

27                § 1681g(a)(1).

28

-3-

AMENDED CLASS ACTION COMPLAINT, Case No. 3:13-cv-01432-MMA-BLM

# **THE PARTIES**

11.     Individual and representative Plaintiff Blanca Watkins ("Watkins") is a resident of Escondido, California.  The city of Escondido is located in the County of San Diego.

12.     Individual and representative Plaintiff Spencer Hoyt ("Hoyt") is a resident of Downey, California.  The city of Downey is located in County of Los Angeles.

13.     Defendant HireRight, Inc. is a consumer reporting agency that focuses on providing consumer reports for employment purposes.  It does business throughout the United States, including in the County of San Diego. HireRight's website is www.hireright.com, and general information about HireRight's business can be found at www.hireright.com/About-Us.aspx.  A copy of HireRight's "about us" page as it appeared on May 15, 2013 is attached hereto as Exhibit 1.

14.     HireRight is a consumer reporting agency within the meaning of the FCRA.  For monetary fees, HireRight engages in the practice of assembling information on consumers for the purpose of furnishing consumer reports to third parties and uses interstate commerce, including the mail and internet, for the purpose of preparing and furnishing such reports.

15.     HireRight specializes in furnishing consumer reports for employment purposes, i.e. providing background checks to employers for their use in taking adverse employment action, such as termination, failure to hire, and failure to promote.  In fact, according to its website, HireRight provides consumer reports to thousands of employers, including over one third of the Fortune 500 companies.[1]

---

[1]*See* HireRight Homepage, available online at www.hireright.com, last accessed May 10, 2013.

## JURISDICTION AND VENUE

16.     This Court has jurisdiction over Plaintiffs' claims based on concurrent jurisdiction under 15 U.S.C. § 1681p.

17.     Venue is proper in the County of San Diego because a substantial part of the events giving rise to this claim occurred in this County, and HireRight operates in this County.

## STATUTORY BACKGROUND

18.     The FCRA is Congress's effort to ensure that consumer reporting agencies are required to report information in a manner which is "fair and equitable to the consumer," and "with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." *Id*.

19.     To achieve its goals, Congress requires consumer reporting agencies to follow stringent procedures to ensure that whenever criminal history information is reported, it is accurate, complete, and up to date.

20.     The accuracy and completeness of the information notwithstanding, Congress has further required employers to provide consumers with notice of their rights under the Act and a copy of their consumer report ***prior*** to taking any adverse action. This notice is intended to provide applicants with an opportunity to dispute the information reported.

21.     Pursuant to 15 U.S.C. § 1681g, consumer reporting agencies are further required, on request, to provide consumers with the ***full file*** maintained on the consumer by the reporting agency. The "full file" includes "[a]ll information in the consumer's file at the time of the request." 15 U.S.C. § 1681g(a)(1). The purpose of this requirement is to allow consumers to determine the accuracy of the information set forth in their files and to determine the bases upon which any adverse actions were taken. *See Gillespie v. Trans Union Corp.,* 482 F.3d 907 (7th Cir. 2007).

22.     In addition, the FCRA also imposes strict regulations prohibiting consumer reporting agencies from reporting obsolete information. Obsolete information includes any adverse information, other than a conviction for a crime, that antedates the report by more than seven years. 15 U.S.C. § 1681c(a)(2) and (5).

23.     Lastly, prior to furnishing a consumer report for employment purposes, the consumer reporting agency must obtain a certification from the user that the user will not use the information disclosed in the consumer report to violate any applicable federal or state equal employment opportunity law or regulation. 15 U.S.C. § 1681b(b)(1)(A)(ii).

24.     No consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose permitted under the FCRA. 15 U.S.C. § 1681e(a).

25.     HireRight receives the above-described certification from its employer-customers.

26.     However, in direct disregard of its statutory obligations and the written certification entered into between the parties, HireRight actively assists employers in violating California equal opportunity employment law and regulation by adjudicating, on behalf of the employer, consumers with expunged convictions as not qualified for employment.

27.     Employers are forbidden by Title 2 of the California Code of Regulations §7287.4 and §432.7 of the California Labor Code from inquiring or considering convictions expunged pursuant to Cal. Penal Code § 1203.4 when making hiring decisions.

28.     Based on HireRight's conduct, Plaintiffs assert FCRA claims on behalf of herself and the three classes defined below (collectively, "Classes"). On behalf of herself and the Classes, Plaintiffs seeks statutory

damages, punitive damages, attorneys' fees, expenses, costs and all available other appropriate relief.

### a. Restrictions on the Content of Consumer Reports

29.    The FCRA specifically prohibits consumer reporting agencies that are providing reports for employment purposes from reporting "records of arrest that, from the date of entry, antedate the report by more than seven years or until the governing statute of limitations has expired, whichever is the longer period." *See* 15 U.S.C. § 1681c(a)(2).

30.    In addition to being specifically forbidden from including antedated arrest information in reports prepared for employment purposes, consumer reporting agencies are further forbidden from reporting "[a]ny other adverse item of information, other than records of convictions of crimes which antedates the report by more than seven years." *See* 15 U.S.C. § 1681c(a)(5).

### b. Limitations Imposed on The Provision of Consumer Reports

31.    The FCRA prohibits consumer reporting agencies from furnishing reports when there are grounds to reasonably believe that the reports will be used for purposes other than those specifically listed in Section 1681b. *See* 15 U.S.C. §1681e(a).

32.    This prohibition requires consumer reporting agencies to refrain from providing reports when there are grounds to reasonably believe an employer will use the report in violation of state law. *See* 15 U.S.C. § 1681b(b)(1)(A)(ii).

33.    California law makes it unlawful for employers to "seek information regarding any applicant concerning... any misdemeanor conviction for which probation has been successfully completed or otherwise discharged and the case has been judicially dismissed pursuant to Penal Code § 1203.4[.]" 2 CCR § 7287.4(d)(1)(B).

34.    Read together, 15 U.S.C. §§ 1681b(b)(1)(A)(ii), 1681e(a), and 2 CCR § 7287.4(d)(1)(B) clearly prohibit consumer reporting agencies from including information regarding charges dismissed pursuant to California Penal Code § 1203.4 in reports provided for employment purposes.

35.    Based on this clear statutory framework, many consumer reporting agencies, including some of HireRight's largest competitors, exclude all information about convictions dismissed pursuant to California Penal Code § 1203.4 from reports provided for employment purposes.

*c.*    *Requirement of Full File Disclosure to the Subjects of Consumer Reports*

36.    The FCRA requires consumer reporting agencies to, upon request, disclose to consumers *all* information in their files.  *See* 15 U.S.C. § 1681g(a).

## <u>ALLEGATIONS RELATING TO PLAINTIFF WATKINS</u>

37.    In 1999, Plaintiff Blanca Watkins was arrested for "corporal injury," "battery on a former spouse," and "battery."

38.    The charges of "corporal injury" and "battery on a former spouse" never resulted in conviction and were dismissed.  Plaintiff Watkins pled guilty to the sole count of misdemeanor "battery."

39.    In 2008, Ms. Watkins successfully petitioned the court to vacate her guilty plea and dismiss her conviction pursuant to Cal. Pen. C. § 1203.4.

40.    Pursuant to 2 CCR § 7287.4, employers are prohibited from inquiring about or considering information relating to misdemeanor convictions dismissed pursuant to Cal. Pen. C. § 1203.4.

41.    In the spring of 2011, Blanca Watkins applied for work at AccentCare, a home healthcare provider located in San Diego, California. Had she been hired, Watkins would have worked approximately forty hours per week and been paid approximately $9 per hour.

42.     After interviewing Watkins, AccentCare offered her the position.

43.     On May 31, 2011, however, Watkins received a letter from AccentCare.  The letter informed her that AccentCare was considering withdrawing its offer based on the contents of her consumer report.  *See* Exhibit 2.

44.     Enclosed with the letter Watkins received, was a copy of a portion of the consumer report HireRight furnished to AccentCare, dated May 28, 2011.  *See* Exhibit 2.

45.     Despite the fact that Watkins's 1999 charges for "corporal injury" and "battery on former spouse" had been dismissed more than seven years prior to the date of the report, HireRight included information about those two criminal charges in the consumer report it provided to AccentCare. The report described those charges as "dismissed."  *See* Exhibit 2.

46.     HireRight also included the "battery" charge in the consumer report it provided to AccentCare, noting that on "8/12/08 petition for PC 1203.4 was granted and case was dismissed."  *Id.*

47.     Based on the adverse information HireRight unlawfully included in the consumer report, AccentCare withdrew the employment offer it had made to Watkins.  *See* Exhibit 3.

48.     Thereafter, by letter dated May 23, 2012, Watkins requested her file from HireRight.  *See* Exhibit 4.

49.     Among other things, Watkins's May 23, 2012 letter request stated:

> Please provide, pursuant to 15 USC §1681(g)(a)(1) and Cal. Civ. Code Section 1786.10(a), the ***full file*** maintained regarding my client including any and all documents you relied on in issuing the investigative consumer report(s).

*Id.* (emphasis in original).

50.    On or about June 20, 2012, HireRight responded to Watkins's request, but only sent her a portion of her file.  *See* Exhibit 5.

51.    HireRight failed to include in its response *all* information relating to Watkins, as required by 15 U.S.C § 1681g(a)(1).

52.    Namely, HireRight chose to exclude a copy of an email it sent to AccentCare, which stated that Watkins "Does Not Meet Company Standards."  *See* Exhibit 6.

53.    HireRight willfully violated 15 U.S.C. § 1681c(a)(2) and (5) by reporting charges that were dismissed in 1998; willfully violated 15 U.S.C. § 1681b(b)(1)(A)(ii) and 1681e(a) by reporting charges that were dismissed pursuant to California Penal Code § 1203.4; and willfully violated 15 U.S.C. § 1681g(a) by not disclosing to Watkins its email to AccentCare.

## ALLEGATIONS RELATING TO PLAINTIFF HOYT

54.    Beginning in 2011, Plaintiff Hoyt was employed by L.A. Tow, an automotive towing business in Los Angeles, CA.

55.    L.A. Tow, pursuant to its policies, requested a background report on Hoyt from HireRight in February of 2012.

56.    After completing its report on Plaintiff Hoyt, HireRight sent an email to Jahan Javanshir, an employee at L.A. Tow, which stated that Hoyt "Does Not Meet Company Standards."  Exhibit 11.  For this reason, L.A. Tow terminated Hoyt's employment, stating, "we had no choice than terminating Mr. Hoyt's employment" because of the "DOES NOT MEET COMPANY STANDARDS" adjudication.  Exhibit 12 (L.A. Tow 3/18/2013 Letter).

57.    On February 28, 2013, Hoyt, through counsel, requested a ***full file*** disclosure similar to the one sent on behalf of Plaintiff Ms. Blanca Watkins.  Exhibit 13.

58. Among other things, Hoyt's February 28, 2013 letter request stated:

> Please provide, pursuant to 15 USC §1681(g)(a)(1) and Cal. Civ. Code Section 1786.10(a), the **full file** maintained regarding my client including any and all documents you relied on in issuing the investigative consumer report(s).

*Id.* (emphasis in original).

59. HireRight responded by providing the documents attached as Exhibit 14.

60. The disclosures provided by HireRight did not include the email adjudicating Hoyt "Does Not Meet Company Standards," which served as the primary, if not the sole basis for terminating Hoyt.

61. Accordingly, HireRight willfully violated 15 U.S.C. § 1681g(a) by not disclosing to Hoyt the adjudicating email to L.A. Tow which in effect, informed L.A. Tow to terminate Hoyt.

## **HIRERIGHT'S ILLEGAL BUSINESS PRACTICES**

62. HireRight tailors its consumer reports based on the requests of its customers and applicable law. Specifically, HireRight changes the type, depth, and breadth of the information it provides based on the terms of its customer agreements and its understanding of the purpose for which the report is being sought.[2]

63. Unlike its competitors, however, HireRight's practice is to 1) report dismissed charges, antedated by seven years, and for which the statute

---

[2] *See* HireRight "Solutions" webpage, available online at: www.hireright.com/Background-Checks-Overview.aspx?apsi=0, last accessed May 10, 2013) ("[HireRight] offer[s] flexible, tailored employment screening solutions, encompassing more than 150 different service offerings in more than 200 countries and territories. Our diverse offerings are the result of continuous technological innovation, constant customer feedback…").

1    of limitations has run, and 2) to furnish reports under circumstances where
2    there are reasonable grounds to believe that the report will be used in
3    violation of California law.

4         64.    HireRight's illegal practices persist despite its membership in
5    the National Association of Professional Background Screeners,[3] an
6    organization that instructs its members not to report dismissed charges,
7    antedated by seven years, and for which the statute of limitations has run, and
8    to not furnish reports under circumstances where there are reasonable
9    grounds to believe that the report will be used in violation of state law.[4]

10        65.    HireRight includes information about old dismissed charges in
11   spite of its awareness that the FCRA and state law regulate its ability to do
12   so.    *See* HireRight Blog, www.hireright.com/blog/2013/01/does-your-
13   background-check-company-comply-with-3-key-provisions-of-the-fcra,    last
14   accessed May 15, 2013 (stating, "CRA[s] [are] limited to reporting adverse
15   information for no more than 7 years" and "state laws may limit the
16   information that can be reported by a CRA.").    Plaintiff Watkins' report
17   further demonstrates HireRight's awareness of the seven year rule.    *See*
18   Exhibit 2 (stating "Past 7 Years History").

19        66.    HireRight has also already been sued and has entered into a
20   settlement agreement for similar violations.    *See* Exhibits 7 and 8.

21        67.    HireRight's practices regarding the reporting of dismissed
22   charges violate a fundamental protection afforded to employees under the

---

[3] *See* HireRight Fact Sheet, available online at: www.hireright.com/Fact-Sheet.aspx, last accessed May 10, 2013.

[4] *See, e.g.,* Pamela Q. Devata, et. al., *Safe Screening, Safe Hiring*, HR Advisor, July/August 2009, at 12-18, made available for its clients by NAPBS at www.napbs.com/files/public/ConsumerEducation/Resources/HR%20Magazine%20Article%208-28-09.pdf (last visited Apr. 29, 2013).

AMENDED CLASS ACTION COMPLAINT, Case No. 3:13-cv-01432-MMA-BLM

FCRA, are contrary to the unambiguous language of the statutes, and are counter to longstanding judicial and regulatory[5] guidance. *See, e.g., Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665 (9th Cir. 2009); *see also Serrano v. Sterling Testing Systems, Inc.*, 557 F. Supp. 2d 688 (E.D. Pa. 2008).

68. So that people can identify and correct spurious reports, the FCRA requires consumer reporting agencies, upon request, to clearly and accurately disclose to the consumer "[a]*ll* information in the consumer's file…" (emphasis added). *See* 15 U.S.C. § 1681g(a)(1).

69. Nevertheless, HireRight's practice is to not disclose to consumers *all* information in their files. Instead, HireRight discloses only some documents to consumers and omits its communications to employers indicating whether or not the consumer meets the employer's hiring criteria.

70. HireRight's practices are all the more egregious given its adjudication service.

71. To explain, in connection with the consumer reports HireRight sells to employers, HireRight also sells an "adjudication" product which purports to render hiring decisions on behalf of employers on the basis of information disclosed in its consumer reports.

72. Specifically, HireRight's "adjudication" service automatically "judges" the applicant to determine whether the applicant qualifies for employment based on his or her criminal record.

---

[5] *See, e.g.,* FTC, *Forty Years of Experience with the Fair Credit Reporting Act, An FTC Staff Report with Summary of Interpretations*, July 2011, at 55, http://www.ftc.gov/os/2011/07/110720fcrareport.pdf (last accessed May 21, 2013) ("Even if no specific adverse item is reported, a CRA may not furnish a consumer report referencing the existence of adverse information that predates the times set forth in this subsection.").

73.     According to HireRight's website, "adjudication" is defined as: "The ability to automate a judgment based on background screening outcome.  This judgment often results in 'meets requirements' or 'does not meet requirements' outcome.  Once adjudication takes place **automatic** distribution and/or ***adverse action*** can occur."   HireRight's Glossary webpage, available online at: http://www.hireright.com/Background-Check-Terms.aspx, last accessed May 20, 2013 (emphasis added).

74.     Whenever an adjudication is rendered, HireRight's computer systems automatically generate a private email to the employer informing the employer either that the consumer-applicant "meets requirements" or "does not meet requirements."

75.     Upon receipt of this confidential email by the employer, the employer will take adverse action based upon HireRight's recommendations.

76.     After a negative adjudication has been rendered, HireRight will also generate a template email in the employer's letter head purporting to be a "pre-adverse" action notice.

77.     The notice informs the consumer that the employer is intending to take adverse action against the consumer in whole or in part on the basis of the information disclosed in the applicant's consumer report.

78.     Neither a copy of this email or the specific requirements of the employer that formed the basis of the adjudication was ever provided to Plaintiff Watkins.

79.     It is HireRight's standard practice not to include adjudication emails in response to consumers' requests for their files.

80.     It is HireRight's standard practice not to include the criteria on which adjudications are based in response to consumers' requests for their files.

81.     HireRight fails to include adjudication emails and criteria in its

-14-

responses to consumers' requests for their full files in spite of the National Association of Professional Background Screeners instructing its members to disclose to consumers *all* information in their files, despite purporting to consumers that it will disclose to them *all* information in their files,[6] and despite having already been sued and entered a settlement agreement with the FTC for similar violations. *See* Exhibit 9 and 10.

82.    HireRight's practices with regard to responding to consumers' requests for information in their files violate another fundamental protection afforded to employees under the FCRA, and is also contrary to the unambiguous language of the statute, and longstanding judicial and regulatory guidance. *See Goode v. LexisNexis Risk & Information Analytics Group, Inc.*, 848 F. Supp. 2d 532 (E.D. Pa. 2012); *see also Gillespie v. Equifax Info. Servs., L.L.C.,* 484 F.3d 938 (7th Cir. 2007).

83.    By systematically reporting dismissed criminal charges that antedate the report by seven years and for which the statute of limitations has run, HireRight willfully violated 15 U.S.C. § 1681c(a)(2) and (5); by including charges that were dismissed pursuant to California Penal Code § 1203.4 on reports provided for employment purposes, HireRight willfully violated 15 U.S.C. §§ 1681b(b)(1)(A)(ii) and 1681e(a); and by failing to disclose to consumers, upon request, *all* information in their files, HireRight willfully violated 15 U.S.C. § 1681g(a).

## CLASS ACTION ALLEGATIONS

84.    Plaintiff Watkins pleads the following claims on behalf of herself and the Classes defined below.  Plaintiff Hoyt pleads Claim III on

---

[6]    *See*    HireRight    Overview    webpage,    available    online    at: http://www.hireright.com/Consumers-Applicants.aspx, last accessed May 10, 2013.

behalf of himself and the class defined below:

Claim I: Reporting adverse information other than records of conviction which antedates the report by more than seven years, 15 U.S.C. § 1681c(a)(2) and (5).

Claim II: Reporting charges dismissed pursuant to California Penal Code § 1203.4, 15 U.S.C. §§ 1681b(b)(1)(A)(ii) and 1681e(a).

Claim III: Failing to provide a full copy of a consumer's file upon request, 15 U.S.C. § 1681g(a).

85.     Plaintiff Watkins assert the claim set forth in **Claim I** on behalf of herself and the **Outdated Information Class** defined as follows:

1) All individuals on whom HireRight prepared a consumer report for employment purposes in the two years predating the filing of this Complaint and continuing through the date the class list is prepared;
and

2) Whose report contains information about dismissed charges where the charges antedate the report by more than seven years, and for which the applicable statute of limitations has run.

86.     Plaintiff Watkins asserts the claims set forth in **Claim II** on behalf of herself and the **California 1203.4 Class** defined as follows:

1) All individuals on whom HireRight prepared a consumer report for employment purposes in the two years predating the filing of this Complaint;
and

2) Whose report includes information regarding charges that were dismissed pursuant to California Penal Code § 1203.4.

87.     Plaintiffs Watkins and Hoyt assert the claims set forth in **Claims**

-16-

**III** on behalf of themselves and the **Disclosure Class** defined as follows:

    1) All individuals on whom HireRight prepared a consumer report for employment purposes in the five years predating the filing of this Complaint;

    and

    2) To whom, after being requested, HireRight did not provide a copy of the full file, including all communications from HireRight to the employer.

88. <u>Numerosity</u>: The Classes are so numerous that joinder of all class members is impracticable. HireRight regularly furnishes consumer reports for employment purposes and impermissibly includes information about charges that are older than allowed by the FCRA and/or which were dismissed pursuant to California Penal Code § 1203.4. HireRight also regularly receives requests from consumers for their files and regularly fails to provide to such consumers *all* information in their files.

89. <u>Typicality</u>: Plaintiffs' claims are typical of the members of the Classes. HireRight furnishes consumer reports for employment purposes and typically includes charges that are older than allowed by the FCRA and/or which were dismissed pursuant to California Penal Code § 1203.4. HireRight also typically fails to provide to consumers, upon request, *all* information in their files. The FCRA violations suffered by Plaintiffs are typical of those suffered by other class members and HireRight treated Plaintiffs consistent with other class members in accordance with its standard policies and practices.

90. <u>Adequacy</u>: Plaintiffs will fairly and adequately protect the interests of the Classes, and has retained counsel experienced in complex class action litigation.

91. <u>Commonality</u>: Common questions of law and fact exist as to all

members of the Classes and predominate over any questions solely affecting individual members of the Classes, including but not limited to:

      a.    Whether HireRight furnishes consumer reports for employment purposes;

      b.    Whether HireRight violated the FCRA by reporting charges which are older than allowed by the FCRA;

      c.    Whether HireRight violated the FCRA by including charges dismissed pursuant to California Penal Code § 1203.4 on consumer reports procured by employers for employment purposes;

      d.    Whether HireRight violated the FCRA by, upon request, failing to provide *all* information in consumers' files;

      e.    Whether HireRight's violations of the FCRA were willful;

      f.    The proper measure of statutory damages; and

      g.    The proper measure of punitive damages.

92.    This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for the Defendant. Further, adjudication of each individual class member's claim as separate action would prospectively be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

93.    Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Classes predominate over any questions affecting only individual members of the Classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. The Defendant's conduct

described in this Class Action Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning the Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all class members' claims in a single forum.

94. Plaintiffs intend to send notice to all members of the Classes to the extent required by Rule 23. The names and addresses of the class members are available from Defendant's records.

### CLAIM I FOR RELIEF
**Reporting Antedated Charges**
**(15 U.S.C. § 1681c(a)(2) and (5))**
*Asserted by Plaintiff Watkins On Behalf of the Outdated Information Class*

95. In return for money, HireRight furnished consumer reports on Plaintiff Watkins and other class members, to third-parties for employment purposes.

96. The consumer reports included dismissed charges, antedated by more than seven years, and for which the statute of limitations had run.

97. The foregoing violations were willful. HireRight acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff Watkins and other class members under 15 U.S.C. §§ 1681c(a)(2) and 1681c(a)(5). HireRight's willful conduct is reflected by, inter alia, the following:

> a. The FCRA was enacted in 1970; HireRight, which was founded in 1995, has had nearly two decades to become compliant;

AMENDED CLASS ACTION COMPLAINT, Case No. 3:13-cv-01432-MMA-BLM

b. HireRight is a large corporation which specializes in furnishing consumer reports for employment purposes and has access to legal advice through its own general counsel's office and outside employment counsel. Yet, there is no contemporaneous evidence that HireRight determined that its conduct was lawful;

c. HireRight's conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;

d. HireRight knew or had reason to know from its communications with the National Association of Professional Background Screeners that its conduct violates the FCRA;

e. HireRight informs its clients that it cannot report dismissed charges, antedated by seven years, and for which the statute of limitations has run, yet includes these charges anyway;

f. HireRight knew or had reason to know its conduct violates the FCRA due to previously being sued and having entered into a settlement agreement for similar violations;

g. HireRight's similarly situated competitors have adopted policies of not reporting dismissed charges, antedated by more than seven years, and for which the statute of limitations has run;

h. Despite the pellucid statutory text and there being a depth of guidance, HireRight adopted a policy of systematically reporting dismissed charges, antedated by more than

-20-

seven years, and for which the statute of limitations had run. By adopting such a policy, HireRight voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless; and

      i.   HireRight includes a notation on its reporting indicating that the seven year limitation on information is applicable, yet fails to exclude all adverse non-conviction information which antedates the date of the report by more than seven years.

98. Plaintiff Watkins and the Outdated Information Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

99. Plaintiff Watkins and the Outdated Information Class are entitled to such amount of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2).

100. Plaintiff Watkins and the Outdated Information Class are further entitled to recover their costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3).

### CLAIM II FOR RELIEF
**Reporting Charges Dismissed Pursuant to California Penal Code § 1203.4**
**(15 U.S.C. §§ 1681b(b)(1)(A)(ii) & 1681e(a))**
***Asserted by Plaintiff Watkins On Behalf of the California 1203.4 Class***

101. In return for money, HireRight furnished consumer reports on Plaintiff Watkins and other class members, to third-parties for employment purposes.

102. The consumer reports included charges that were dismissed

-21-

pursuant to California Penal Code § 1203.4.

103.   The foregoing violations were willful.   HireRight acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff Watkins and other class members under 15 U.S.C. §§ 1681b(b)(1)(A)(ii) and 1681e(a).   HireRight's willful conduct is reflected by, inter alia, the following:

a. The FCRA was enacted in 1970; HireRight, which was founded in 1995, has had nearly two decades to become compliant;

b. HireRight is a large corporation which specializes in furnishing consumer reports for employment purposes and has access to legal advice through its own general counsel's office and outside employment counsel.   Yet, there is no contemporaneous evidence that HireRight determined that its conduct was lawful;

c. HireRight's conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;

d. HireRight knew or had reason to know from its communications with the National Association of Professional Background Screeners that its conduct violates the FCRA;

e. HireRight informs its clients that it cannot furnish reports under circumstances where there are reasonable grounds to believe that the report will be used in violation of state law;

f. HireRight knew or had reason to know its conduct violates the FCRA due to previously being sued and

AMENDED CLASS ACTION COMPLAINT, Case No. 3:13-cv-01432-MMA-BLM

having entered into a settlement agreement for similar violations;

g. HireRight's similarly situated competitors have adopted policies of not reporting charges dismissed pursuant to California Penal Code § 1203.4; and

h. Despite the pellucid statutory text and there being a depth of guidance, HireRight adopted a policy of systematically reporting charges dismissed pursuant to California Penal Code § 1203.4. By adopting such a policy, HireRight voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

104. Plaintiff Watkins and the California 1203.4 Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

105. Plaintiff Watkins and the California 1203.4 Class are entitled to such amount of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2).

106. Plaintiff Watkins and the California 1203.4 Class are further entitled to recover their costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3).

**CLAIM III FOR RELIEF**
**Failing to Provide Complete Information**
**(15 U.S.C. § 1681g(a))**
***Asserted by Both Plaintiffs On Behalf of the Disclosure Class***

107. Plaintiffs allege and incorporates by reference the allegations in the preceding paragraphs.

108. In return for money, HireRight furnished consumer reports on Plaintiffs and other class members, to third-parties for employment purposes.

-23-

109. Upon request, HireRight failed to disclose to consumers *all* information in their files.

110. The foregoing violations were willful. HireRight acted in deliberate or reckless disregard of its obligations and the rights of Plaintiffs and other class members under 15 U.S.C. § 1681g(a).

111. HireRight's willful conduct is reflected by, inter alia, the following:

a. The FCRA was enacted in 1970; HireRight, which was founded in 1995, has had nearly two decades to become compliant;

b. HireRight is a large corporation which specializes in furnishing consumer reports for employment purposes and has access to legal advice through its own general counsel's office and outside employment counsel. Yet, there is no contemporaneous evidence that HireRight determined that its conduct was lawful;

c. HireRight's conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;

d. HireRight knew or had reason to know from its communications with the National Association of Professional Background Screeners that its conduct violates the FCRA;

e. HireRight purports to consumers that it will disclose to them *all* information in their files;

f. HireRight knew or had reason to know its conduct violates the FCRA due to previously being sued and having entered into a settlement agreement with the FTC

-24-

1 for similar violations;

2 g. HireRight's similarly situated competitors have adopted

3 policies of, upon request, disclosing to consumers *all*

4 information in their files; and

5 h. Despite the pellucid statutory text and there being a depth

6 of guidance, HireRight adopted a policy of not disclosing

7 to consumers, upon request, *all* information in their files.

8 By adopting this policy, HireRight voluntarily ran a risk

9 of violating the law substantially greater than the risk

10 associated with a reading that was merely careless.

11 112. Plaintiffs and the Disclosure Class are entitled to statutory

12 damages of not less than $100 and not more than $1,000 for each and every

13 one of these violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

14 113. Plaintiffs and the Disclosure Class are entitled to such amount of

15 punitive damages as the Court may allow pursuant to 15 U.S.C. §

16 1681n(a)(2).

17 114. Plaintiffs and the Disclosure Class are further entitled to recover

18 their costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3).

19 **PRAYER FOR RELIEF**

20 115. WHEREFORE, Plaintiffs, on behalf of themselves and the

21 Classes, prays for relief as follows:

22 a. Determining that this action may proceed as a class action

23 under Rule 23(b)(1) and (b)(3) of the Federal Rules of

24 Civil Procedure;

25 b. Designating Plaintiff as representative for the Classes and

26 designating Plaintiffs' Counsel as counsel for the Classes;

27 c. Issuing proper notice to the Classes at HireRight's

28 expense;

AMENDED CLASS ACTION COMPLAINT, Case No. 3:13-cv-01432-MMA-BLM

      d.     Declaring that HireRight committed multiple, separate violations of the FCRA;

      e.     Declaring that HireRight acted willfully, in deliberate or reckless disregard of Plaintiffs' rights and its obligations under the FCRA;

      f.     Awarding statutory and punitive damages as provided by the FCRA;

      g.     Awarding reasonable attorneys' fees and costs as provided by the FCRA; and

      h.     Granting further relief, in law or equity, as this Court may deem appropriate and just as provided by the FCRA.

## **DEMAND FOR JURY TRIAL**

116.   Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs and the Classes demand a trial by jury.

Respectfully submitted,

Dated: March 19, 2014       NICHOLS KASTER, PLLP

By:   /s/Megan D. Yelle
      Megan D. Yelle (*pro hac vice*)

ATTORNEY FOR INDIVIDUAL AND REPRESENTATIVE PLAINTIFFS

# Exhibit 2

05/31/2011

Blanca Watkins
Redacted
San Marcos, CA Redacted

Dear Blanca Watkins:

As we recently apprised you, as part of its employment process, AccentCare (A04) San Diego obtains or asks others on its behalf to obtain, consumer reports regarding applicants. These reports assist us in evaluating individuals for employment with AccentCare (A04) San Diego.

We are enclosing a copy of the consumer report we obtained in conjunction with your consideration for employment; we are also enclosing a copy of an information sheet summarizing your rights under the Fair Credit Reporting Act. We have or will be completing our review of your application within the next few days, and may take action based on the enclosed report.

If you have any questions on the enclosed report, please contact the company listed below.

Consumer Report from:

HireRight, Inc.
5151 California
Irvine, CA 92617
Phone: 800-400-2761, 949-428-5800
Fax: 877-797-3442, 949-224-6020

Thank you again for considering employment with AccentCare (A04) San Diego.

Sincerely,

Kasey Cheal
AccentCare (A04) San Diego

**Para informacion en espanol, visite www.ftc.gov/credit o escribe a la FTC Consumer Response Center, Room 130-A 600 Pennsylvania Ave. N.W., Washington, D.C. 20580.**

# A Summary of Your Rights Under the Fair Credit Reporting Act

The federal Fair Credit Reporting Act (FCRA) promotes the accuracy, fairness, and privacy of information in the files of consumer reporting agencies. There are many types of consumer reporting agencies, including credit bureaus and specialty agencies (such as agencies that sell information about check writing histories, medical records, and rental history records). Here is a summary of your major rights under the FCRA. **For more information, including information about additional rights, go to www.ftc.gov/credit or write to: Consumer Response Center, Room 130-A, Federal Trade Commission, 600 Pennsylvania Ave. N.W., Washington, D.C. 20580.**

- **You must be told if information in your file has been used against you.** Anyone who uses a credit report or another type of consumer report to deny your application for credit, insurance, or employment - or to take another adverse action against you - must tell you, and must give you the name, address, and phone number of the agency that provided the information.
- **You have the right to know what is in your file.** You may request and obtain all the information about you in the files of a consumer reporting agency (your "file disclosure"). You will be required to provide proper identification, which may include your Social Security number. In many cases, the disclosure will be free. You are entitled to a free file disclosure if:
  - a person has taken adverse action against you because of information in your credit report;
  - you are the victim of identify theft and place a fraud alert in your file;
  - your file contains inaccurate information as a result of fraud;
  - you are on public assistance;
  - you are unemployed but expect to apply for employment within 60 days.

  In addition, by September 2005 all consumers will be entitled to one free disclosure every 12 months upon request from each nationwide credit bureau and from nationwide specialty consumer reporting agencies. See www.ftc.gov/credit for additional information.
- **You have the right to ask for a credit score.** Credit scores are numerical summaries of your credit-worthiness based on information from credit bureaus. You may request a credit score from consumer reporting agencies that create scores or distribute scores used in residential real property loans, but you will have to pay for it. In some mortgage transactions, you will receive credit score information for free from the mortgage lender.
- **You have the right to dispute incomplete or inaccurate information.** If you identify information in your file that is incomplete or inaccurate, and report it to the consumer reporting agency, the agency must investigate unless your dispute is frivolous. See www.ftc.gov/credit for an explanation of dispute procedures.
- **Consumer reporting agencies must correct or delete inaccurate, incomplete, or unverifiable information.** Inaccurate, incomplete or unverifiable information must be removed or corrected, usually within 30 days. However, a consumer reporting agency may continue to report information it has verified as accurate.
- **Consumer reporting agencies may not report outdated negative information.** In most cases, a consumer reporting agency may not report negative information that is more than seven years old, or bankruptcies that are more than 10 years old.
- **Access to your file is limited.** A consumer reporting agency may provide information about you only to people with a valid need -- usually to consider an application with a creditor, insurer, employer, landlord, or other business. The FCRA specifies those with a valid need for access.
- **You must give your consent for reports to be provided to employers.** A consumer reporting agency may not give out information about you to your employer, or a potential employer,

without your written consent given to the employer. Written consent generally is not required in the trucking industry. For more information, go to www.ftc.gov/credit.

- **You may limit "prescreened" offers of credit and insurance you get based on information in your credit report.** Unsolicited "prescreened" offers for credit and insurance must include a toll-free phone number you can call if you choose to remove your name and address from the lists these offers are based on. You may opt-out with the nationwide credit bureaus at 1-888-5-OPTOUT (1-888-567-8688).
- **You may seek damages from violators.** If a consumer reporting agency, or, in some cases, a user of consumer reports or a furnisher of information to a consumer reporting agency violates the FCRA, you may be able to sue in state or federal court.
- **Identity theft victims and active duty military personnel have additional rights.** For more information, visit www.ftc.gov/credit.

**States may enforce the FCRA, and many states have their own consumer reporting laws. In some cases, you may have more rights under state law. For more information, contact your state or local consumer protection agency or your state Attorney General. Federal enforcers are:**

| TYPE OF BUSINESS: | CONTACT: |
|---|---|
| Consumer reporting agencies, creditors and others not listed below | Federal Trade Commission: Consumer Response Center - FCRA Washington, DC 20580 1-877-382-4357 |
| National banks, federal branches/agencies of foreign banks (word "National" or initials "N.A." appear in or after bank's name) | Office of the Comptroller of the Currency Compliance Management, Mail Stop 6-6 Washington, DC 20219 800-613-6743 |
| Federal Reserve System member banks (except federal branches/agencies of foreign banks) | Federal Reserve Board Division of Consumer & Community Affairs Washington, DC 20551 202-452-3693 |
| Savings associations and federally chartered savings banks (word "Federal" or initials "F.S.B." appear in federal institution's name) | Office of Thrift Supervision Consumer Complaints Washington, DC 20552 800-842-6929 |
| Federal credit unions (words "Federal Credit Union" appear in institution's name) | National Credit Union Administration 1775 Duke Street Alexandria, VA 22314 703-519-4600 |
| State-chartered banks that are not members of the Federal Reserve System | Federal Deposit Insurance Corporation Consumer Response Center, 2345 Grand Avenue, Suite 100 Kansas City, Missouri 64108-2638 1-877-275-3342 |
| Air, surface, or rail common carriers regulated by former Civil Aeronautics Board or Interstate Commerce Commission | Department of Transportation , Office of Financial Management Washington, DC 20590 202-366-1306 |
| Activities subject to the Packers and Stockyards Act, 1921 | Department of Agriculture Office of Deputy Administrator - GIPSA Washington, DC 20250 202-720-7051 |

*Complete Report*

Request #: HE-052311-AF24Q

**AccentCare (A04) San Diego**

HireRight, Inc.
5151 California
Irvine, CA 92617
Phone: 866-521-6995, 949-428-5804
Fax: 877-797-3442, 949-224-6020

7851 Mission Center Court, Suite 200
San Diego, CA 92108
Phone: (949) 623-1564

customerservice@hircright.com

Date Request Submitted: 5/23/2011 12:34 PM
Request Completion Date: 5/28/2011 7:48 AM
Adjudication Status Set: 5/31/2011 6:00 AM

---

## Applicant's Personal Information

**Blanca Watkins**
DOB: **/**/****
USA                     Social Security Number:                     ***-**-9652

---

## SS Trace/Credit

**SSN Trace***                                             Complete - Data Found [1]

---

**Comments:**

---

| Date Report Started: | | Telephone Number: | |
|---|---|---|---|
| **Subject Name:** | BLANCA E WATKINS | **SSN:** ***-**-9652 | |
| **Addresses:** | | | |

Redacted , OCEANSIDE, CA Redacted                          **Date Reported: 04/04/11**

This address may be used for additional Court Records searches:
Criminal Felony & Misdemeanor (San Diego)

Redacted , SAN LUIS REY, CA Redacted                       **Date Reported: 03/07/11**

This address may be used for additional Court Records searches:
Criminal Felony & Misdemeanor (San Diego)

Redacted , SAN MARCOS, CA Redacted                         **Date Reported: 01/17/07**

This address may be used for additional Court Records searches:
Criminal Felony & Misdemeanor (San Diego)

Redacted , SAN MARCOS, CA Redacted                         **Date Reported: 12/14/05**

This address may be used for additional Court Records searches:
Criminal Felony & Misdemeanor (San Diego)

## Consumer Statement

* The Social Security Trace does not prove the validity of the social security number.

---

## Court Records

### 1. Criminal Felony & Misdemeanor (Past 7 Years History)
Blanca Watkins

**Complete - Court Record Found**

Address(es):    San Marcos, San Diego County, CA, USA
                Oceanside, San Diego County, CA, USA
                San Luis Rey, San Diego County, CA, USA

**Location Searched: San Marcos, San Diego County, CA**
**Oceanside, San Diego County, CA**
**San Luis Rey, San Diego County, CA**

| | |
|---|---|
| Time Completed: | 05/28/2011 07:48 AM |
| **Verified by:** | QA-9764 |
| **Comments:** | 23-May-2011, 19:35 Further research is required for this background screening request and may result in requiring additional time to complete, delayed till 05/30/2011 |
| | 27-May-2011, 10:53 Further research is required for this background screening request and may result in requiring additional time to complete, delayed till 06/03/2011 |

---

**Case Nbr.:** CN092550
**Court Name:**
**Comments:** Confirmation: Name, Date Of Birth.

| | | | |
|---|---|---|---|
| **Count:** | 1 | **Severity:** | misdemeanor |
| **Offense Date:** | 01-24-1999 | **Disp. Date:** | 03-23-1999 |
| **Offense:** | CORPORAL INJURY | | |
| **Disposition:** | DISMISSED | | |
| **Sentence:** | | | |

| | | | |
|---|---|---|---|
| **Count:** | 2 | **Severity:** | misdemeanor |
| **Offense Date:** | 01-24-1999 | **Disp. Date:** | 03-23-1999 |
| **Offense:** | BATTERY ON FORMER SPOUSE | | |
| **Disposition:** | DISMISSED | | |
| **Sentence:** | | | |

| | | | |
|---|---|---|---|
| **Count:** | 3 | **Severity:** | misdemeanor |
| **Offense Date:** | 01-24-1999 | **Disp. Date:** | 03-23-1999 |
| **Offense:** | Battery | | |
| **Disposition:** | GUILTY PLEA | | |
| **Sentence:** | 3 YEARS SUMAMRY PROBATION, 4 DAYS JAIL, FINED $100.00. ON 8/12/08 PETITION FOR PC 1203.4 WAS GRANTED AND CASE WAS DISMISSED | | |

---

## Healthcare Sanctions-All

**Results:** Note: PRR - 25779 - 23-May-2011, 13:0. Healthcare Sanctions (All) search identifies possible matches against HHS OIG - LEIE, GSA - EPLS, DEA, FDA, Tricare and other federal sources and boards or agencies in all states, commonwealths, territories or the District of Columbia that publish opt-out, exclusion, sanction, restriction, debarment, disqualification or discipline information.

Complete - data not found [1]

---

[1] "Complete" indicates that this request has been processed to conclusion. Please review the report details in their entirety to evaluate any potential discrepancies or records related to this request.

All times listed in Pacific - USA

**LEGAL NOTES:**
The information provided herein is a consumer report as defined in the federal Fair Credit Reporting Act [15 USC 1681 et.seq.] It contains confidential information on the individual named. It is submitted subject to the express conditions contained in your

Subscriber Agreement with HireRight, and may be used solely for legally permissible employment purposes (i.e., as a factor in evaluating the named individual for employment, promotion, reassignment or retention as an employee). Proper use of the content of this report and final verification of the named individual's identity is your sole responsibility.

Case 15-11226-LSS    Doc 807-3    Filed 03/12/15    Page 1 of 2

# Exhibit 3

06/07/2011

Blanca Watkins
Redacted
San Marcos, CA Redacted

Dear Blanca Watkins:

The letter is provided to you in compliance with the federal Fair Credit Reporting Act.

As part of our employment selection process, we require that a consumer report be obtained before an offer of employment is made to any applicant being considered for the position for which you applied. You previously should have received a copy of your consumer report and summary of your rights under the federal Fair Credit Reporting Act.

This is to advise you that your application for employment is being denied. In evaluating your application, the consumer reporting agency listed below provided us with the information which, in whole or in part, influenced our employment decision. This consumer reporting agency played no part in our decision other than providing the information about you, and the agency will not be able to provide you with specific reasons for our denial.

Under the Fair Credit Reporting Act, you are entitled to disclosure of the information contained in your consumer report by contacting the consumer reporting agency directly, within sixty (60) days of this letter. You also have the right to dispute the completeness or accuracy of the report. If you want to receive another copy of the report, please contact the Employer or the consumer reporting agency (the name, address and telephone number appears below).

Sincerely,

Kasey Cheal
AccentCare (A04) San Diego

Name of Consumer Reporting Agency:

HireRight, Inc.
5151 California
Irvine, CA 92617
Phone: 800-400-2761, 949-428-5800
Fax: 877-797-3442, 949-224-6020

Exhibit 4

**LAW OFFICES OF DEVIN H. FOK**
Devin H. Fok, Esq. (SBN# 256599)
P.O. Box 7165
Alhambra, CA 91802-7165
Phone: (310) 430-9933; Fax: (323) 563-3445

May 23, 2012

**HireRight, Inc.**
5151 California Ave.
Irvine, CA 92617
Ph: (918) 664-9991

*By Mail*

## RE: INVESTIGATIVE CONSUMER REPORT REQUEST FOR BLANCA E. WATKINS

To Whom It May Concern;

I am an attorney licensed to practice law in the State of California, representing MS. BLANCA E. WATKINS. I am informed and believe that HIRERIGHT, INC. ("you") has prepared consumer report(s) within the meaning of 15 USC §1681a(d) and investigative consumer report(s) within the meaning of California Civil Code section 1786.2(c) on my client to his former and/or prospective employers, landlords, and/or insurers.

Please provide, pursuant to 15 USC §1681g(a)(1) and Cal. Civ. Code Section 1786.10(a), the *full file* maintained regarding my client including any and all documents you relied on in issuing the investigative consumer report(s).

Please identify, pursuant to 15 USC §1681g(a)(3)(A) and Cal. Civ. Code. Section 1786.10(c), the recipients of any investigative consumer report on my client that you have furnished in any medium, print or otherwise, for employment, housing, and/or insurance purposes within the three years preceding the date of this request.

Please include, pursuant to 15 USC §1681g(a)(3)(B) and Cal. Civ. Code. Section 1786.10(d), the name of the recipient(s), if applicable, the trade name(s) (written in full) under which the recipient(s) conducts business and, the address(es) and telephone number(s) of the recipient(s).

Please also provide, pursuant to Cal. Civ. Code. Section 1786.11, a copy of every investigative consumer report on my client that you have provided to any person or entity other than my client.

For verification purposes, my client's information is as follows:

Name:            Blanca E. Watkins
Date of Birth: Redacted 1956
SSN:              Redacted 9652

Attached is a copy of the authorization letter signed by my client authorizing my requests in this matter.

**I respectfully request that you fax or mail the requested documents, records, and/or instrument within 15 days to the address provided above.** Thank you.

Very truly yours,

Devin H. Fok
Law Offices of Devin H. Fok
devin@devinfoklaw.com

Redacted

# Authorization to Release Confidential Information

---

I, Blanca Watkins (Date of Birth: <span>Redacted</span> hereby consent Mr. Devin H. Fok (California State Bar No. 256599) to represent me in connection with any and all claims arising out of my claims against: AccentCare and HireRight, Inc.; and I hereby authorize all public and private entities, their subsidiaries and agents to release to my above-named attorneys, any and all information and/or documents, confidential or otherwise, that are related to me or about me in any way, and that may be released to me under the law.

This Authorization to Release Confidential Information shall expire and become void on January 1, 2016, or when I explicitly revoke it orally or in writing in direct communication with the agency or agencies authorized herein.

DATE: _5_ / _15_ / _2012_

SIGNATURE: _Blanca E Watkins_

**Blanca Watkins**

7011 3500 0000 9464 5935



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**

7011 3500 0000 9464 5935
7011 3500 0000 9464 5935



# Exhibit 5

 **HireRight**®

Intelligence to move forward.℠

June 20, 2012

Mr. Devin H. Fok, Esq.
Law Offices of Devin H. Fok
P.O. Box 7165
Alhambra, CA 91802-7165

   **Re: Blanca Watkins – Consumer Report Request**

Dear Mr. Fok:

This letter is in response to a file disclosure request to HireRight, Inc. ("HireRight") from your office in which Ms. Watkins authorized HireRight to provide her consumer reports to you.

Pursuant to Ms. Watkins' instructions, we have attached the responsive records in the possession of HireRight, Inc. and HireRight Solutions, Inc. Also enclosed are Inquiry History Reports which identifies the companies who procured Ms. Watkins' consumer reports for employment purposes during the last three years. The Federal Trade Commission's summary explaining Ms. Watkins' rights pursuant to the Fair Credit Reporting Act is included for Ms. Watkins' file.

Some of the attached reports may be labeled "20/20", "20/20 Insight" or a similar designation (collectively, "20/20 Reports"). HireRight no longer provides 20/20 Reports to our clients as a product offering.

Should you have any questions regarding this matter, I may be reached at 918.664.9991, extension 858.2260.

Regards,

Linda Rose
Consumer Support

enclosures

---

5151 California Avenue, Irvine, CA 92617              An Altegrity Company
www.hireright.com

HireRight, Inc. is licensed by the State of California Department of Consumer Affairs Bureau of Security and Investigations Services: License #PI25532.
Additional state licensing information can be found at www.altegrity.com/compliance.

Confidential                            HireRight002792

NK-HireRight-0003418

# REPORTS PROVIDED TO ACCENTCARE

## 2011

HireRight002793

**"This report does not guarantee the accuracy or truthfulness of the information as to the subject of the investigation, but only that it was accurately copied from public records. Information generated as a result of identity theft, including evidence of criminal activity, may be inaccurately associated with the consumer who is the subject of the report."**

California Consumers: You may view the file maintained on you by HireRight during normal business hours. You may also obtain a copy of this file, upon submitting proper identification and paying the costs of duplication services, by appearing at HireRight's offices in person, during normal business hours and on reasonable notice, or by mail; you may also receive a summary of the file by telephone upon written request with proper identification. HireRight has trained personnel available to explain your file to you, including any coded information. If you appear in person, you may be accompanied by one other person, provided that person furnishes proper identification. If you would like additional information regarding your disclosure rights, you can request this information from HireRight by e-mail at customerservice@hireright.com, by telephone at 866-521-6995 or by mail at 5151 California Ave. Irvine, CA 92617.

**"Este informe no garantiza la certeza ni la veracidad de la información en cuanto al sujeto de la investigación, pero sólo que fue copiado exactamente de archivos públicos. La información engendró a consecuencia del robo de la identidad, inclusive la evidencia de la actividad criminal, puede ser asociado inexactamente con el consumidor que es el sujeto del informe".**

Los Consumidores de California: Usted puede ver el archivo mantenido en usted por HireRight durante horas de oficina normales. Usted puede obtener también una copia de este archivo, a someter identificación y pagar apropiados los costos de servicios de duplicación, apareciendo en oficinas de HireRight en la persona, durante horas de oficina normales y en la nota razonable, o por el correo; usted puede recibir también un resumen del archivo por teléfono sobre el pedido escrito con identificación apropiada. HireRight ha entrenado el personal disponible para explicarle su archivo a usted, inclusive información codificada. Si usted aparece en la persona, usted puede estar acompañado de uno otra persona, con tal de que persona proporcione identificación apropiada. Si usted querría información adicional con respecto a sus derechos de la revelación, usted puede solicitar esta información de HireRight por correo electrónico en customerservice@hireright.com, por teléfono en 866-521-6995 o por el correo en 5151 S. de California. Irvine, CA 92617.

Confidential                                                                                       HireRight002794

NK-HireRight-0003420

Case 3:13-cv-01226-JLS-BLM Doc 807-3 filed 08/12/15 PageID 14175 Page 50 of 171
Case 3:13-cv-01226-MSS-BLM Doc 807-3 filed 08/12/15 Page 50 of 171
HireRight Report to AccentCare (A04) San Diego. Subject: Court Records.                    Page 1 of 2

Intelligence to move forward.

 **HireRight.**

## Blanca Watkins
**Court Records**

Social Security Number: ***-**-9652
DOB: Redacted

Prepared By:
HireRight, Inc.
5151 California
Irvine, CA 92617
Phone: 866-521-6995, 949-428-5804
Fax: 877-797-3442, 949-224-6020
customerservice@hireright.com

Request #: HE-052311-AF24Q
Turnaround time: 4.4 business days
Package: Package 1

Date Request Submitted: 05/23/2011 12:34:58 PM
Request Completion Date: 05/28/2011 07:48:01 AM
Adjudication Status Set: 05/31/2011 06:00:30 AM

Requested By:
Kasey Cheal
AccentCare (A04) San Diego
ACI22
7851 Mission Center Court, Suite 200
San Diego, CA 92108
Phone: (619) 543-1660
E-mail: kcheal@accentcare.com;background@accentcare.com

---

**Applicant Self-Reported Convictions**                    No Records Self-Reported

---

1. **Criminal Felony & Misdemeanor (Past 7 Years History)**          Complete - Court Record Found
   **Blanca Watkins**

| | |
|---|---|
| Address(es): | San Marcos, San Diego County, CA, USA |
| | Oceanside, San Diego County, CA, USA |
| | San Luis Rey, San Diego County, CA, USA |
| Location Searched: | San Marcos, San Diego County, CA |
| | Oceanside, San Diego County, CA |
| | San Luis Rey, San Diego County, CA |
| Time Completed: | 05/28/2011 07:48 AM |
| Verified by: | QA-9764 |

HireRight Comments: 23-May-2011, 19:35 Further research is required for this background screening request and may result in requiring additional time to complete, delayed till 05/30/2011
27-May-2011, 10:53 Further research is required for this background screening request and may result in requiring additional time to complete, delayed till 06/03/2011

---

| | |
|---|---|
| Case Nbr.: | CN092550 |
| Court Name: | |
| Comments: | Confirmation: Name, Date Of Birth. |

| | | | |
|---|---|---|---|
| Count: | 1 | Severity: | misdemeanor |
| Offense Date: | 01-24-1999 | Disp. Date: | 03-23-1999 |
| Offense: | CORPORAL INJURY | | |
| Disposition: | DISMISSED | | |
| Sentence: | | | |

| | | | |
|---|---|---|---|
| Count: | 2 | Severity: | misdemeanor |
| Offense Date: | 01-24-1999 | Disp. Date: | 03-23-1999 |
| Offense: | BATTERY ON FORMER SPOUSE | | |
| Disposition: | DISMISSED | | |
| Sentence: | | | |

Confidential                                                                    HireRight002795

NK-HireRight-0003421

| Count: | 3 | Severity: | misdemeanor |
|---|---|---|---|
| Offense Date: | 01-24-1999 | Disp. Date: | 03-23-1999 |
| Offense: | Battery | | |
| Disposition: | GUILTY PLEA | | |
| Sentence: | 3 YEARS SUMAMRY PROBATION, 4 DAYS JAIL, FINED $100.00. ON 8/12/08 PETITION FOR PC 1203.4 WAS GRANTED AND CASE WAS DISMISSED | | |

---

[1] "Complete" indicates that this request has been processed to conclusion. Please review the report details in their entirety to evaluate any potential discrepancies or records related to this request.

All times listed in Pacific - USA timezone

**LEGAL NOTES:**
The information provided herein is a consumer report as defined in the federal Fair Credit Reporting Act [15 USC 1681 et.seq.] It contains confidential information on the individual named. It is submitted subject to the express conditions contained in your Subscriber Agreement with HireRight, and may be used solely for legally permissible employment purposes (i.e., as a factor in evaluating the named individual for employment, promotion, reassignment or retention as an employee). Proper use of the content of this report and final verification of the named individual's identity is your sole responsibility.

Confidential                                                                                    HireRight002796

NK-HireRight-0003422

Case 3:15-cv-01226-MSS-B Doc 807-3 merlied 08/12/15 Page 52 Pad7 of 24
Case 3:15-cv-01226-MSS-B Doc 807-3 merlied 08/12/15 Page 52 Pad7 of 24
HireRight Report to AccentCare (A04) San Diego. Subject: SS Trace/Credit.                                    Page 1 of 1

Intelligence to move forward.

 **HireRight.**

## Blanca Watkins
SS Trace/Credit

Social Security Number: ***-**-9652
DOB: Redacted

Prepared By:
HireRight, Inc.
5151 California
Irvine, CA 92617
Phone: 866-521-6995, 949-428-5804
Fax: 877-797-3442, 949-224-6020
customerservice@hireright.com

**Request #: HE-052311-AF24Q**
Turnaround time: 4.4 business days
**Package:** Package 1

Date Request Submitted: 05/23/2011 12:34:58 PM
Request Completion Date: 05/28/2011 07:48:01 AM
Adjudication Status Set: 05/31/2011 06:00:30 AM

Requested By:
Kasey Cheal
AccentCare (A04) San Diego
ACI22
7851 Mission Center Court, Suite 200
San Diego, CA 92108
Phone: (619) 543-1660
E-mail: kcheal@accentcare.com;background@accentcare.com

---

**SSN Trace***                                                                 Complete - Data Found [1]

---

| Date Report Started: | | Telephone Number: | |
|---|---|---|---|
| Subject Name: | BLANCA E WATKINS | SSN: ***-**-9652 | |

**Addresses:**

Redacted           OCEANSIDE, CA Redacted                  Date Reported: 04/04/11

**This address may be used for additional Court Records searches:**
Criminal Felony & Misdemeanor (San Diego)

Redacted           SAN LUIS REY, CA Redacte                 Date Reported: 03/07/11

**This address may be used for additional Court Records searches:**
Criminal Felony & Misdemeanor (San Diego)

Redacted           SAN MARCOS, CA Redacte                   Date Reported: 01/17/07

**This address may be used for additional Court Records searches:**
Criminal Felony & Misdemeanor (San Diego)

Redacted           SAN MARCOS, CA Redacted                  Date Reported: 12/14/05

**This address may be used for additional Court Records searches:**
Criminal Felony & Misdemeanor (San Diego)

---

**Consumer Statement**

* The Social Security Trace does not prove the validity of the social security number.

---

[1] "Complete" indicates that this request has been processed to conclusion. Please review the report details in their entirety to evaluate any potential discrepancies or records related to this request.

All times listed in Pacific - USA timezone

**LEGAL NOTES:**
The information provided herein is a consumer report as defined in the federal Fair Credit Reporting Act [15 USC 1681 et.seq.]
It contains confidential information on the individual named. It is submitted subject to the express conditions contained in your
Subscriber Agreement with HireRight, and may be used solely for legally permissible employment purposes (i.e., as a factor in
evaluating the named individual for employment, promotion, reassignment or retention as an employee). Proper use of the
content of this report and final verification of the named individual's identity is your sole responsibility.

NK-HireRight-0003423

Intelligence to move forward.

 **HireRight.**

## Blanca Watkins
**Healthcare Sanctions-All**

Social Security Number: ***-**-9652
DOB: Redacted

Prepared By:
HireRight, Inc.
5151 California
Irvine, CA 92617
Phone: 866-521-6995, 949-428-5804
Fax: 877-797-3442, 949-224-6020
customerservice@hireright.com

**Request #: HE-052311-AF24Q**
Turnaround time: 4.4 business days
**Package: Package 1**

Date Request Submitted: 05/23/2011 12:34:58 PM
Request Completion Date: 05/28/2011 07:48:01 AM
Adjudication Status Set: 05/31/2011 06:00:30 AM

Requested By:
Kasey Cheal
**AccentCare (A04) San Diego**
**ACI22**
7851 Mission Center Court, Suite 200
San Diego, CA 92108
Phone: (619) 543-1660
E-mail: kcheal@accentcare.com;background@accentcare.com

**Result:**                                                                    **Complete - data not found** [1]

Note: PRR - 25779 - 23-May-2011, 13:05 – Healthcare Sanctions (All) search identifies possible matches against HHS OIG - LEIE, GSA - EPLS, DEA, FDA, Tricare and other federal sources and boards or agencies in all states, commonwealths, territories or the District of Columbia that publish opt-out, exclusion, sanction, restriction, debarment, disqualification or discipline information.

---

[1] "Complete" indicates that this request has been processed to conclusion. Please review the report details in their entirety to evaluate any potential discrepancies or records related to this request.

All times listed in Pacific - USA timezone

**LEGAL NOTES:**
The information provided herein is a consumer report as defined in the federal Fair Credit Reporting Act [15 USC 1681 et.seq.] It contains confidential information on the individual named. It is submitted subject to the express conditions contained in your Subscriber Agreement with HireRight, and may be used solely for legally permissible employment purposes (i.e., as a factor in evaluating the named individual for employment, promotion, reassignment or retention as an employee). Proper use of the content of this report and final verification of the named individual's identity is your sole responsibility.

NK-HireRight-0003424

Inquiry History Report

Page 1 of 1

# Inquiry History Report

**Date Range:** 06/19/2009 - 06/19/2012

| Request # | Applicant | SSN | Request Submitted | Customer | Business Address - Street | City | State ID | Zip | Phone | Product |
|---|---|---|---|---|---|---|---|---|---|---|
| HE-052311-AF24Q | Blanca Watkins | ***-**-5652 | 05/23/2011 12:34:58 PM | AccuraChre (A04) San Diego | 7851 Mission Center Court, Suite 200 | San Diego | CA | 92108 | | - |
| HE-052311-AF24Q | Blanca Watkins | | | | | | | | | SSN Trace |
| HE-052311-AF24Q | Blanca Watkins | | | | | | | | | Healthcare Sanctions-All |
| HE-052311-AF24Q | Blanca Watkins | | | | | | | | | Criminal Felony & Misdemeanor |

http://reports.hireright.com/reports/publ_res/ssn_report.asp?_m=G&_fv=0&_dmode=&_dcap=Date+Range&_ft=R&m1=06&d...    6/20/2012

Confidential

Back

# REPORTS PROVIDED TO KOHLS

# 2005

NK-HireRight-0003426

```
Type of Search Requested : F/M                              Adverse


===============================================================

Requested Name  : Blanca Estela Watkins    Name on Record : Blanca Estella Watkins
Requested DOB   :                          DOB on Record  :
Requested SSN   :                          SSN on Record  :
Gender          :
Race            :
County Searched : SAN DIEGO, CA
Comments        :

     --------------------------------------------------
     Case Number      : CN092550
     File Date        : 01/27/1999
     Other ID         :
     Case Comments    : Match was made on Last Name, First Name. Discrepancies
                      : were found for Middle Name.

          ------------------------------------------
          Count            : 1
          Search Type      : Misdemeanor
          Description      : Final Charge: Spousal Abuse
          Disposition Date : 03/15/1999
          Disposition      : Dismissed
          Sentence         :
          Comments         :

          ------------------------------------------
          Count            : 2
          Search Type      : Misdemeanor
          Description      : Final Charge: Battery of Current / Former Significant
                          : Other
          Disposition Date : 03/15/1999
          Disposition      : Dismissed
          Sentence         :
          Comments         :

          ------------------------------------------
          Count            : 3
          Search Type      : Misdemeanor
          Description      : Final Charge: Disturb the Peace / Loud Noise
          Disposition Date : 03/15/1999
          Disposition      : Guilty
          Sentence         : OTHER; 4 days jail, 3 years probation, $100.00 fine
          Comments         :
```

                        Notice of Disclaimer

```
Record check for requested search only.  National record
status unknown.  Positive id requires fingerprint search.
Employment evaluation should not be based solely on
search results.  Disposition inquiries should be
directed to reporting agency.
```

about:blank

Confidential

Report does not exist

about:blank

Confidential

1. "EMPLOYEE" or "PROSPECTIVE EMPLOYEE" ON WHOM THIS REPORT IS ISSUED:
   BLANCA ESTELA WATKINS

   DRIVERS LICENSE #:
   DATE of BIRTH:

2. "EMPLOYER" or "PROSPECTIVE EMPLOYER" REQUESTING THIS REPORT:
   KOHL'S

   DATE REQUEST PROCESSED: 1/ 6/2005
   REQUEST LOCATION:707

3. INFORMATION ABOUT SUBJECT REPORTED TO "EMPLOYER" OR "PROSPECTIVE EMPLOYER:"
   Subject CLEAR in USIS Theft Database

about:blank

Confidential

HireRight002803

1. "EMPLOYEE" or "PROSPECTIVE EMPLOYEE" ON WHOM THIS REPORT IS ISSUED:
                        BLANCA ESTELA WATKINS


                            DRIVERS LICENSE #:
                            DATE of BIRTH:

2. "EMPLOYER" or "PROSPECTIVE EMPLOYER" REQUESTING THIS REPORT:
                            KOHL'S

                    DATE REQUEST PROCESSED:10/ 6/2004
                        REQUEST LOCATION:707

3. INFORMATION ABOUT SUBJECT REPORTED TO "EMPLOYER" OR "PROSPECTIVE EMPLOYER:"
        Subject CLEAR in USIS Theft Database

about:blank

NK-HireRight-0003430

## Consumer Inquiry History Report (NextGen)   (Page 1)

### Summary of Inquiries (NextGen) by Social Security Number for         between 6/20/2009 and 6/20/2012

(Printed on: 6/20/2012 5:15:20 PM)

| Date | Customer / Subject Info. | Product Requested |
|------|--------------------------|-------------------|
| 06/06/2012 | CUSTOMER INFORMATION<br>D A C Consumers<br>P O Box 94224<br>Tulsa, OK 74194<br>918-664-9991 | Transportation Employment History<br>Existing report: Text |
| 06/06/2012 | CUSTOMER INFORMATION<br>D A C Consumers<br>P O Box 94224<br>Tulsa, OK 74194<br>918-664-9991 | Drug/Alcohol Disclosure<br>Existing report: Text |
| 06/06/2012 | CUSTOMER INFORMATION<br>D A C Consumers<br>P O Box 94224<br>Tulsa, OK 74194<br>918-664-9991 | 20/20 Insight<br>Existing report: Text |

***********END OF SEARCH**********

HireRight002805

NK-HireRight-0003431

# CURRENT REPORTS

HireRight002806

NK-HireRight-0003432



We are pleased to announce that USIS Commercial Services, Inc. has changed its name to HireRight Solutions, Inc. While for a period of time you may find reference made in our materials to USIS Commercial Services, we are in the process of updating our web sites, software applications and documents to reflect this name change and expect to complete all updates in the near future. In the meantime, should you have any questions please contact us at: 800-322-9651 and select Option 3 for Customer Service.

Please Note: The information contained in this report is based on search criteria matching certain personal identifiers that indicate that this information matched the consumer who is the subject of the report. However, this information is not guaranteed for accuracy or truthfulness as it relates to the subject of this report. The information contained in this report was accurately copied from HireRight's supplier(s) of such information, including the public records of various courts and law enforcement agencies; credit bureaus; laboratories; etc., as applicable. However, information generated as a result of identity theft, including evidence of criminal activity, may be inaccurately associated with the consumer who is the subject of this report. Employment decisions should not be based solely upon information contained in this report. Positive ID requires a fingerprint search. The user of this report is responsible for following applicable local, state and federal laws with respect to the procurement and use of this information.

NK-HireRight-0003433



# 20/20 Insight

Customer:     D A C Consumers (110750)
Actor:

```
. ---------------------------------------------------------------
            HIRERIGHT SOLUTIONS, INC.
            20/20 INSIGHT HISTORY RECORD
  ---------------------------------------------------------------
            20/20 INSIGHT REQUEST INFORMATION
  ---------------------------------------------------------------
NAME: WATKINS, BLANCA
DOB:        SSN:
TYPE OF SEARCH:  CRIMINAL SEARCH
SEARCH AREA:     NATIONWIDE
REQUEST DATE:    6/6/2012
  ---------------------------------------------------------------
```

```
        IN THE CASE OF POTENTIAL MATCHES IN THE WIDESCREEN DATABASE,
        RECORDS WILL BE ORDERED FROM THE ORIGINAL SOURCE TO VERIFY ACCURACY
        AND CURRENCY.  FINAL RESULTS MAY OR MAY NOT RESULT IN A TRUE MATCH.
```

```
  ---------------------------------------------------------------
ORDER #:  91210916      REQUEST #:      156494908
  ---------------------------------------------------------------
This report is obtained from a commercial database that contains public record
information from various sources across the United States.  These records are
included in this report because the search criteria for matching personal iden-
tifiers such as name, date of birth, social security number, etc., as available,
suggested that these record(s) matched the information you provided for the
subject of the report. Because these records may not necessarily relate to the
subject you inquired about, you should use this report to broaden the scope
of the background search of the subject to include the jurisdictions and/or
the names contained in this report.
  ---------------------------------------------------------------
```

HireRight002808

NK-HireRight-0003434



# Drug/Alcohol Disclosure

Customer:        D A C Consumers (110750)
Actor:

```
==================================================================================
                    DRUG/ALCOHOL HISTORY RECORD
----------------------------------------------------------------------------------
 Search using WATKINS, B,
----------------------------------------------------------------------------------
No Drug Information is on file for WATKINS, B,
[ END OF REPORT ]
```



# Transportation Employment History

Customer:          D A C Consumers (110750)
Actor:

### EMPLOYMENT HISTORY

06/06/2012 09:46

Search Using: WATKINS, B,

No Employment History information on file for WATKINS, B,

*Para informacion en espanol, visite www.ftc.gov/credit o escribe a la FTC Consumer Response Center, Room 130-A 600 Pennsylvania Ave. N.W., Washington, D.C. 20580.*

### A Summary of Your Rights Under the Fair Credit Reporting Act

The federal Fair Credit Reporting Act (FCRA) promotes the accuracy, fairness, and privacy of information in the files of consumer reporting agencies. There are many types of consumer reporting agencies, including credit bureaus and specialty agencies (such as agencies that sell information about check writing histories, medical records, and rental history records). Here is a summary of your major rights under the FCRA. **For more information, including information about additional rights, go to www.ftc.gov/credit or write to: Consumer Response Center, Room 130-A, Federal Trade Commission, 600 Pennsylvania Ave. N.W., Washington, D.C. 20580.**

- **You must be told if information in your file has been used against you.** Anyone who uses a credit report or another type of consumer report to deny your application for credit, insurance, or employment – or to take another adverse action against you – must tell you, and must give you the name, address, and phone number of the agency that provided the information.

- **You have the right to know what is in your file.** You may request and obtain all the information about you in the files of a consumer reporting agency (your "file disclosure"). You will be required to provide proper identification, which may include your Social Security number. In many cases, the disclosure will be free. You are entitled to a free file disclosure if:

  - a person has taken adverse action against you because of information in your credit report;
  - you are the victim of identify theft and place a fraud alert in your file;
  - your file contains inaccurate information as a result of fraud;
  - you are on public assistance;
  - you are unemployed but expect to apply for employment within 60 days. In addition, by September 2005 all consumers will be entitled to one free disclosure every 12 months upon request from each nationwide credit bureau and from nationwide specialty consumer reporting agencies. See www.ftc.gov/credit for additional information.

- **You have the right to ask for a credit score.** Credit scores are numerical summaries of your credit-worthiness based on information from credit bureaus. You may request a credit score from consumer reporting agencies that create scores or distribute scores used in residential real property loans, but you will have to pay for it. In some mortgage transactions, you will receive credit score information for free from the mortgage lender.

- **You have the right to dispute incomplete or inaccurate information.** If you identify information in your file that is incomplete or inaccurate, and report it to the consumer reporting agency, the agency must investigate unless your dispute is frivolous. See www.ftc.gov/credit for an explanation of dispute procedures.

- **Consumer reporting agencies must correct or delete inaccurate, incomplete, or unverifiable information.** Inaccurate, incomplete or unverifiable information must be removed or corrected, usually within 30 days. However, a consumer reporting agency may continue to report information it has verified as accurate.

HireRight002811

NK-HireRight-0003437

- **Consumer reporting agencies may not report outdated negative information.** In most cases, a consumer reporting agency may not report negative information that is more than seven years old, or bankruptcies that are more than 10 years old.

- **Access to your file is limited.** A consumer reporting agency may provide information about you only to people with a valid need -- usually to consider an application with a creditor, insurer, employer, landlord, or other business. The FCRA specifies those with a valid need for access.

- **You must give your consent for reports to be provided to employers.** A consumer reporting agency may not give out information about you to your employer, or a potential employer, without your written consent given to the employer. Written consent generally is not required in the trucking industry. For more information, go to www.ftc.gov/credit.

- **You may limit "prescreened" offers of credit and insurance you get based on information in your credit report.** Unsolicited "prescreened" offers for credit and insurance must include a toll-free phone number you can call if you choose to remove your name and address from the lists these offers are based on. You may opt-out with the nationwide credit bureaus at 1-888-5-OPTOUT (1-888-567-8688).

- **You may seek damages from violators.** If a consumer reporting agency, or, in some cases, a user of consumer reports or a furnisher of information to a consumer reporting agency violates the FCRA, you may be able to sue in state or federal court.

- **Identity theft victims and active duty military personnel have additional rights.** For more information, visit www.ftc.gov/credit.

**States may enforce the FCRA, and many states have their own consumer reporting laws. In some cases, you may have more rights under state law. For more information, contact your state or local consumer protection agency or your state Attorney General. Federal enforcers are:**

| TYPE OF BUSINESS: | CONTACT: | |
|---|---|---|
| Consumer reporting agencies, creditors and others not listed below | Federal Trade Commission Consumer Response Center - FCRA Washington, DC 20580 | 1-877-382-4357 |
| National banks, federal branches/agencies of foreign banks (word "National" or initials "N.A." appear in or after bank's name) | Office of the Comptroller of the Currency Compliance Management, Mail Stop 6-6 Washington, DC 20219 | 800-613-6743 |
| Federal Reserve System member banks (except national banks, and federal branches/agencies of foreign banks) | Federal Reserve Consumer Help (FRCH) P O Box 1200 Minneapolis, MN 55480 Website Address: www.federalreserveconsumerhelp.gov Email Address: ConsumerHelp@FederalReserve.gov | 888-851-1920 |
| Savings associations and federally chartered savings banks (word "Federal" or initials "F.S.B." appear in federal institution's name) | Office of Thrift Supervision Consumer Complaints Washington, DC 20552 | 800-842-6929 |
| Federal credit unions (words "Federal Credit Union" appear in institution's name) | National Credit Union Administration 1775 Duke Street Alexandria, VA 22314 | 703-519-4600 |
| State-chartered banks that are not members of the Federal Reserve System | Federal Deposit Insurance Corporation Consumer Response Center 345 Grand Avenue, Suite 100 Kansas City, Missouri 64108-2638 | 1-877-275-3342 |
| Air, surface, or rail common carriers regulated by former Civil Aeronautics Board or Interstate Commerce Commission | Department of Transportation Office of Financial Management Washington, DC 20590 | 202-366-1306 |
| Activities subject to the Packers and Stockyards Act, 1921 | Department of Agriculture Office of Deputy Administrator – GIPSA Washington, DC 20250 | 202-720-7051 |

## CALIFORNIA CONSUMER RIGHTS

You have rights when an investigative consumer report is obtained on you. The following are some of your rights:

1.  You have the right to contact the agency that made the report. You can do this in one of the following ways:

    (a)  You can go to the agency in person during the normal business hours and on reasonable notice. You can bring someone with you. You and that person may be required to present identification. You may be required to sign a paper allowing the agency to discuss your file with or to show your file to this person.

    (b)  You may receive your file by certified mail, if you have given written notice to the agency that you want information mailed to you or to another person you want to receive the file. You will be required to provide identification when you write for your file.

    (c)  You may be able to discuss your file over the telephone if you have given written instructions to the agency and have provided identification.

2.  You have the right to receive a copy of your file or your investigative consumer report at the agency. You may be charged up to $8.00 to obtain a copy of your report or file. However, you may receive a free copy if:

    (a)  Once during a twelve month period if you are unemployed and intend to seek employment within sixty (60) days or you receive public welfare assistance or you believe your file contains inaccurate information because of fraud.

    (b)  If you are receiving a copy from the agency relating to an investigation into the accuracy of information you have disputed or if information is put back into your file.

3.  You have the right to know the following information:

    (a)  The names of the persons and companies who have received a report about you in the last three (3) years. You may request their addresses and telephone numbers.

    (b)  Explanations of any codes or abbreviations used in your report, so you can understand the report.

4.  You have the right to dispute any information in your file. You must contact the agency directly to do so. The person who ordered a report is required to give you the name and address of the agency.

    (a)  The agency has thirty (30) days from the day it receives your dispute to complete the investigation.

    (b)  When the agency is done with the investigation, it must tell you of any changes made in the report as a result of the investigation.

    (c)  If the investigation does not remove the information disputed by you, you have the right to place your statement of the facts in your file. The agency has people to help you write the statement. The agency may limit your statement to five hundred (500) words.

    (d)  If information is removed or you add a statement to your file, you can request the agency to send the report, as changed or with your statement, to anyone who received the information in the last two (2) years.

    (e)  If information that is removed from your files is placed back in your file, you are entitled to receive written notice of that fact and you have the right to dispute the information added.

5.  You also have rights under federal law in regard to your report. A copy of those rights are given to you with this California statement of consumer rights. Many of these rights are also included within California law.

1

HireRight002813

NK-HireRight-0003439

## DERECHOS DEL CONSUMIDOR EN CALIFORNIA

Usted tiene derechos cuando un reporte de investigación del consumidor es obtenido respecto a usted. Los siguientes son algunos de sus derechos:

1.     Usted tiene derecho de contactar la agencia que hizo el reporte y puede hacer èsto de las maneras siguientes:

     (a)     Puede ir a la agencia en persona durante horas normales de trabajo y en la nota razonable. Puede traer a un acompañante. Usted y esa persona debe traer una identificación. Es posible que tenga que firmar un documento en el que usted dará derecho a la agencia de discutir lo que está en su archivo o de mostrar el archivo a la persona que lo acompaña.

     (b)     Usted puede recibir su archivo por correspondencia certificada si es que avisó a la agencia por escrito que desea información por carta o desea que otra persona reciba su archivo. Por lo tanto, usted deberá proveer una identificación cuando solicite la información.

     (c)     Usted podrá platicar respecto a su archivo por teléfono si es que dió instrucciones por escrito a la agencia y presentó una identificación.

2.     Usted tiene derecho de recibir una copia de su archivo o de su reporte de investigación del consumidor en la agencia y se le puede cobrar hasta 8.00 dólares para obtener una copia de su reporte o archivo. De cualquier manera, usted podrá recibir una copia gratis en las siguientes circunstancias:

     (a)     Si es que durante doce meses usted está desempleado o tiene intenciones de buscar empleo durante 60 días o si usted recibe asistencia pública o cree que su archivo contiene información incorrecta debido a fraude.

     (b)     Si usted recibe una copia de la agencia relacionada con la nvestigación para verificar la exactitud de la información que usted reportó o si es que la información fuè regresada a su archivo.

3.     Usted tiene derecho de saber la siguiente información:

     (a)     Los nombres de personas y de compañías quienes han recibido un reporte respecto a usted en los últimos 3 años y puede solicitar sus domicilios y números de telèfono.

     (b)     Usted puede solicitar que se le explique códigos o abreviasiones utilizadas en su reporte para que usted lo pueda comprender con más claridad.

4.     Usted tiene derecho de reclamar cualquier información que estè en su archivo pero deberá contactar a la agencia directamente. La persona que ordenó el reporte deberá darle a usted el nombre y domicilio de la agencia.

     (a)     La agencia tiene 30 días para completar la investigación.

     (b)     Una vez terminada la investigación, la agencia debe informarle a usted de cualquier cambio que se haya hecho al reporte como resultado de la investigación.

     (c)     Si es que la investigación no elimina información reportada por usted, entonces tiene derecho de agregar su declaración en el archivo. La agencia tiene personal que le puede ayudar a escribir su declaración siempre y cuando no exceda quinientas (500) palabras.

     (d)     Si usted elimina o agrega información a su archivo puede pedirle a la agencia que mande el reporte como "Cambiado" o con su declaración a cualquiera que haya recibido la información en los últimos dos años.

     (e)     Si hay información que fuè eliminada de su archivo y después vuelta a poner, usted tiene derecho a recibir por escrito lo sucedido y tiene derecho a reclamar la información agregada.

5.     Tambièn tiene derechos bajo la ley federal respecto a su reporte. Se le dará una copia de esos derechos con èsta declaración de derechos del consumidor de California.

2

# Exhibit 6

## Tony Fields

| | |
|---|---|
| **From:** | HireRight Mail Service <customersupport@hireright.com> |
| **Sent:** | Tuesday, May 31, 2011 6:00 AM |
| **To:** | Kasey Cheal; Background |
| **Subject:** | Watkins, Blanca Does Not Meet Company Standards - Service Package: Package 1 |

<html><pre>
To:  Kasey Cheal
From: , HireRight Customer Service Department
Date: 5/31/2011 6:00 AM
Re:  Blanca Watkins - Does Not Meet Company Standards ***-**-9652 - Service Package: Package 1


-----------------------------------------------------------------

HireRight Screening Report


AccentCare (A04) San Diego's adjudication policy as currently designated, requires HireRight to assign this report to a status of: Does Not Meet Company Standards.


   Applicant: Watkins, Blanca
   Social Security Number: ***-**-9652
   Request Number: HE-052311-AF24Q
   Submitted by: Kasey Cheal
   Service Package: Package 1
   HireRight Account: AccentCare (A04) San Diego


If you have any questions, you can call 1-866-521-6995 or email customerservice@hireright.com.

Customer Service Representative
customerservice@hireright.com
Phone: 428-58045, (949) 428-5800
Fax: (877) 797-3442, (949) 224-6020

Hire Safe. Hire Smart. HireRight.
www.hireright.com



</pre></html>

1

Exhibit 7

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

_____

O'NEAL HENDERSON,                          )
on behalf of himself and all others        )
similarly situated                         )
                                           )
                    Plaintiff,             )        C.A. No.  10-459
          vs.                              )
                                           )        CLASS ACTION
HIRERIGHT SOLUTIONS, INC., and             )
USIS COMMERCIAL SERVICES, INC.,            )
                                           )
                    Defendants.            )        Jury Trial Demanded
_____  )


## <u>AMENDED CLASS ACTION COMPLAINT</u>

## I.    <u>PRELIMINARY STATEMENT</u>

1.     This is a consumer class action based upon Defendants' willful violation of the

Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA").  Plaintiff brings this action on

behalf of thousands of employment applicants throughout the country who have been the subject

of prejudicial, misleading and inaccurate background reports performed by the Defendants and

sold to employers.  Defendants have adopted and maintained a policy and practice of failing to

timely update such applicants' criminal record histories to show that such records have been

expunged, thus not accurately reflecting the final disposition.

The prejudice caused by the erroneous reporting is exacerbated by Defendants' failure to

notify the consumer contemporaneously of the fact that the erroneous criminal record

information is being sent to the employer, and Defendants' failure to maintain strict procedures

to assure that expunged records are removed from their reports and that the information is

complete and up to date.  As a result, consumers who are entitled to receive copies of their credit

files from Defendants pursuant to section 1681k of the FCRA are deprived of full disclosure, and

unable to adequately verify and/or dispute the accuracy of the information that Defendants are

selling to employers. Defendants' practice harms consumers seeking employment by prejudicing their prospective employers with inaccurate and misleading information, and harms interstate commerce as a whole.

## II.  JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331 and 1337.

3.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## III.  PARTIES

4.  Plaintiff O'Neal Henderson is an adult individual and citizen of the Commonwealth of Pennsylvania who resides at 3910 Delhi Street, Philadelphia, Pennsylvania 19140.

5.  Defendant HireRight Solutions, Inc. ("HireRight") is an Oklahoma corporation that regularly conducts business in Philadelphia County, Pennsylvania. HireRight has headquarters in Irvine, California, and a principal place of business located at 4500 South 129th East Avenue, Suite 200, Tulsa, Oklahoma 74134-5885.

6.  Defendant USIS Commercial Services, Inc. ("USIS") is a Delaware corporation that regularly conducts business in Philadelphia County, Pennsylvania. USIS has a principal place of business located at 4500 South 129th East Avenue, Suite 200, Tulsa, Oklahoma 74134-5885. USIS and HireRight recently united under the HireRight brand name.

## IV.  FACTUAL ALLEGATIONS

### A.  Defendants' Practices As A Consumer Reporting Agency And Furnisher Of Consumer Reports For Employment Purposes

7.  At all times pertinent hereto, Defendants USIS and HireRight were each a consumer reporting agency ("CRA") as defined by section 1681a(f) of the FCRA.

8.    Among other things, the FCRA regulates the collection, maintenance, and disclosure of consumer credit report information by CRAs, including public record information.

9.    Defendants investigate and review public record databases and maintain consumer files, which contain public record information concerning, among other things, the criminal record history of individuals.

10.    Defendants sell such consumer files to potential employers wishing to investigate the criminal record history, or lack thereof, with regard to various job applicants.  According to a HireRight press release from March 2009, the Defendant sells background reports to more than 28,000 businesses across the country.

11.    When a CRA furnishes a consumer report for employment purposes, and compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment, the CRA, at the time the public record information is reported to the user of the consumer report, must notify the consumer of the fact that public record information is being reported by the CRA, together with the name and address of the person to whom such information is being reported.  15 U.S.C. § 1692k(a)(1).

12.    A CRA is also required to maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported, that it is complete and up to date. 15 U.S.C. § 1692k(a)(2).

13.    A CRA is also required to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. 15 U.S.C. § 1692e(b).

14.     Despite these clear and unambiguous requirements of the FCRA, Defendants neither notify the consumer contemporaneously of the fact that public record information is being reported by Defendants, nor do they maintain strict procedures designed to insure that such information is complete and up to date, nor do they utilize reasonable procedures designed to assure maximum possible accuracy. Based upon a common policy and practice, Defendants regularly and illegally report a criminal record that has been expunged by court order, so that the individual's criminal record history appears more serious than it actually is.

15.     Defendants' practice not only violates the FCRA as a matter of law, it exacts serious consequences on consumer job applicants and interstate commerce. When consumers have been reported as having criminal history records that have actually been expunged by court order, they are undoubtedly viewed as less desirable job applicants and more likely not to be hired by the employers who pay Defendants to issue such reports.

16.     Further, such consumers are prejudiced in their ability to adequately determine whether the information is being accurately reported. Pursuant to Defendants' practice, by the time the consumer is made aware of the inaccurate reporting, it is too late to correct the information because it has already been sold to the employer by the Defendants and has formed the basis of a decision whether to hire the applicant.

17.     Despite their duties to notify the consumer contemporaneously of the fact that the expunged criminal record information is being sent to the employer, to maintain strict procedures to assure that criminal record information is complete and up to date, and to utilize procedures designed to assure maximum possible accuracy of the criminal record information they sell to prospective employers, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently adopted a policy and practice that disregards these duties, in violation of the FCRA.

## B.    The Experience Of The Representative Plaintiff

18.    In July 1995, Mr. Henderson had been arrested as a result of an unfortunate encounter with the Philadelphia Housing Authority police within hours of learning of the death of his father.  Mr. Henderson was found guilty of simple assault and resisting arrest, and sentenced to less than a year of probation.

19.    In a separate case brought in connection with the July 1995 incident, Mr. Henderson was found not guilty of three other charges (recklessly endangering another person, simple assault, and resisting arrest other law enforcement) and a charge of aggravated assault was dismissed.

20.    In January 2007, Mr. Henderson was arrested in connection with an alleged sexual assault.  All charges were withdrawn by the District Attorney.

21.    By court Orders dated May 18, 2009 (the "Expungement Orders"), the aforementioned charges of which Mr. Henderson was not convicted were ordered expunged by the Court of Common Pleas, Criminal Trial Division, for Philadelphia County.

22.    Certified copes of the Expungement Orders were ordered to be served on the Philadelphia Police Department, Expungement Unit; the Pennsylvania State Police ("PSP"), Central Records; the Administrative Office of Pennsylvania Courts ("AOPC") Expungement Unit; and, the First Judicial District of Pennsylvania, Data Processing Unit.

23.    The Expungement Orders further ordered that the arresting agency shall destroy or deliver to the defendant or his representative all criminal records, fingerprints, photographic plates and photographs pertaining to the expunged charges, and also ordered the Pennsylvania State Police to request the Federal Bureau of Investigation to return to them all records pertaining to the arrests, to be destroyed upon receipt.

24.    Defendants prepared a series of criminal background check reports on Mr. Henderson after the Expungement Orders were entered.  These reports were prepared between June 4, 2009 and June 22, 2009.

25.    The public sources of information in Pennsylvania from which CRAs such as HireRight can obtain information used for criminal background checks are maintained by AOPC and the PSP.

26.    In Pennsylvania, criminal court records are made publicly available at no cost and with no restrictions in a database maintained by AOPC and available on its website.  These records can be accessed within seconds from the AOPC website.

27.     By contrast, a request for information from the PSP database costs $10.00.  Moreover, if the person's record shows arrests or convictions, there will not be a response for at least two to three weeks, and often longer.  For these reasons, CRAs seldom order or wait for PSP records before generating a background check, unless the job for which a person is being screened requires a PSP record check as a matter of law.

28.    Consequently, CRAs as a matter of general practice use the AOPC database as their source of public criminal history data in Pennsylvania.

29.    As they expressly state in their background reports, Defendants utilize the AOPC database as a "source" in connection with their compilation and sale of background reports on consumers.

30.    As a general practice, expunged criminal charges in Philadelphia are hidden from public view in AOPC's database within days of an expungement order.

31.    Mr. Henderson's expunged charges were removed from public view in AOPC's database within days of the May 18, 2009 Expungement Orders.  It is known with certainty that these expunged charges were hidden from public view at least as of June 5, 2009.

32.     As of the removal from public view of the expunged charges from AOPC's database, any preparer of a background check that maintained strict procedures designed to insure complete and up to date information would have been aware that it was no longer appropriate to report the expunged charges.

33.     Defendants continued to report the expunged charges on Mr. Henderson's background check reports after they had been hidden from public view in AOPC's database.

34.     In May 2009, Mr. Henderson applied for the position of truck driver with Road Link USA ("Road Link").

35.     Road Link employed Defendant USIS to perform a public record information search on Mr. Henderson.

36.     On or about June 4, 2009, USIS sent Mr. Henderson a copy of his consumer report (the "June 4 Report") accompanied by a letter which stated in part that "this letter is notification that the enclosed Public Record Information on [Mr. Henderson] has been ordered and is being provided to [Road Link]. This notice is being sent to you pursuant to Section 613 of the Fair Credit Reporting Act."

37.     The June 4 Report comprised over ten pages and USIS deliberately and knowingly reported the expunged cases multiple times. The June 4 Report states, at page 8, that the AOPC was the Defendant's "source" for the criminal record information.

38.     On June 9, 2009, Mr. Henderson's attorney sent Defendant USIS a letter notifying Defendant of, and enclosing copies of, the Expungement Orders. Mr. Henderson's attorney demanded that Defendants USIS or HireRight immediately remove the expunged cases from their data bases and not report them in any further criminal record report on Mr. Henderson.

39.     Around the same time in 2009, Mr. Henderson applied for the position of truck driver with Prime, Inc. ("Prime").

40.     Prime employed Defendant USIS to perform a public record information search on Mr. Henderson.

41.     On or about June 10, 2009, USIS sent Mr. Henderson a copy of his consumer report (the "June 10 Report") accompanied by a letter which stated in part that "this letter is notification that the enclosed Public Record Information on [Mr. Henderson] has been ordered and is being provided to [Prime].  This notice is being sent to you pursuant to Section 613 of the Fair Credit Reporting Act."

42.     The June 10 Report comprised over ten pages and USIS deliberately and knowingly reported the expunged cases multiple times. The June 10 Report states, at page 8, that the AOPC was the Defendant's "source" for the criminal record information.

43.     Around the same time in 2009, Mr. Henderson applied for the position of truck driver with CR England, Inc. ("CR England").

44.     CR England employed Defendant USIS to perform a public record information search on Mr. Henderson.

45.     On or about June 18, 2009, USIS sent Mr. Henderson a copy of his consumer report (the "June 18 Report") accompanied by a letter which stated in part that "this letter is notification that the enclosed Public Record Information on [Mr. Henderson] has been ordered and is being provided to [CR England].  This notice is being sent to you pursuant to Section 613 of the Fair Credit Reporting Act."

46.     The June 18 Report comprised over ten pages and USIS deliberately and knowingly reported the expunged cases multiple times.  The June 18 Report states, at page 8, that the AOPC was the Defendant's "source" for the criminal record information.

8

47.     Around the same time in 2009, Mr. Henderson applied for the position of truck driver with Western Express, Inc. ("Western Express").

48.     Western Express employed Defendant USIS to perform a public record information search on Mr. Henderson.

49.     On or about June 22, 2009, USIS sent Mr. Henderson a copy of his consumer report (the "June 22 Report") accompanied by a letter which stated in part that "this letter is notification that the enclosed Public Record Information on [Mr. Henderson] has been ordered and is being provided to [Western Express]. This notice is being sent to you pursuant to Section 613 of the Fair Credit Reporting Act."

50.     The June 22 Report comprised over ten pages and USIS deliberately and knowingly reported the expunged cases multiple times. The June 22 Report states, at page 8, that the AOPC was the Defendant's "source" for the criminal record information.

51.     Mr. Henderson was notified by prospective employers that, as a result of the review of the inaccurate public record information reports supplied by Defendants, he would not be considered for employment.

52.     Defendants failed to search for updated public record information on Mr. Henderson's expunged criminal cases, because the only source of information that they could have obtained in the time frames in which they produced the reports was the AOPC database, from which the cases had been hidden from public view by the time that the reports were compiled.

53.     In preparing Mr. Henderson's reports in June 2009, Defendants did not search public records in which Mr. Henderson's cases had not yet been expunged.

54.     Defendants' background reports prepared in June 2009 list the source of the expunged cases as AOPC, even though these cases had been eliminated from public view on the AOPC website before the reports were compiled because of the Expungement Orders.

55.     Defendants have asserted that, subsequent to June 22, 2009, they "reinvestigated" the disputed information and that they performed additional background checks on Plaintiff and reported the results, without the expunged records, to prospective employers.

56.     Plaintiff does not assert, under section 1681i of the FCRA, that Defendants failed to reinvestigate disputed information.

57.     A CRA's duty under section 1681k to maintain strict procedures to insure that public record information is complete and up to date is absolute and not dependent on whether a consumer knows of or disputes inaccurate information.  The requirements of section 1681k have nothing to do with a CRA's duty to reinvestigate disputes under section 1681i.  In other words, the FCRA does not require consumers to wait to have inaccurate public record information reported about them and to then dispute the inaccuracies.

58.     That Defendants may have subsequently corrected their earlier practice of not maintaining strict procedures to insure complete and up to date public record information does not negate or absolve them from their deliberate and knowing reporting of the expunged records to prospective employers prior to changing their practices.

59.     In fact, well after this case was filed and Defendants' violations of law were brought to their attention, Defendants continue to demonstrate their lack of understanding of public record information.  In their motion to dismiss filed on April 5, 2010 (Doc. 7), Defendants claim that Plaintiff's expunged information "is still publicly available from the on-

line criminal docket." Doc. 7-2 at 3. That is not true. Defendants have confused the expunged case with a different case that was not expunged, and that remains of record.

60.     Defendants' practices and procedures described herein affected not only the Plaintiff but also other applicants for employment who had obtained the expungement or removal of criminal charges that were nonetheless deliberately and knowingly reported by Defendants to prospective employers.

61.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

62.      At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## V.    CLASS ACTION ALLEGATIONS

63.     Plaintiff brings this action individually and as a class action for Defendants' willful violation of sections 1681k and 1681e(b) of the FCRA, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Class: All natural persons residing in the United States who were the subject of a consumer report prepared by Defendants within two (2) years prior to the filing of the Complaint who were the subjects of background reports in which expunged criminal charges were reported or to whom Defendants did not provide notice that they were furnishing a consumer report on the persons prior to or contemporaneously with their provision of the report.

64.     The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendants, Plaintiff avers upon information and belief that the Class numbers in the thousands. Defendants sell criminal history

record information to thousands of businesses throughout the country, and their reports to such businesses are standardized, form documents, produced by the same practices and procedures applicable to all subjects of the reports.

65.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The principal questions include (a) whether the Defendants willfully violated section 1681k of the FCRA by failing to notify consumers contemporaneously of the fact that criminal record information is being sent to prospective employer, (b) whether Defendants willfully violated section 1681k of the FCRA by failing to maintain strict procedures to assure that the information is complete and up to date, and (c) whether Defendants, by employing a policy and practice of disclosing expunged criminal record histories, willfully violated section 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

66.     Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

67.     Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter.  Plaintiff has secured counsel experienced in handling consumer class actions.  Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this claim.

68.     This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of

other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

69.     Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

70.     A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small as the maximum statutory damages are limited to $1,000.00 under the FCRA.  Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained from Defendants' records.

## VI.     COUNT ONE - FCRA

71.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

72.     Pursuant to section 1681n of the FCRA, Defendants are each liable for willfully violating the FCRA by engaging in the following conduct:

(a)     Failing to notify consumers contemporaneously of the fact that criminal record information is being provided to prospective employers;

(b)     Failing to maintain strict procedures to assure that the information is complete and up to date;

(c)     Failing to utilize procedures designed to assure maximum possible accuracy of the information they sell to prospective employers.

# VII.   JURY TRIAL DEMAND

73.   Plaintiff demands trial by jury on all issues so triable.

# VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in favor of himself and the Class for the following:

(a)   That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

(b)   That judgment be entered against Defendants for statutory damages in the amount of not less than $100 and not more than $1,000 per violation per Class member, pursuant to 15 U.S.C. § 1681n(a);

(c)   That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. §§ 1679g(a)(2), 1681n(a)(2);

(d)   That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1679g(a)(3), 1681n and 1681o; and

(g)   That the Court grant such other and further relief as may be just and proper.


Dated: May 5, 2010                                      Respectfully submitted,

                                                        COMMUNITY LEGAL SERVICES, INC.
                                                        Sharon M. Dietrich
                                                        Janet Ginzberg
                                                        1424 Chestnut Street
                                                        Philadelphia, PA  19102
                                                        215-981-3700

                                                        DONOVAN SEARLES, LLC

                                        By:     *s/ David A. Searles*
                                                        David A. Searles
                                                        1845 Walnut Street, Suite 1100
                                                        Philadelphia, PA 19103
                                                        (215) 732-6067

**FRANCIS & MAILMAN, P.C.**
James A. Francis
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff and the Class

# Exhibit 8

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Richmond Division)

| | |
|---|---|
| JAMES RYALS, JR., et al., | |
| Plaintiffs, | |
| v. | |
| HIRERIGHT SOLUTIONS, INC., et al., | Case No. 3:09-cv-625 |
| Defendants. | |
| O'NEAL HENDERSON, | |
| Plaintiff, | |
| v. | |
| HIRERIGHT SOLUTIONS, INC., f/k/a USIS COMMERCIAL SERVICES, INC., | Case No. 3:11-cv-558 |
| Defendant. | |
| BAHIR SMITH, | |
| Plaintiff, | |
| v. | |
| HIRERIGHT SOLUTIONS, INC., f/k/a USIS COMMERCIAL SERVICES, INC., | Case No. 3:11-cv-505 |
| Defendant. | |

## AMENDED FINAL ORDER AND JUDGMENT

On October 5, 2009, James Ryals, Jr., commenced the lawsuit styled *Ryals v. HireRight Solutions, Inc.*, in the United States District Court for the Eastern District of Virginia, Civil Action No: 3:09-cv-625, alleging that HireRight Solutions, Inc. (formerly known as USIS

1

Commercial Services, Inc.) ("HireRight Solutions") failed to comply with the FCRA, specifically the notification procedures required by 15 U.S.C. § 1681k, when it issued a consumer report for employment purposes to his employer.

On December 17, 2009, Bahir Smith commenced the lawsuit styled *Smith v. HireRight Solutions, Inc., et. al.*, on behalf of himself and a group of similarly situated individuals, in the United States District Court for the Eastern District of Pennsylvania, Civil Action No. 2:09-cv-6007, alleging that HireRight Solutions, formerly known as USIS Commercial Services, Inc., failed to comply with the notification procedures required by § 1681k of the FCRA and also failed to comply with § 1681e(b) of the FCRA (which requires reasonable procedures to ensure maximum possible accuracy of consumer reports).

On February 1, 2010, O'Neal Henderson commenced the lawsuit styled *Henderson, et. al. v. HireRight Solutions, Inc., et. al.*, on behalf of himself and a group of similarly situated individuals, in the United States District Court for the Eastern District of Pennsylvania, Civil Action No. 2:10-cv-459, alleging that HireRight Solutions, formerly known as USIS Commercial Services, Inc., failed to comply with the notification procedures required by § 1681k of the FCRA and failed to comply with § 1681e(b) of the FCRA.

On February 1, 2010, James Ryals, Jr., and others filed a "First Amended Class Complaint" in the United States District Court for the Eastern District of Virginia, in Civil Action No. 3:09-cv-625, on behalf of themselves and a group of similarly-situated individuals alleging that HireRight Solutions and affiliated companies (hereinafter collectively referred to as "Defendants") violated the FCRA by: 1) failing to comply with the notification procedures required by § 1681k; 2) failing to follow the requirements set forth in § 1681g for providing information to consumers upon their request; and 3) failing to follow the procedures set forth in §

2

1681i for initiating and resolving consumer disputes. Certain Plaintiffs also alleged on behalf of themselves only that Defendants failed to comply with § 1681e(b) of the FCRA.

On April 9, 2010, May 26, 2010, and July 26, 2010, HireRight Solutions answered the complaints in the *Ryals*, *Smith*, and *Henderson* cases, respectively, denying the allegations therein, denying that the actions are suitable for certification pursuant to Federal Rule of Civil Procedure 23, and asserting affirmative and additional defenses that Defendants contend are meritorious notwithstanding their willingness to enter into the Settlement Agreement.

On April 9, 2010, HireRight Solutions' affiliates Altegrity, Inc., Explore Information Services, LLC, and USIS filed a Motion to Dismiss and/or Motion for Summary Judgment arguing that the First Amended Complaint failed to allege any wrongdoing by them and involved only HireRight Solutions, Inc. (formerly known as USIS Commercial Services, Inc.).

On April 13, 2010, Defendants filed a motion to transfer *Ryals*, Civil Action No. 3:09-cv-625 (E.D. Va.), to the United States District Court for the Northern District of Oklahoma.

On April 30, 2010, HireRight Solutions filed motions to transfer *Smith* and *Henderson*, Civil Action Nos. 2:09-cv-6007 (E.D. Pa.) (*Smith*) and 2:10-cv-459 (E.D. Pa.) (*Henderson*), to the United States District Court for the Northern District of Oklahoma.

On June 7, 2010, the Honorable Judge Ronald L. Buckwalter ordered the *Smith* and *Henderson* cases transferred from the United States District Court for the Eastern District of Pennsylvania to the United States District Court for the Northern District of Oklahoma, where the *Henderson* case was assigned Civil Action No. 4:10-cv-443 and the *Smith* case was assigned Civil Action No. 4:10-cv-444.

On July 8, 2011, Plaintiffs filed a consent motion to transfer Civil Action Nos. 4:10-cv-443 (N.D. Okla.) (*Henderson*) and 4:10-cv-444 (N.D. Okla.) (*Smith*), to the United States District Court for the Eastern District of Virginia.

By orders dated August 4 and August 23, 2011, the Honorable Judge Gregory K. Frizzell ordered the *Henderson* and *Smith* cases transferred from the United States District Court for the Northern District of Oklahoma to the United States District Court for the Eastern District of Virginia where the cases were, on September 22, 2011, consolidated solely for settlement purposes with the *Ryals* case.

The *Smith* and *Henderson* Plaintiffs and class members are also members of the *Ryals* classes such that all of the relevant claims and all of the relevant Parties are before the Honorable Judge John A. Gibney, Jr., in the Eastern District of Virginia under Civil Action No. 3:09-cv-625.

The *Ryals*, *Smith*, and *Henderson* actions are collectively referred to herein as the "Lawsuits." Defendants have denied any and all liability alleged in the Lawsuits.

After extensive arms-length negotiations, discovery and four days of mediation over the course of several months, Plaintiffs and Defendants (hereinafter jointly referred to as the "Parties") entered into a Settlement Agreement and Release (hereinafter referred to as the "Agreement"), which is subject to review under Federal Rule of Civil Procedure 23.

On July 1, 2011, Plaintiffs filed the Agreement, along with a consent Motion for Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Motion").

4

In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, Defendants served written notice of the proposed class settlement on the United States Attorney General and the Attorneys General of all 50 states and the District of Columbia.

On July 7, 2011, upon consideration of the Agreement, the Preliminary Approval Motion, and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuits; (ii) preliminarily approved the proposed Agreement; (iii) appointed Plaintiffs James Ryals, Jr., Craig J. Cooper, Franklin Hill, Daniel Jackson, Ruben A. Fuentes, Byron A. Meriweather, Sharon Spence, Charles E. Taylor, Gregory S. Priebe, Cynthia Tyler, Ray L. Campbell, Leslie Childs, James E. Shivers, Bahir Smith and O'Neal Henderson as the Class Representatives; (iv) appointed as Class Counsel Leonard Bennett and Matthew Erausquin of Consumer Litigation Associates, P.C.; Christopher Colt North; Dennis O'Toole, Matthew Dooley and Anthony Pecora of Stumphauzer | O'Toole; Sharon Dietrich and Janet Ginzberg of Community Legal Services, Inc.; David A. Searles and Michael D. Donovan of the firm Donovan Searles & Axler, LLC; and James A. Francis and Erin A. Novak of the firm Francis & Mailman, P.C.; and, (v) set the date and time of the Fairness Hearing.

On October 20, 2011, the Plaintiffs filed an Uncontested Motion for Final Approval of Class Settlement, and an Award of Incentive Payments and Attorneys Fees, along with a supporting memorandum (hereinafter referred to as "Plaintiffs' Final Approval Motion").

On October 24, 2011, Defendants filed a Memorandum in Support of Final Approval and Response to Objections to the Proposed Settlement (hereinafter referred to as "Defendants' Final Approval Memorandum").

On November 3, 2011, a Fairness Hearing was held pursuant to Federal Rule of Civil Procedure 23 to determine whether the Lawsuits satisfy the applicable requirements for class action treatment and whether the proposed settlement is fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court.

The Parties now request final certification of the Settlement Classes under Fed. R. Civ. P. 23(b)(3) and final approval of the Settlement under Fed. R. Civ. P. 23(e).

The Court has read and considered the Agreement, Plaintiffs' Final Approval Motion, Defendants' Final Approval Memorandum, and the record. All capitalized terms used herein have the meanings defined herein or in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    The Court has jurisdiction over the subject matter of the Lawsuits and over all settling Parties.

2.    **CLASS MEMBERS** – Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuits are hereby certified, for settlement purposes only, as a class action on behalf of the following Class Members with respect to the claims asserted in the Lawsuits and is composed of the following Classes and Subclasses:

   a.    1681k Settlement Class – all consumers for whom HireRight Solutions issued a consumer report for employment purposes requiring notice under § 1681k(a)(1) on or after October 5, 2004 but on or before October 15, 2010.

      i.    1681k – Five-Year Subclass – all consumers for whom HireRight Solutions issued a consumer report for employment purposes requiring

6

notice under § 1681k(a)(1) on or after October 5, 2004 but before December 17, 2007 (hereinafter referred to as "Five-Year Subclass").

ii.    1681k – Legacy Procedures Subclass – all consumers for whom HireRight Solutions issued a consumer report for employment purposes requiring notice under § 1681k(a)(1) on or after December 17, 2007 but before June 25, 2008 (hereinafter referred to as "Legacy Procedures Subclass").

iii.    1681k – New Procedures Subclass – all consumers for whom HireRight Solutions issued a consumer report for employment purposes requiring notice under § 1681k(a)(1) on or after June 25, 2008, but on or before October 15, 2010 (hereinafter referred to as "New Procedures Subclass") .

b.    1681i Settlement Class – all consumers who submitted a dispute to HireRight Solutions after February 2, 2008 but before August 31, 2010 (hereinafter referred to as "1681i Settlement Class").

c.    Actual Damages Claims Settlement Class – members of the 1681i Settlement Class who opt to file claims and become Actual Damages Claimants.

3.    There are approximately **665,318** 1681k Settlement Class Members divided as follows:  **301,391** 1681k – Five-Year Subclass Members; **129,841** 1681k – Legacy Procedures Subclass Members; and **234,086** 1681k – New Procedures Subclass Members.  There are approximately **21,763** 1681i Settlement Class Members who are eligible to become Actual Damages Claims Settlement Class Members.

4.    **CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT** – Pursuant to Fed. R. Civ. P. 23, the Court certifies James Ryals, Jr., Craig J. Cooper, Franklin Hill, Daniel Jackson, Ruben A. Fuentes, Byron A. Meriweather, Sharon Spence, Charles E. Taylor, Gregory S. Priebe, Cynthia Tyler, Ray L. Campbell, Leslie Childs, James E. Shivers, Bahir Smith and O'Neal Henderson as the Class Representatives and appoints Leonard Bennett and Matthew Erausquin of Consumer Litigation Associates, P.C.; Christopher Colt North; Dennis O'Toole, Matthew Dooley and Anthony Pecora of Stumphauzer | O'Toole; Sharon Dietrich and Janet Ginzberg of Community Legal Services, Inc.; David A. Searles and Michael

7

D. Donovan of the firm Donovan Searles & Axler, LLC; and James A. Francis and Erin A. Novak of the firm Francis & Mailman, P.C. as Class Counsel.

5.    **NOTICES AND CLAIM FORMS** – Pursuant to the Court's Preliminary Approval Order, the approved Mail Notices were mailed, along with the claim forms. The form and method for notifying the Class Members of the settlement and its terms and conditions were in conformity with this Court's Preliminary Approval Order, satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court further finds that the notices were clearly designed to advise the Class Members of their rights and clearly and concisely stated, in plain, easily understood language, all features of the Lawsuit and Settlement set forth in Fed. R. Civ. P. 23(c)(2)(B).

6.    **FINAL CLASS CERTIFICATION** – The Court finds that the Settlement Classes satisfy the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23. Namely, the Court finds that, for each Settlement Class and Settlement Subclass:

A.    The Settlement Class Members are so numerous that joinder of all of them is impracticable;

B.    There are questions of law and fact common to the Settlement Class Members, which predominate over any individual questions;

C.    The claims of the Class Representatives are typical of the claims of the Settlement Class Members;

D.    The Class Representatives and Class Counsel have fairly and adequately protected the interests of all of the Settlement Class Members; and

E.    Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is

8

superior to other available methods for a fair and efficient adjudication of this controversy.

7.      The Court, having considered the relevant papers, including the Plaintiffs' Final Approval Motion, Defendants' Final Approval Memorandum, and each of the objections filed by Settlement Classes Members, finds that the settlement of the Lawsuits, on the terms and conditions set forth in the Agreement, is in all respects fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Parties' cases; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and, the limited amount of any potential total recovery for Class Members if litigation continued.

8.      **SETTLEMENT TERMS** – The Agreement (which was filed on July 1, 2011, Docket No. 62-1, and shall be deemed incorporated herein) and the proposed settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court.  The material terms of the Agreement include, but are not limited to, the following:

A.      Each 1681k – Five Year Subclass Member shall be paid from the Settlement Fund the gross amount of fifteen dollars (**$15.00**), which is subject to *pro rata* reduction for attorneys' fees and costs approved by the Court;

B.      Each 1681k – Legacy Procedures Subclass Member shall be paid from the Settlement Fund the gross amount of eighty-two dollars and fifty cents (**$82.50**), which is subject to *pro rata* reduction for attorneys' fees and costs approved by the Court;

9

C.     Each 1681k –New Procedures Subclass Member shall be paid from the Settlement Fund the gross amount of twenty-four dollars (**$24.00**), which is subject to *pro rata* reduction for attorneys' fees and costs approved by the Court;

D.     Each 1681i Settlement Class Member who does not submit an Actual Damages Claim shall be paid from the Settlement Fund the gross amount of two hundred dollars (**$200.00**), which is subject to *pro rata* reduction for attorneys' fees and costs approved by the Court;

E.     Each Actual Damages Claims Settlement Class Member who is determined to have a Valid Claim shall be paid from the Settlement Fund a *pro rata* share based upon the number of Valid Claims and the amount of the Actual Damages Claims Settlement Fund as calculated after the end of the forty-five day period described in Section 8.7.1 of the Agreement; provided, however, that such payment may not exceed twenty thousand dollars (**$20,000.00**). The Parties have projected at the current mailing success and claim rates that the net payment to each claimant will be two thousand one hundred dollars ($2,100.00).

F.     The Plaintiffs and Class Counsel have moved for an Incentive Award for each Class Representative in the amount of ten thousand dollars ($10,000.00). The Court awards each Class Representative ten thousand dollars (**$10,000.00**), separate and apart from the attorneys' fee award made by the Court (Dk. No. 122), which shall be paid within five days after the Effective Date in accordance with Section 8.8.3 of the Agreement;

G.     Defendants have contributed cash in the amount of twenty-eight million three-hundred seventy-five thousand dollars (**$28,375,000.00**) to the Settlement Fund

10

for the combined settlement payments, attorneys' fees, incentive awards, and costs of notice and settlement administration. Any excess funds remaining in the Settlement Fund after all distributions have been made in accordance with the Agreement shall be donated to a *cy pres* entity selected by Class Counsel, subject to approval by the Court and reasonable approval by Defendants' Counsel. In the absence of agreement, the Court shall designate the *cy pres* entity to receive the balance, if any, of the Settlement Fund.

H.    The Plaintiffs and Class Counsel have moved for an award of attorneys' fees in the amount of nine million three-hundred sixty-three thousand seven-hundred fifty dollars ($9,363,750.00), which constitutes thirty-three (33%) of the total settlement cash value. The Court awards attorneys' fees, costs and expenses in the amount of five million nine-hundred fifty-eight thousand seven-hundred fifty dollars (**$5,958,750.00**), which constitutes twenty-one percent (**21%**) of the total settlement cash value and shall be paid within five days after the Effective Date in accordance with Section 8.3.4 of the Agreement.

9.    **<u>OBJECTIONS AND EXCLUSIONS</u>** – The Class Members were given an opportunity to object to the settlement. Twenty-seven (27) Class Members timely objected to the settlement.[1] An additional seven (7) Class Members objected to the settlement after the cut-off

---

[1] *See* DE 78-5 (Aubin); DE 78-14 (Baker); DE 78-09 (Benston); DE 78-7 (Biles); DE 83-1 (Bishop); DE 78-8 (Brooks); DE 78-11 (Burney); DE 82 (Cotton); DE 78-4 (Davis); DE 78-1 (DeBose); DE 78-3 (Devine); DE 80 (Dorsey); DE 78-17 (Easter); DE 80-1 (Goldsmith); DE 78-12 (Head); DE 80-2 (Ignacio); DE 78-10 (Lopez); DE 83-2 (McClure); DE 80-3 (McKinney); DE 80-4 (Morgan); DE 82-1 (Pence); DE 78-15 (Robins); DE 78-13 (Ruch); DE 78-18 (Smith); DE 78-16 (Tickle); DE 82-2 (Wilson); DE 78-2 (Wyatt).

11

date of October 13, 2011.[2]  Of these Class Members, four (4) have since withdrawn their objections.  The Court has carefully considered all the objections including those that were not timely made) and finds that they are without merit.

The Class Members who made valid and timely requests for exclusion are excluded from the Settlement Classes and Settlement and are not bound by this Order.  As of the date of this Order, only 258 Class Members validly and timely requested exclusion.  The identities of such persons are set forth in Exhibit A, attached hereto.

10.     This Order is binding on all Class Members, except those individuals identified in Exhibit A hereto (who validly and timely excluded themselves from the class).

11.     **RELEASE OF CLAIMS AND DISMISSAL OF LAWSUITS** – The Class Representatives, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement.  Pursuant to the Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this order.

12.     The Clerk of Court is directed to enter final judgment dismissing the Lawsuits with prejudice.

13.     This Order and Judgment is not, and shall not be construed as, an admission by Defendants of any liability or wrongdoing in this or in any other proceeding.

14.     The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuits and/or Agreement, including the administration,

---

[2] *See* DE 86 (Balliet); DE 106 (Cole); DE 88 (Elliott); DE 97-1 (Jackson); DE 97 (Kenner); DE 106-1 (Moreland); DE 89 (Tucker); DE 117 (Smith); DE 119 (Alson).

interpretation, construction, effectuation, enforcement, and consummation of the Settlement and this order.

<div align="center">ORDER</div>

IT IS SO ORDERED.

/s/

_____
John A. Gibney, Jr.
United States District Judge

DATED: December 22, 2011

<div align="center">13</div>

# EXHIBIT A


McGladrey

Exclusion List

## Exclusions Received (1681i)

| # | First Name | Last Name | ID | Class | Late |
|---|-----------|-----------|-----|-------|------|
| 1 | BRADY | ALDRICH | 676784 | 1681i | |
| 2 | ABDI | ALI | 676510 | 1681i | |
| 3 | ROXANNE | ALVERY | 667549 | 1681i | L |
| 4 | MICHAEL | BECK | 677890 | 1681i | |
| 5 | THOMAS | BLACK | 684541 | 1681i | |
| 6 | MICHAEL | BURNS | 679892 | 1681i | |
| 7 | RICHARD | BUTTON | 685797 | 1681i | |
| 8 | BENJAMIN | COAKS | 668295 | 1681i | |
| 9 | JAMES | COWART | 676770 | 1681i | L |
| 10 | ERIC | DYLENSKI | 667926 | 1681i | |
| 11 | JUAN | GARCIA | 674979 | 1681i | |
| 12 | MARGUERITA | GARCIA | 676554 | 1681i | |
| 13 | TRACY | JOHNAON | 668898 | 1681i | |
| 14 | REGINALD | JOHNSON | 669265 | 1681i | |
| 15 | KENNETH | KEEFED | 674021 | 1681i | |
| 16 | TODD | KLEINTOP | 672459 | 1681i | |
| 17 | KEVIN | MARTIN | 670099 | 1681i | L |
| 18 | SEAN | MCQUAID | 669275 | 1681i | |
| 19 | RICHARD | OWUSU | 680508 | 1681i | |
| 20 | CRAIG | PETERSON | 674499 | 1681i | |
| 21 | DAVID | PRITCHARD | 669369 | 1681i | |
| 22 | OSCAR | REINOSO | 672916 | 1681i | |
| 23 | KEVIN | ROSS | 684874 | 1681i | |
| 24 | CECIL | SALAZAR | 676533 | 1681i | |
| 25 | PHILLIP | SCHELHAUS | 668402 | 1681i | |
| 26 | MICHELLE | SHIRLEY | 680619 | 1681i | |
| 27 | EDGAR | SIMON JR | 682026 | 1681i | |
| 28 | CHRISTOPHER | SMITH | 666130 | 1681i | |
| 29 | LAURA | TAYLOR | 665997 | 1681i | |
| 30 | DWIGHT | TURNER | 677940 | 1681i | |
| 31 | JOSE | VALLE | 681937 | 1681i | |
| 32 | THEODORE | WALDEN | 682846 | 1681i | |
| 33 | MATTHEW | WEATHINGTON | 667021 | 1681i | |
| 34 | LORRAINE | WILCOX | 687273 | 1681i | |

Total 1681i Exclusions Received      34

## Exclusions Received (1681k)

| # | First Name | Last Name | ID | Class | Late |
|---|-----------|-----------|-----|-------|------|
| 1 | JAMES | ADAMS | 319524 | 1681k | |
| 2 | TROY | ADAMS | 188454 | 1681k | |
| 3 | DAVID | ALGER | 199320 | 1681k | |
| 4 | ROGER | ALIG | 493329 | 1681k | |
| 5 | JASON | ALLISON | 199415 | 1681k | |
| 6 | ROBERT | ALLISON | 112449 | 1681k | |
| 7 | LUIS | ALVAREZ | 430529 | 1681k | |

 McGladrey

## Exclusion List

|    | First Name | Last Name | Number | Code |
|----|-----------|-----------|--------|------|
| 8  | MICHAEL | AREL | 4540 | 1681k |
| 9  | CHAMBERLAIN | ARINZE | 430736 | 1681k |
| 10 | DAVID | AVERITT | 485526 | 1681k |
| 11 | DIANE | BAILEY | 126532 | 1681k |
| 12 | JOSEPH | BAILEY | 97894 | 1681k |
| 13 | JASWINDER | BAINES | 571361 | 1681k |
| 14 | KEITH | BALES | 188751 | 1681k |
| 15 | BRANE | BARAC | 590965 | 1681k |
| 16 | AUGUSTUS | BARRON | 64711 | 1681k |
| 17 | TABITHA | BENNETT | 508016 | 1681k |
| 18 | GEORGE | BLACKIE | 612323 | 1681k |
| 19 | JAMES | BLACKSHIRE | 201348 | 1681k |
| 20 | RANDY | BOMBARDIER | 652664 | 1681k |
| 21 | CANDACE | BONIFACIO | 551129 | 1681k |
| 22 | ROY | BONTON | 559577 | 1681k |
| 23 | MURRAY | BOONE | 620818 | 1681k |
| 24 | RAYMOND | BOSTON | 246576 | 1681k |
| 25 | LASHAWN | BOWMAN | 409738 | 1681k |
| 26 | MANFRED | BRADLEY | 571850 | 1681k |
| 27 | JEFFONILE | BRANTLEY | 367390 | 1681k |
| 28 | JAMES | BRUCE | 486975 | 1681k |
| 29 | TERRY | BUTLER | 118567 | 1681k |
| 30 | ROBERTO | CAIN | 558508 | 1681k |
| 31 | CURTIS | CALLAHAN | 130965 | 1681k |
| 32 | MAURICE | CARTER | 558811 | 1681k |
| 33 | HARRISON | CARTER | 585382 | 1681k |
| 34 | GEORGE | CASTILLO | 227398 | 1681k |
| 35 | DOMINGO | CASTILLO | 543725 | 1681k |
| 36 | JAMES | CHANDLER | 451007 | 1681k |
| 37 | RODNEY | CHRISTIANSEN | 397471 | 1681k |
| 38 | SHEILA | CLEMENTS | 650828 | 1681k |
| 39 | KEVIN | COBB | 472098 | 1681k |
| 40 | JEFF | COPELAND | 42435 | 1681k |
| 41 | RANDALL | COPELAND | 264524 | 1681k |
| 42 | ORLANDO | COSME | 295335 | 1681k | L |
| 43 | VICTOR | COSTALES | 448984 | 1681k |
| 44 | JAMES | COUCH | 594115 | 1681k |
| 45 | SCOTT | CUTLER | 193686 | 1681k |
| 46 | JOHN | CUTRELL | 351563 | 1681k |
| 47 | HARRY | DANIELS | 370853 | 1681k |
| 48 | VERNON | DAVIS | 479214 | 1681k |
| 49 | ADAM | DECKEA | 398778 | 1681k |
| 50 | ANTHONY | DELGADO | 541629 | 1681k |
| 51 | TERR | DICKERSON | 518427 | 1681k |
| 52 | MIKE | DUFFY | 252371 | 1681k |
| 53 | BRET | DUNAWAY | 545853 | 1681k |
| 54 | TANEKA | ELLIS | 524021 | 1681k |
| 55 | JOEL | EVANS | 644904 | 1681k |
| 56 | PHILIP | FAICCO | 440808 | 1681k |

 McGladrey

## Exclusion List

| | | | | |
|---|---|---|---|---|
| 57 | DANA | FEWINS | 285551 | 1681k |
| 58 | SUSIE | FISHER | 624188 | 1681k |
| 59 | MICHAEL | FONDREN | 184476 | 1681k |
| 60 | WILLIE | FOUNTAIN | 50734 | 1681k |
| 61 | DALE | FRAISER | 384219 | 1681k |
| 62 | JUAN | GARCIA | 83164 | 1681k |
| 63 | KAILA | GENTRY | 503376 | 1681k |
| 64 | JORGE | GIRALDO | 27330 | 1681k |
| 65 | SAM | GONZALES | 292645 | 1681k |
| 66 | GERRIT | GRAHAM | 318377 | 1681k |
| 67 | CLARENCE | GRANBERRY | 147609 | 1681k |
| 68 | WALTER | GRAYER | 55472 | 1681k |
| 69 | HERMAN | HALL | 111732 | 1681k |
| 70 | ISAAC | HAMMETT | 484673 | 1681k |
| 71 | JOHN | HAND | 523052 | 1681k |
| 72 | RONALD | HAWKINS | 616859 | 1681k |
| 73 | BRIAN | HAYDEN | 67152 | 1681k |
| 74 | DORIAN | HELBIG | 449442 | 1681k |
| 75 | DANIEL | HELTON | 619622 | 1681k |
| 76 | JIMMIE | HERNANDEZ | 202523 | 1681k |
| 77 | GARY | HESALTINE | 86478 | 1681k |
| 78 | RAYMOND | HILARIO | 544861 | 1681k |
| 79 | KEVIN | HOKE | 326327 | 1681k |
| 80 | CLAYTON | HOLIMAN | 539495 | 1681k |
| 81 | MACK | HOLLINGSWORTH | 161962 | 1681k |
| 82 | PATRICK | HORAN | 177371 | 1681k |
| 83 | THOMAS | HUGHES | 170209 | 1681k |
| 84 | ROBERT | HUNSUCKER | 568810 | 1681k |
| 85 | NEAL | HUTCHENS | 46069 | 1681k |
| 86 | IBRAHIM | IBRICIC | 222482 | 1681k |
| 87 | STEVEN | IM | 436245 | 1681k |
| 88 | MOHAMMED | ISLAM | 226183 | 1681k |
| 89 | TERILYN | JACKSON | 478967 | 1681k |
| 90 | ALAN | JACKSON | 152169 | 1681k |
| 91 | MALCOM | JACOBS | 267285 | 1681k |
| 92 | MICHAL | JADWISZCZAK | 591536 | 1681k |
| 93 | KURT | JANICEK | 588044 | 1681k |
| 94 | SAMIR | JARIRI | 464079 | 1681k |
| 95 | WILLIE | JENKINS | 247983 | 1681k |
| 96 | ALVIN | JOHNSON | 56761 | 1681k |
| 97 | RONALD | JONES | 61652 | 1681k |
| 98 | JAMES | JONES | 267336 | 1681k |
| 99 | JAMES | JONES | 84636 | 1681k |
| 100 | RICHARD | JONES | 547118 | 1681k |
| 101 | JON | JORDAN | 464982 | 1681k |
| 102 | WALTER | KATZER | 285197 | 1681k |
| 103 | DENNIS | KEEL | 655558 | 1681k |
| 104 | GEORGE | KENNEDY | 619104 | 1681k |
| 105 | TIMOTHY | KNIGHT | 439514 | 1681k |



McGladrey

Exclusion List

| 106 | ALEKSANDER | KOSTIN | 382959 | 1681k |
| 107 | RAYMOND | KURTZE | 286711 | 1681k |
| 108 | CARLOS | LARA | 202598 | 1681k |
| 109 | JIMMIE | LAZENBERRY | 498064 | 1681k |
| 110 | JOE | LECHNER | 35556 | 1681k |
| 111 | WILLIE | LEE | 625623 | 1681k |
| 112 | VINCENT | LEE | 292008 | 1681k |
| 113 | JACOB | LEE | 578503 | 1681k |
| 114 | MEDARDO | LEON | 221342 | 1681k |
| 115 | LUIS | LEVIS | 4702 | 1681k |
| 116 | MARSHALL | LOGAN | 482258 | 1681k |
| 117 | CURTIS | LOVE | 562163 | 1681k |
| 118 | WALTER | LOVE | 108302 | 1681k |
| 119 | NEIL | MACGREGOR | 307679 | 1681k |
| 120 | ANDREW | MAKI | 662867 | 1681k |
| 121 | CARLOS | MARQUEZ | 225436 | 1681k |
| 122 | MICHAEL | MARSHALL | 67978 | 1681k |
| 123 | PARRIS | MARTIN | 542500 | 1681k |
| 124 | CURTIS | MASON | 78909 | 1681k |
| 125 | LAURENCE | MAULDIN | 481121 | 1681k |
| 126 | KEVIN | MCCARTHY | 409943 | 1681k |
| 127 | ROY | MCCORMICK | 22141 | 1681k |
| 128 | JAMES | MCCOY | 148530 | 1681k |
| 129 | BRUCE | MESPLAY | 423265 | 1681k |
| 130 | DANIEL | METCALF | 655207 | 1681k |
| 131 | JORDAN | MILLER | 384412 | 1681k |
| 132 | MARIALISA | MILLER | 447991 | 1681k |
| 133 | TERRY | MITCHELL JR | 373753 | 1681k |
| 134 | RODNEY | MOORE | 261337 | 1681k |
| 135 | JOHN | MORGAN | 343552 | 1681k |
| 136 | STEFAN | MUELLER | 389981 | 1681k |
| 137 | DONALD | NEWMAN | 161746 | 1681k |
| 138 | CHARLIE | NOBLE | 58268 | 1681k |
| 139 | PATRICK | O^TOOLE | 224186 | 1681k |
| 140 | OLMER | ORTIZ | 12713 | 1681k |
| 141 | GREGORY | OSKINS | 363770 | 1681k |
| 142 | ROBERT | OTT | 60179 | 1681k |
| 143 | SANDRA | OWEN | 122441 | 1681k |
| 144 | LATOYA | PALMER | 437888 | 1681k |
| 145 | JEROME | PATTERSON | 332028 | 1681k |
| 146 | GARY | PATTERSON | 625936 | 1681k |
| 147 | DAVID | PERRINE | 321876 | 1681k |
| 148 | SCOTT | PERRY | 183111 | 1681k |
| 149 | DUNCAN | PHELPS | 149667 | 1681k |
| 150 | WILLIAM | PHILLIPS | 233273 | 1681k |
| 151 | CLEO | PICKENS | 400493 | 1681k |
| 152 | TERRY | POOLE | 480243 | 1681k |
| 153 | SURAJ | POONAI | 230235 | 1681k |
| 154 | TODD | POPE | 294087 | 1681k | L |

 McGladrey

## Exclusion List

| | | | |
|---|---|---|---|
| 155 STANLEY | PRICHETT | 369972 1681k | |
| 156 MAE | PRITCHETT | 81571 1681k | |
| 157 BRAIDEN | PRUETT | 662878 1681k | L |
| 158 KEVIN | PYLE | 549655 1681k | |
| 159 MARTINEZ | RAPHAEL | 601677 1681k | |
| 160 STEVEN | RATHBURN | 505552 1681k | L |
| 161 JOSEPH | REDAVIDE | 53498 1681k | |
| 162 LINDA | RENSLOW | 105280 1681k | |
| 163 KEITH | RHODES | 595158 1681k | |
| 164 DONALD | ROBINSON | 653213 1681k | |
| 165 CHARLES | RODRIGUEZ | 292374 1681k | |
| 166 JIMMY | ROGERS | 484870 1681k | |
| 167 ROY | RUCKER | 415935 1681k | |
| 168 JOEY | RUNNELS | 114688 1681k | |
| 169 RAMON | SALAME | 660394 1681k | |
| 170 JOSHUA | SALKIN | 583769 1681k | |
| 171 RONALD | SANDLIN | 392030 1681k | |
| 172 RONALD | SANTANA | 223083 1681k | |
| 173 MICHAEL | SCOTT | 626442 1681k | |
| 174 RAYMOND | SEBERRY | 518793 1681k | |
| 175 REUBEN | SELLEN | 659163 1681k | |
| 176 WILLIAM | SHAFFER | 602768 1681k | |
| 177 MICHAEL | SHALDUHA | 130119 1681k | |
| 178 JOHN | SHEFFEY | 462831 1681k | |
| 179 MARK | SHIRLEY | 651290 1681k | |
| 180 TRAVIS | SILK | 592340 1681k | |
| 181 ROBERT | SIMMONS | 387519 1681k | |
| 182 YUDHVIR | SINGH | 605151 1681k | |
| 183 VIRLESTA | SKUCY | 386673 1681k | |
| 184 RICKEY | SMITH | 333481 1681k | |
| 185 DANIEL | SMITH | 511861 1681k | |
| 186 SCOTT | SMITH | 90414 1681k | |
| 187 JUDY | SPAULDING | 120953 1681k | |
| 188 TIM | STAUFFER | 454421 1681k | |
| 189 ALLEN | STEWART | 395477 1681k | |
| 190 JOHNNY | STEWART | 63547 1681k | |
| 191 JOE | STIZZA | 499486 1681k | |
| 192 IVAN | STRILKIVSKY | 126855 1681k | |
| 193 N | SWINO | 41792 1681k | |
| 194 BILLY | TAYLOR | 57854 1681k | |
| 195 GARRY | TEAGUE | 431775 1681k | |
| 196 DANNY | THOMAS | 627721 1681k | |
| 197 GABRIEL | THOMAS | 96721 1681k | |
| 198 ERNEST | THOMPSON | 351938 1681k | |
| 199 ERIK | TOLBERT | 152260 1681k | |
| 200 WILLIAM | TOPLIFF | 588868 1681k | |
| 201 NICOLAS | TORRES | 275492 1681k | |
| 202 MARLON | TUCKER | 162740 1681k | |
| 203 MIGAO | TUPUOLA | 601138 1681k | |



McGladrey

## Exclusion List

| | | | | |
|---|---|---|---|---|
| 204 GEORGE | UMFRESS | 272072 | 1681k | |
| 205 ALLEN | VANSICKLE | 10401 | 1681k | |
| 206 CARL | VAUGHAN | 530464 | 1681k | |
| 207 JUAN | VEGA | 583373 | 1681k | |
| 208 CATHERINE | WALKER | 109346 | 1681k | |
| 209 GARY | WARD | 395229 | 1681k | |
| 210 JON | WARE | 314282 | 1681k | |
| 211 KEITH | WARRIOR | 271498 | 1681k | |
| 212 MICHAEL | WEATHERLY | 565018 | 1681k | |
| 213 TIMOTHY | WERNER | 517076 | 1681k | |
| 214 ROBERT | WHEELER | 411341 | 1681k | |
| 215 MARIA | WHITE | 650405 | 1681k | |
| 216 DAVID | WHITTAKER | 310736 | 1681k | |
| 217 KIMBERLEY | WHITTET | 170298 | 1681k | L |
| 218 BILLY | WHITTLE | 387411 | 1681k | |
| 219 GARY | WILGUS | 31492 | 1681k | |
| 220 ROBERT | WILKENSON | 615289 | 1681k | |
| 221 KEVIN | WILLIAMS | 517983 | 1681k | |
| 222 ANTHONY | WILLIAMS | 485190 | 1681k | |
| 223 JERRY | WILLIAMS | 470039 | 1681k | |
| 224 MARSHA | WILLIAMS | 270922 | 1681k | |
| 225 TOMMY | WILLIAMS | 233595 | 1681k | |
| 226 RANDY | WILLIAMSON | 97573 | 1681k | |
| 227 JACQUETT | WILSON | 333141 | 1681k | |
| 228 GREG | WOODRUFF | 339337 | 1681k | |
| 229 JOSEPH | WOODS | 614237 | 1681k | |
| 230 DAMON | WOOTEN | 640797 | 1681k | |
| 231 RONELL | WORRELL | 18591 | 1681k | |
| 232 ROBERT | WYATT | 404195 | 1681k | |
| 233 VINCE | WYLESKY | 534778 | 1681k | |
| 234 DOUA | XIONG | 582001 | 1681k | |
| 235 CHARLES | ZIESKE | 280913 | 1681k | |

Total 1681k Exclusions Received             235

Total Exclusion Requests Received             269

# Exhibit 9

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
**UNITED STATES OF AMERICA**            )
                                        )
        **Plaintiff,**                  )
                                        )   **Civil Action No. 12-1313**
        **v.**                          )
                                        )
                                        )
**HIRERIGHT SOLUTIONS, INC.**           )
                                        )
        **Defendant.**                  )
                                        )
_____)

## COMPLAINT FOR CIVIL PENALTIES,
## PERMANENT INJUNCTION, AND OTHER EQUITABLE RELIEF

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or "Commission"), for its Complaint, alleges:

1.      Plaintiff brings this action under sections 5(a), 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 53(b), and 56(a); and section 621(a) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s(a), to obtain monetary civil penalties, and injunctive or other relief from Defendant HireRight Solutions, Inc. for engaging in violations of the FTC Act, 15 U.S.C. § 45(a), and the FCRA, 15 U.S.C. §§ 1681 – 1681x.

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and under 15 U.S.C. §§ 45(a), 53(b), 56(a), and 1681s.

3. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(c) and 1395(a), and 15 U.S.C. § 53(b).

## PLAINTIFF

4. This action is brought by the United States of America on behalf of the Federal Trade Commission. The Commission is an independent agency of the United States government given statutory authority and responsibility by, *inter alia*, the FTC Act, *as amended*, 15 U.S.C. §§ 41-58, and the FCRA, 15 U.S.C. §§ 1681-1681x. The Commission is charged, *inter alia*, with enforcing section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair and deceptive acts or practices in or affecting commerce; and the FCRA, which imposes duties upon consumer reporting agencies.

## DEFENDANT

5. Defendant HireRight Solutions, Inc. ("HireRight Solutions" or "Defendant") is an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma. Defendant transacts or has transacted business in this district.

## THE FAIR CREDIT REPORTING ACT

6. The FCRA was enacted in 1970, became effective on April 25, 1971, and has been in force since that date. The Fair and Accurate Credit Transactions Act amended the FCRA in December 2003.

7. Section 621 of the FCRA, 15 U.S.C. § 1681s, authorizes the Commission to use all of its functions and powers under the FTC Act to enforce compliance with the FCRA by all persons subject thereto except to the extent that enforcement specifically is committed to some

other governmental agency, irrespective of whether the person is engaged in commerce or meets any other jurisdictional tests set forth by the FTC Act.

8.  HireRight Solutions, formerly known as USIS Commercial Services, Inc. is now and has been a "consumer reporting agency," as defined in section 603(f) of the FCRA, 15 U.S.C. § 1681a(f). That section defines a consumer reporting agency as:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

HireRight Solutions regularly sells in interstate commerce information on consumers that it assembles for the purpose of furnishing consumer reports to third parties, as described further below.

9.  The FCRA imposes several obligations on consumer reporting agencies, including obligations to take reasonable steps to ensure the maximum possible accuracy of consumer reports, to provide consumers with access to their reports, and to implement procedures for consumers to dispute inaccurate information in their reports. These obligations are described in more detail below.

<u>DEFENDANT'S BUSINESS PRACTICES</u>

10.  HireRight Solutions provides background reports to thousands of employers throughout the United States about prospective and current employees, in order to assist the employers in making decisions about hiring and other employment-related issues ("background screening reports"). These reports contain public record information, including criminal histories of individuals, from multiple sources.

11. The background screening reports that HireRight Solutions provides to employers are "consumer reports" as defined in section 603(d) of the FCRA, 15 U.S.C. § 1681a(d). That section defines a "consumer report" as:

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 604.

HireRight Solutions' reports are communicated to third parties; bear on, among other things, consumers' general reputation and personal characteristics; and are used as a factor in determining eligibility for employment.

## ACCURACY

12. Section 607(b) of the FCRA, 15 U.S.C. § 1681e(b), requires all consumer reporting agencies to follow reasonable procedures to assure maximum possible accuracy of consumer report information.

13. In numerous instances, Defendant failed to follow reasonable procedures to assure maximum possible accuracy. Among other things, Defendant:

   (1) failed to follow reasonable procedures to assure that the information contained in consumer reports it furnished reflected the current public record status of consumers' information, such as expungement of a criminal record;

   (2) failed to follow reasonable procedures to prevent the inclusion of multiple entries for the same criminal offense in the same report; and

(3)     failed to follow reasonable procedures to prevent the provision of

obviously erroneous consumer report information to employers, such as

purported information on a single consumer that included records of other

consumers with different names, dates of birth, or other identifiers that are

available in the public record.

14.     In multiple instances, these failures led to the reporting of inaccurate consumer

report information regarding prospective employees who were then denied employment or other

employment-related benefits.

<div align="center">ACCESS AND CORRECTION</div>

15.     Under the FCRA, consumer reporting agencies must allow consumers to access

their own information and dispute any inaccurate information.  In relevant part, the process is as

follows:  First, consumer reporting agencies must, upon request, clearly and accurately disclose

to a consumer who requests his or her file all information in that file at the time of the request.

15 U.S.C. § 1681g(a).  Second, within thirty days of receiving a notice that a consumer disputes

the completeness or accuracy of information in his or her file, the consumer reporting agency

must conduct a reasonable reinvestigation to determine whether the disputed information is

inaccurate and record the current status of the disputed information, or delete the information

from the file.  15 U.S.C. § 1681i(a)(1)(A).  Third, the consumer reporting agency must provide

written notice to the consumer of the results of the reinvestigation not later than five business

days after its completion.  15 U.S.C. § 1681i(a)(6).  Defendant did not comply with one or more

of these requirements.

16.     In numerous instances, Defendant either failed to provide consumers with information in their files or failed to do so upon request.  Their systems for fulfilling requests for reports resulted in either delays or the non-fulfillment of the requests.  For example, HireRight Solutions, Inc. experienced numerous backlogs for fulfilling consumers' requests because of inadequate staffing or technical problems.

17.     In numerous instances, Defendant did not conduct reinvestigations of disputed items in a consumer's file upon receipt of a notice of dispute from the consumer.  Defendant required consumers who wished to dispute information in consumer reports to have a copy of the report before Defendant would initiate a reinvestigation.  For consumers who did not have their consumer report, Defendant routinely instructed them to request a copy before Defendant would initiate a reinvestigation.  This practice often delayed the reinvestigation process and made it more difficult for consumers to initiate that process.

18.     In numerous instances, Defendant closed dispute reinvestigations without providing written notice of the results of the reinvestigations to affected consumers.

### SPECIAL OBLIGATIONS ON BACKGROUND SCREENERS
### WHO USE PUBLIC RECORD INFORMATION

19.     The FCRA contains special requirements for consumer reporting agencies that furnish consumer reports containing public record information for employment purposes, if that information is likely to have an adverse effect upon a consumer's ability to obtain employment.  These consumer reporting agencies must either (1) notify the consumer, at the time that such information is reported, of the fact that public record information is being reported, or (2) maintain "strict procedures" designed to ensure the reported public record information is complete and up to date.   15 U.S.C. § 1681k(a).

20.     In numerous instances, Defendant neither (1) notified consumers, at the time the information was reported, that they reported public record information to employers, nor (2) maintained "strict procedures" to ensure that the information in the reports was complete and up to date.  They had a complex, multi-step process for notifying consumers that public record information was being reported.  This process was not initiated until the day that the report was electronically transmitted to the employer and typically took more than one day to complete.  As a result, the notices were not mailed to consumers at the time the information was reported to employers.  Moreover, as described in Paragraph 13, Defendant did not maintain "strict procedures" to ensure that reported public record information was complete and up to date.

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

### COUNT I

21.     As described in Paragraph 13, in multiple instances, Defendant failed to use reasonable procedures to assure maximum possible accuracy of consumer report information.

22.     By and through the acts and practices described in Paragraph 13, Defendant has violated section 607(b) of the FCRA, 15 U.S.C. § 1681e(b).

23.     Pursuant to section 621(a)(1) of the FCRA, 15 U.S.C. § 1681s(a)(1), the acts and practices alleged in Paragraph 22 also constitute unfair or deceptive acts or practices in violation of section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

### COUNT II

24.     As described in Paragraph 16, in multiple instances, Defendant failed to disclose to consumers, upon request, all information maintained in their consumer report files.

25.     By and through the acts and practices described in Paragraph 16, Defendant has

violated section 609(a)(1) of the FCRA, 15 U.S.C. § 1681g(a)(1).

26.     Pursuant to section 621(a)(1) of the FCRA, 15 U.S.C. § 1681s(a)(1), the acts and practices alleged in Paragraph 25 also constitute unfair or deceptive acts or practices in violation of section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT III

27.     As described in Paragraph 17, in multiple instances, Defendant failed to conduct reinvestigations of the completeness or accuracy of information contained within a consumer's file upon receipt of a notice of dispute from the consumer.

28.     By and through the acts and practices described in Paragraph 17, Defendant has violated section 611(a)(1)(A) of the FCRA, 15 U.S.C. § 1681i(a)(1)(A).

29.     Pursuant to section 621(a)(1) of the FCRA, 15 U.S.C. § 1681s(a)(1), the acts and practices alleged in Paragraph 28 also constitute unfair or deceptive acts or practices in violation of section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT IV

30.     As described in Paragraph 18, in multiple instances, Defendant closed dispute reinvestigations without providing written notice of the results of the reinvestigations to affected consumers.

31.     By and through the acts and practices described in Paragraph 18, Defendant has violated section 611(a)(6) of the FCRA, 15 U.S.C. § 1681i(a)(6).

32.     Pursuant to section 621(a)(1) of the FCRA, 15 U.S.C. § 1681s(a)(1), the acts and practices alleged in Paragraph 31 also constitute unfair or deceptive acts or practices in violation of section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT V

33.     As described in Paragraph 20, in multiple instances, Defendant failed to provide written notice to consumers of the fact that it reported public record information to employers, at the time the information was reported.  Defendant also failed to maintain strict procedures to ensure that the public record information in the reports was complete and up to date.

34.     By and through the acts and practices described in Paragraph 20, Defendant has violated section 613(a)(1)-(2) of the FCRA, 15 U.S.C. § 1681k(a)(1)-(2).

35.     Pursuant to section 621(a)(1) of the FCRA, 15 U.S.C. § 1681s(a)(1), the acts and practices alleged in Paragraph 34 also constitute unfair or deceptive acts or practices in violation of section 5(a) of the FTC Act, 15  U.S.C. § 45(a).

<u>THIS COURT'S POWER TO GRANT RELIEF</u>

36.     Section 621(a)(2)(A) of the FCRA, 15 U.S.C. § 1681s(a)(2)(A), authorizes the Court to award monetary civil penalties in the event of a knowing violation of the FCRA, which constitutes a pattern or practice.  Defendant's violations of the FCRA, as alleged in this Complaint, have been knowing and have constituted a pattern or practice of violations.  As specified by the Federal Civil Penalty Inflation Adjustment Act of 1990, 28 U.S.C. § 2861, as amended by the Debt Collection Improvements Act of 1996, Pub. L. 104-134, § 31001(s)(1), 110 Stat. 1321-373, the Court is authorized to award a penalty of not more than $2,500 per violation for violations occurring before February 10, 2009, and $3,500 per violation for violations occurring on or after that date.

37.     Each instance in which Defendant has failed to comply with the FCRA constitutes a separate violation of the FCRA for the purpose of assessing monetary civil penalties under

section 621 of the FCRA, 15 U.S.C. § 1681s. Plaintiff seeks monetary civil penalties for every separate violation of the FCRA.

38. Under section 621(a) of the FCRA, 15 U.S.C. § 1681(a), and section 13(b) of the FTC Act, 15 U.S.C. § 53(b), this Court is authorized to issue a permanent injunction prohibiting Defendant from violating the FTC Act and the FCRA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court, pursuant to 15 U.S.C. §§ 45(a), 53(b), 1681s, and 1691c, and pursuant to the Court's own equitable powers:

(1) Enter judgment against Defendant and in favor of Plaintiff for each law violation alleged in this Complaint;

(2) Enter an injunction against Defendant to prevent further violations of the FCRA and the FTC Act, as alleged herein;

(3) Award Plaintiff monetary civil penalties from Defendant for each violation of the FCRA as alleged in this Complaint;

(4) Order Defendant to pay the costs of this action; and

(5) Award Plaintiff such additional relief as the Court may deem just and proper.

DATED: August 8, 2012

**FOR THE UNITED STATES**
**OF AMERICA:**

STUART F. DELERY
Acting Assistant Attorney General
Civil Division
United States Department of Justice

MAAME EWUSI-MENSAH FRIMPONG
Deputy Assistant Attorney General
Civil Division

MICHAEL S. BLUME
Director
Consumer Protection Branch

 s/ Alan J. Phelps
ALAN J. PHELPS
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
PO Box 386
Washington, D.C. 20044
Phone: 202-307-6154
Facsimile: 202-514-8742
E-mail: alan.phelps@usdoj.gov
DC Bar No.: 475938

**FOR THE FEDERAL TRADE**
**COMMISSION:**

MANEESHA MITHAL
Associate Director
Division of Privacy and Identity Protection

ROBERT SCHOSHINSKI
Assistant Director
Division of Privacy and Identity Protection

ANTHONY RODRIGUEZ
Attorney
Division of Privacy and Identity Protection
Federal Trade Commission
601 New Jersey Ave. NW
Mail Stop NJ-8100
Washington, D.C.
Phone: 202-326-2757
Facsimile: 202-326-3062

TIFFANY GEORGE
Attorney
Division of Privacy and Identity Protection
Federal Trade Commission
601 New Jersey Ave. NW
Mail Stop NJ-8100
Washington, D.C.
Phone: 202-326-3040
Facsimile: 202-326-3062

# Exhibit 10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action No. |
| **v.** ) | |
| ) | |
| ) | |
| HIRERIGHT SOLUTIONS, INC. ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |

## STIPULATED FINAL JUDGMENT AND ORDER FOR
## CIVIL PENALTIES, PERMANENT INJUNCTION, AND OTHER EQUITABLE
## RELIEF

Plaintiff, the United States of America, acting upon notification and authorization to the

Attorney General by the Federal Trade Commission ("FTC" or "Commission"), is concurrently

filing its Complaint herein, which alleges that Defendant HireRight Solutions, Inc. has engaged

in violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, and in unfair

or deceptive acts or practices in violation of section 5 of the Federal Trade Commission Act

("FTC Act"), 15 U.S.C. § 45(a). Defendant has been represented by the attorney whose name

appears hereafter. The parties have agreed to entry of this Stipulated Final Judgment and Order

for Civil Penalties, Permanent Injunction, and Other Equitable Relief ("Order") to resolve all

matters in dispute in this action without trial or adjudication of any issue of law or fact herein.

Defendant has waived service of the Summons and Complaint.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

## FINDINGS

1.     This Court has jurisdiction over the subject matter of this case and over the Parties.

2.     Venue in this district is proper under 28 U.S.C. §§ 1391(b) - (c) and 1395(a), and 15 U.S.C. § 53(b).

3.     The Complaint states claims upon which relief may be granted against Defendant under sections 5(a), 13(b), and 16(a) of the Federal Trade Commission Act, 15 U.S.C. §§ 45(a),  53(b), and 56(a); and under sections 607(b), 609(a), 611(a)(1)(A), 611(a)(6), 613(a)(1), and 621 of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681e(b), 1681g(a), 1681i(a)(1)(A), 1681i(a)(6), 1681k(a)(1), and 1681s.

4.     Defendant makes no admissions to the allegations in the Complaint, other than the jurisdictional facts.

5.     Defendant waives:  (a) all rights to seek appellate review or otherwise challenge or contest the validity of this Order; (b) any claims it may have against the Commission, its employees, representatives, or agents that relate to the matter stated herein; (c) all claims under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by Pub. L. 104-121, 110 Stat. 847, 863-64 (1996); and (d) any rights to attorneys' fees that may arise under said provision of law.

6.     This action and the relief awarded herein are in addition to, and not in lieu of, other remedies as may be provided by law, including both civil and criminal remedies.

7. Entry of this Order is in the public interest.

8. For the purpose of this Order:

    a. "Defendant" shall mean HireRight Solutions and its successors and assigns.

    b. The definitions set forth in the FCRA, 15 U.S.C. § 1681a, *et seq*., shall apply.

### ORDER

### I. CIVIL PENALTY

**IT IS ORDERED** that:

A. Judgment in the amount of 2.6 million dollars ($2,600,000) is hereby entered against Defendant as a civil penalty for violations of the FCRA pursuant to section 621(a) of the Fair Credit Reporting Act, 15 U.S.C. § 1681s(a).

B. Defendant shall make this payment within seven (7) business days of the date of service of this Order to the Treasurer of the United States by electronic fund transfer in accordance with instructions provided by the Consumer Protection Branch, Civil Division, U.S. Department of Justice, Washington, D.C. 20530, for appropriate disposition.

C. In the event of any default in payment, which default continues for ten (10) days beyond the due date of payment, the entire unpaid penalty, together with interest, as computed pursuant to 28 U.S.C. § 1961, from the date of default to the date of payment, shall immediately become due and payable.

D. Defendant relinquishes all dominion, control, and title to the funds paid to the fullest extent permitted by law. Defendant shall make no claim to or demand return of the funds,

Page 3 of 13

directly or indirectly, through counsel or otherwise.

      E.     Defendant agrees that the facts as alleged in the Complaint filed in this action shall be taken as true, without further proof, in any subsequent civil litigation filed by or on behalf of the Commission to enforce its rights to any payment or money judgment pursuant to this Order.

## II. PROHIBITED BUSINESS ACTIVITIES

**IT IS FURTHER ORDERED** that Defendant, and all other persons or entities within the scope of Fed. R. Civ. P. 65, whether acting directly or through any sole proprietorship, partnership, limited liability company, corporation, subsidiary, branch, division, device, or other business entity who receive actual notice of this Order by personal service or otherwise, are hereby permanently restrained and enjoined from:

      A.     Failing to maintain reasonable procedures to assure the maximum possible accuracy of the information concerning the individual about whom a consumer report relates, as required by section 607(b) of the FCRA, 15 U.S.C. § 1681e(b), including but not limited to:

        1.     failing to follow reasonable procedures to assure that the information contained in consumer reports it furnishes reflects the current public record status of consumers' information, such as expungement of a criminal record;

        2.     failing to follow reasonable procedures to prevent the inclusion of multiple entries for the same criminal offense in a single report in a manner that would render the report inaccurate in violation of section 607(b) of the FCRA, 15 U.S.C. § 1681e(b); and

3.      failing to follow reasonable procedures to prevent the provision of obviously erroneous consumer report information to employers, such as purported information on a single consumer that includes records of other consumers with different names, dates of birth, or other identifiers that are available in the public record.

B.      Failing to, upon request, clearly and accurately disclose to a consumer all information in the consumer's file at the time of the request, as required by section 609(a)(1) of the FCRA, 15 U.S.C. § 1681g(a)(1).

C.      Requiring that a consumer who disputes the completeness or accuracy of information in his or her file obtain a copy of his or her consumer report before Defendant will conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the information from the file before the end of the 30-day period beginning on the date on which Defendant receives the notice of dispute from the consumer, in violation of section 611(a)(1)(A) of the FCRA, 15 U.S.C. § 1681i(a)(1)(A).

D.      Failing to provide written notice to the consumer of the results of a reinvestigation not later than five business days after its completion, as required by section 611(a)(6) of the FCRA, 15 U.S.C. § 168li(a)(6).

E.      Failing to notify the consumer, at the time such information is reported to the user of the information, of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is reported; or, in the alternative, failing to maintain strict procedures to insure that whenever public

record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date, as required by section 613(a)(1)-(2) of the FCRA, 15 U.S.C. § 1681k(a)(1)-(2).

### III. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendant obtain acknowledgments of receipt of this Order:

A.     Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.     For 3 years after entry of this Order, Defendant must deliver a copy of this Order to:  (1) all of its officers, vice presidents, directors, and managers; (2) all of its employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  To all others, delivery must occur before they assume their responsibilities.

C.     From each individual or entity to which Defendant delivered a copy of this Order, Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

### IV. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendant make timely submissions to the Commission:

A.     One hundred eighty days after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury.

Page 6 of  13

1. Defendant must: (a) designate at least one telephone number and an email, physical, and postal address as points of contact, which representatives of the Commission and Plaintiff may use to communicate with Defendant; (b) identify all of Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the products and services offered, and the means of advertising, marketing, and sales; (d) describe in detail whether and how Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B. For 5 years following entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Defendant must report any change in: (a) any designated point of contact; or (b) the structure of Defendant or any entity that Defendant has any ownership interest in or directly or indirectly controls that may affect compliance obligations arising under this Order, including creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C. Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against Defendant within 14 days of its filing.

D.    Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.    Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin:  FTC v.  HireRight Solutions, Inc.

## V.  RECORDKEEPING PROVISIONS

IT IS FURTHER ORDERED that Defendant must create certain records for 5 years after entry of the Order, and retain each such record for 5 years.  Specifically, Defendant must maintain the following records:

A.    Accounting records showing the revenues from all goods or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

B.    Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

C.    Customer files showing the names, addresses, telephone numbers, dollar amounts paid, and the quantity and description of goods or services purchased, to the extent such information is obtained in the ordinary course of business;

D.      Complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

E.      Copies of all training materials and written policies and procedures that relate to Defendant's activities as alleged in the Complaint or Defendant's compliance with the provisions of this Order; and

F.      All records and documents necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission.

## VI.  COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendant's compliance with this Order, including any failure to transfer any assets as required by this Order:

A.      Within 14 days of receipt of a written request from a representative of the Commission or Plaintiff, Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying.  The Commission and Plaintiff are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69, provided that, Defendant, after attempting to resolve a dispute without court action and for good cause shown, may file a motion with this Court seeking an order including one or more of the protections set forth in Rule 26 (c).

B.      For matters concerning this Order, the Commission and Plaintiff are authorized to communicate directly with Defendant.  Defendant must permit representatives of the Commission and Plaintiff to interview any employee or other person affiliated with Defendant

who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission and Plaintiff may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## VII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

## VIII. COSTS AND ATTORNEYS' FEES

**IT IS FURTHER ORDERED** that each party shall bear its own costs and attorneys' fees incurred in connection with this action.

The parties hereby stipulate to the entry of the foregoing Order, which shall constitute a final Order in this action.

**IT IS SO ORDERED:**


Dated this _____ day of _____, 2012


_____
UNITED STATES DISTRICT JUDGE

**FOR THE UNITED STATES**
**OF AMERICA:**

STUART F. DELERY
Acting Assistant Attorney General
Civil Division
United States Department of Justice

MAAME EWUSI-MENSAH FRIMPONG
Acting Deputy Assistant Attorney General
Civil Division

MICHAEL S. BLUME
Director
Consumer Protection Branch

ALAN PHELPS
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
PO Box 386
Washington, D.C. 20044
Phone: 202-307-6154
alan.phelps@usdoj.gov

**FOR THE FEDERAL TRADE**
**COMMISSION:**

MANEESHA MITHAL
Associate Director
Division of Privacy and Identity Protection

ROBERT SCHOSHINSKI
Assistant Director
Division of Privacy and Identity Protection

ANTHONY RODRIGUEZ
Attorney
Division of Privacy and Identity Protection
Federal Trade Commission
601 New Jersey Ave. NW
Mail Stop NJ-8100
Washington, D.C.
Phone:     202-326-2757
Facsimile: 202-326-3062

TIFFANY GEORGE
Attorney
Division of Privacy and Identity Protection
Federal Trade Commission
601 New Jersey Ave. NW
Mail Stop NJ-8100
Washington, D.C.
Phone:     202-326-3040
Facsimile: 202-326-3062

**FOR THE FEDERAL TRADE COMMISSION:**

MANEESHA MITHAL
Associate Director
Division of Privacy and Identity Protection

ROBERT SCHOSHINSKI
Assistant Director
Division of Privacy and Identity Protection

ANTHONY RODRIGUEZ
Attorney
Division of Privacy and Identity Protection
Federal Trade Commission
601 New Jersey Avenue, NW
Mail Stop NJ-8100
Washington D.C. 20001
Tel:    (202) 326-2757
Fax:    (202) 326-3062

TIFFANY GEORGE
Attorney
Division of Privacy and Identity Protection
Federal Trade Commission
601 New Jersey Avenue, NW
Mail Stop NJ-8100
Washington D.C. 20001
Tel:    (202) 326-3040
Fax:    (202) 326-3062

**FOR THE DEFENDANT:**

MICHAEL PETRULLO
President and Chief Executive Officer
HireRight Solutions, Inc.

LYDIA PARNES
Attorney
Wilson Sonsini Goodrich & Rosati
1700 K Street, NW, Fifth Floor
Washington, DC 20006
Counsel for Defendant

# Exhibit 11

Redacted



ben azar <144benazar@gmail.com>

# Fwd: HireRight Status Update for SPENCER HOYT :: Extended Workforce Screening for AAA Southern CA Automotive (EWS)

1 message

**Jahan Javanshir** <jahanjavan@gmail.com>                                      Thu, Jan 17, 2013 at 8:05 PM
To: ben azar <144benazar@gmail.com>

---------- Forwarded message ----------
From: **HireRight Customer Support** <customersupport@hireright.com>
Date: Thu, Jan 17, 2013 at 2:34 PM
Subject: HireRight Status Update for SPENCER HOYT :: Extended Workforce Screening for AAA Southern
CA Automotive (EWS)
To: jahanjavan@gmail.com

Jahan Javanshir,

This is NOT an approval notification of access for SPENCER HOYT to AAA Southern CA Automotive
(EWS).

Applicant Name: SPENCER HOYT
Extended Workforce Program:      AAA Southern CA Automotive (EWS)
Gov ID/SSN:     ***-**-6717
Request Number: HE-011513-FU6QP
Submitted by:    Jahan Javanshir
Service Package:      Package 1 - Vendor Applicants
Adjudication Results:   Does Not Meet Company Standards
Access Request Status:  Submitted

The background report for SPENCER HOYT has recently been adjudicated based on the screening policy of
AAA Southern CA Automotive (EWS). The adjudication results are: Does Not Meet Company Standards.

The adjudication result of this candidate does NOT confirm access approval or rejection to AAA Southern
CA Automotive (EWS). The access decision of this candidate to AAA Southern CA Automotive (EWS) is an
independent decision from the adjudication of the background report, and as such, you will be notified
separately of the access request decision.

For real time status updates of all your background and access requests, please log into:
www.hireright.com/login.html.

Sincerely,
HireRight Customer Service

This is an automated message. If you need assistance, please contact HireRight customer service at
customerservice@hireright.com. Customer Service is available 24 hours a day, 5 days a week beginning
Sunday 5 p.m. through Friday 9 p.m. Pacific Time (GMT -8). You can call them at:
(866) 521-6995 (within the U.S. and Canada)
+1 (949) 428-5804 (outside the U.S. and Canada).

# Exhibit 12

Redacted

# L.A TOW

2001 S. FIGUEROA ST., LOS ANGELES, CA. 90007    (213) 747-2899

To Whom It May Concern:                                03/18/2013

We are an AAA contract station, and we are required by our contract with AAA to perform a background check on all our employees annually. And since MR. SPENCER HOYT'S background check came back as DO NOT MEET COMPANY STANDARD there for we had no choice than terminating Mr. Hoyt's employment with our company

If you have any question regarding this matter please do not hesitate to call me at (213) 747-2899

Yours truly,

Ben Azar

Manager

# Exhibit 13

**LAW OFFICES OF DEVIN H. FOK**
Devin H. Fok, Esq. (SBN# 256599)
P.O. Box 7165
Alhambra, CA 91802-7165
Phone: (310) 430-9933; Fax: (323) 563-3445

February 28, 2013

HireRight
5151 California Avenue
Irvine, CA 92617
Ph: (800) 400-2761

*By certified mail*

## RE: INVESTIGATIVE CONSUMER REPORT REQUEST FOR SPENCER HOYT

To Whom It May Concern;

I am an attorney licensed to practice law in the State of California, representing MR. Spencer Hoyt. I am informed and believe that HIRERIGHT. ("you") has prepared consumer report(s) within the meaning of 15 USC §1681a(d) and investigative consumer report(s) within the meaning of California Civil Code section 1786.2(c) on my client to his former and/or prospective employers, landlords, and/or insurers.

Please provide, pursuant to 15 USC §1681g(a)(1) and Cal. Civ. Code Section 1786.10(a), the *full file* maintained regarding my client including any and all documents you relied on in issuing the investigative consumer report(s).

Please identify, pursuant to 15 USC §1681g(a)(3)(A) and Cal. Civ. Code. Section 1786.10(c), the recipients of any investigative consumer report on my client that you have furnished in any medium, print or otherwise, for employment, housing, and/or insurance purposes within the three years preceding the date of this request.

Please include, pursuant to 15 USC §1681g(a)(3)(B) and Cal. Civ. Code. Section 1786.10(d), the name of the recipient(s), if applicable, the trade name(s) (written in full) under which the recipient(s) conducts business and, the address(es) and telephone number(s) of the recipient(s).

Please also provide, pursuant to Cal. Civ. Code. Section 1786.11, a copy of every investigative consumer report on my client that you have provided to any person or entity other than my client.

For verification purposes, my client's information is as follows:

Name:           Spencer Hoyt
Date of Birth: Redacted
SSN:            Redacted

Attached is a copy of the authorization letter signed by my client authorizing my requests in this matter.

**I respectfully request that you fax or mail the requested documents, records, and/or instrument within 15 days to the address provided above.** Thank you.

Very truly yours,

Devin H. Fok
Law Offices of Devin H. Fok
devin@devinfoklaw.com



# Authorization to Release Confidential Information

Redacted

I, **Spencer V. Hoyt** (Date of Birth: _____ hereby consent Mr. Devin H. Fok (California State Bar No. 256599) and Joshua E. Kim (California State Bar No. 257260) to represent me in connection with any and all claims arising out of my claims against:

**LA Tow, AAA, and/or HireRight**

_____;

and I hereby authorize all public and private entities, their subsidiaries and agents to release to my above-named attorneys, any and all information and/or documents, confidential or otherwise, that are related to me or about me in any way, and that may be released to me under the law.

This Authorization to Release Confidential Information shall expire and become void on January 1, 2015, or when I explicitly revoke it orally or in writing in direct communication with the agency or agencies authorized herein.

DATE: **2 / 13 / 13**

SIGNATURE: **Spencer V. Hoyt**

7012 1010 0001 8884 0205

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL™**

7012 1010 0001 8884 0205

7012 1010 0001 8884 0205

U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com℠

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To _Alice Rich_

Street, Apt. No.; or PO Box No. _5150 CA Ave._

City, State, ZIP+4 _Oak CA 92617_

PS Form 3800, August 2006                    See Reverse for Instructions

# Exhibit 14

 **HireRight.**

Intelligence to move forward.™

March 19, 2013

**VIA FAX (323-563-3445) AND U.S. MAIL**
Mr. Devin H. Fok
Law Offices of Devin H. Fok
P.O. Box 7165
Alhambra, CA 91802-7165

                Re:    **Spencer Hoyt – Investigative Consumer Report Request**

Dear Mr. Fok:

This is in response to your letter of February 28, 2013 received by HireRight, Inc. ("HireRight") requesting copies of Mr. Hoyt's full file.

Pursuant to the authorization signed by Mr. Hoyt on February 13, 2013, I am enclosing the responsive records in our possession. Also enclosed is an Inquiry History Report which identifies the companies who procured Mr. Hoyt's investigative consumer reports within the last three years for employment purposes.

A copy of the Summary of Rights Under the Fair Credit Reporting Act and the California Consumer Rights are included for Mr. Hoyt's file.

Should you have any questions regarding this matter, I may be reached at 918.664.9991, extension 8584167.

Sincerely

Ms. Jerri McCraw
Consumer Support

enclosures

# Inquiry History Report

Date Range: 03/18/2010 - 03/18/2013

| Request # | Applicant | SSN | Request Submitted | Customer | Business Address Street | City | State ID | Zip | Phone | Product |
|---|---|---|---|---|---|---|---|---|---|---|
| HE-011513-FU6QP | SPENCER HOYT | ***-**-6717 | 01/15/2013 10:41:58 AM | AAA Southern CA Automotive - A.N Tow Inc, 2001 S. Figueroa St. | Los Angeles | CA | | 90007 | | |
| HE-011513-FU6QP | SPENCER HOYT | | | | | | | | | Managed Adjudication Standard |
| HE-011513-FU6QP | SPENCER HOYT | | | | | | | | | National Sex Offender Registry |
| HE-011513-FU6QP | SPENCER HOYT | | | | | | | | | SSN Trace |
| HE-011513-FU6QP | SPENCER HOYT | | | | | | | | | Criminal Felony & Misdemeanor |
| HE-020612-N63WP | spencer hoyt | ***-**-6717 | 02/06/2012 10:20:49 AM | AAA Southern CA Automotive - A.N Tow Inc, 2001 S. Figueroa St. | Los Angeles | CA | | 90007 | | |
| HE-020612-N63WP | spencer hoyt | | | | | | | | | Managed Adjudication Standard |
| HE-020612-N63WP | spencer hoyt | | | | | | | | | National Sex Offender Registry |
| HE-020612-N63WP | spencer hoyt | | | | | | | | | SSN Trace |
| HE-020612-N63WP | spencer hoyt | | | | | | | | | Criminal Felony & Misdemeanor |

# AAA Southern CA Automotive – A.N Tow Inc.

## 2/6/2012

Intelligence to move forward

 **HireRight.**

**sprncer hoyt**
Adjudication

Social Security Number: ***-**-6717
DOB: Redacted

Prepared By:
HireRight, Inc.
5151 California
Irvine, CA 92617
Phone: 866-521-0995, 949-428-5804
Fax: 877-797-3442, 949-224-6020
customerservice@hireright.com

Request #: HE-020612-N63WP
Turnaround time: 1.1 business days
Package: Package 1 - Vendor Applicants

Date Request Submitted: 02/06/2012 10:20:49 AM
Request Completion Date: 02/07/2012 01:41:30 PM
Adjudication Status Set: 02/07/2012 01:41:30 PM
Station: 144
Hiring Manager: jahanjavan@gmail.com

Requested By:
Jahan Javanshir
AAA Southern CA Automotive - A.N Tow, Inc.
AAAE072
2001 S. Figueroa St.
Los Angeles, CA 90007
Phone: (213) 747-2899
E-mail: jahanjavan@gmail.com

---

**Adjudication Results Summary**

AAA Contract Service v4(GL-AAAEWS-006) v1.3

| Alert | Product | Status | Result |
|-------|---------|--------|--------|
|  | Court Records | Completed |  |
|  | National Sex Offender Registry | Completed |  |
|  | SS Trace/Credit | Completed |  |

[1] "Complete" indicates that this request has been processed to conclusion. Please review the report details in their entirety to evaluate any potential discrepancies or records related to this request.

All times listed in Pacific - USA timezone

**LEGAL NOTES:**
The information provided herein is a consumer report as defined in the federal Fair Credit Reporting Act [15 USC 1681 et.seq.]. It contains confidential information on the individual named. It is submitted subject to the express conditions contained in your Subscriber Agreement with HireRight, and may be used solely for legally permissible employment purposes (i.e., as a factor in evaluating the named individual for employment, promotion, reassignment or retention as an employee). Proper use of the content of this report and final verification of the named individual's identity is your sole responsibility.

Intelligence to move forward.

 **HireRight.**

**sprncer hoyt**
National Sex Offender Registry

Social Security Number: *** ** @717
DOB: Redacted

Prepared By:
HireRight, Inc.
5151 California
Irvine, CA 92617
Phone: 888-501-8683, 848-426-8684
Fax: 877-797-3442, 949-224-8020
customerservice@hireright.com

**Request #: HE-020612-N63WP**
Turnaround time: 1.1 business days
Package: Package 1 - Vendor Applicants

Date Request Submitted: 02/06/2012 10:20:49 AM
Request Completion Date: 02/07/2012 01:41:30 PM
Adjudication Status Set: 02/07/2012 01:41:30 PM
Station: 144
Hiring Manager: jahanjavan@gmail.com

Requested By:
Jahan Javanshir
AAA Southern CA Automotive - A.N Tow, Inc.
AAAE072
2001 S. Figueroa St.
Los Angeles, CA 90007
Phone: (213) 747-2899
E-mail: jahanjavan@gmail.com

**Result:**

**Not in Registry** [1]

**HireRight Comments:**

[1] "Complete" indicates that this request has been processed to conclusion. Please review the report details in their entirety to evaluate any potential discrepancies or records related to this request.

All times listed in Pacific - USA timezone

LEGAL NOTES:
The information provided herein is a consumer report as defined in the federal Fair Credit Reporting Act [15 USC 1681 et.seq.]. It contains confidential information on the individual named. It is submitted subject to the express conditions contained in your Subscriber Agreement with HireRight, and may be used solely for legally permissible employment purposes (i.e., as a factor in evaluating the named individual for employment, promotion, reassignment, or retention as an employee). Disposition of this content of this report and final verification of the named individual's identity in your sole responsibility.

Intelligence to move forward

 HireRight.

sprncer hoyt
SS Trace/Credit

Social Security Number: ***-**-6717
DOB Redacted

Prepared By:
HireRight, Inc.
5151 California
Irvine, CA 92617
Phone: 866-521-6995, 949-428-5904
Fax: 877-797-3442, 949-224-8020
customerservice@hireright.com

**Request #: HE-020612-N63WP**
Turnaround time: 1.1 business days
Package: Package 1 - Vendor Applicants

Date Request Submitted: 02/90/2012 10:20:40 AM
Request Completion Date 5/07/2012 0:24 1:40 PM
Authorization Nature Out 02/07/2012 01 d1 90 PM
Station: 144
Hiring Manager: jaharjavant@gmail.com

Requested By:
Jahan Javanshir
AAA Southern CA Automotive - A.N Tow, Inc.
AAAE072
2001 S. Figueroa St.
Los Angeles, CA 90007
Phone: (213) 747-2090
E-mail: jahanjavan@gmail.com

**SSN Trace**[a]

**Complete - Data Found** [1]

| Date Report Started: | | Telephone Number: |
|---|---|---|
| Subject Name: | SPENCER HALHOYT | Red acte |
| Addresses: | | |
| Redacted | DOWNEY, CA Redacted | Date Reported: 01/12 |

This address may be used for additional Court Records searches:
Criminal Felony & Misdemeanor (Los Angeles)

Redacted , SOUTH GATE, CA Redacted

Date Reported: 08/09

This address may be used for additional Court Records searches:
Criminal Felony & Misdemeanor (Los Angeles)

Redacted , SOUTH GATE, CA Redacted

Date Reported: 10/07

This address may be used for additional Court Records searches:
Criminal Felony & Misdemeanor (Los Angeles)

**Consumer Statement**

[a] The Social Security Trace does not prove the validity of the social security number.

[1] "Complete" indicates that this request has been processed to conclusion. Please review the report details in their entirety to evaluate any potential discrepancies or records related to this request.

All times listed in Pacific - USA timezone

LEGAL NOTES:
The information provided herein is a consumer report as defined in the federal Fair Credit Reporting Act [15 USC 1681 et.seq.]. It contains confidential information on the individual named. It is submitted subject to the express conditions contained in your Subscriber Agreement with HireRight, and may be used solely for legally permissible employment purposes (i.e., as a factor in evaluating the named individual for employment, promotion, reassignment or retention as an employee). Proper use of the content of this report and final verification of the named individual's identity is your sole responsibility.

Intelligence to move forward


## HireRight.

**sprncer hoyt**
Court Records

Social Security Number **.Redacted**

Prepared By
HireRight, Inc
5151 California
Irvine, CA 9261.
Phone: 000 041 0003, www.........
FAX: 877-797-0447, 949-224-0021
customerservice@hireright.com

Request #: HE-020612-N63WP
Turnaround time: 4.9 business days
Package: Package 1 : Vendor Applicants

Date Request Submitted: 02/06/2012 10:20:48 AM
Request Completion Date; 02/07/2012 01:41:30 PM
Adjudication Status Set: 02/07/2012 01:41:30 PM
Station: 144
Hiring Manager: jahanjavan@gmail.com

Requested By:
Jahan Javanshir
AAA Southern CA Automotive - A.N Tow, Inc
AAAEO7A
2001 S. Figueroa St
Los Angeles, CA 90007
Phone: (213) 747 2900
E-mail: jahanjavan@gmail.com

## Applicant Self-Reported Convictions

No Records Self Reported

---

1. **Criminal Felony & Misdemeanor (Variable Depth History)**
   sprncer hoyt

**Complete - No Court Record Found**

| | |
|---|---|
| Address(es): | Downey, Los Angeles County, CA, USA |
| | South Gate, Los Angeles County, CA, USA |
| Location Searched: | Downey, Los Angeles County, CA |
| | South Gate, Los Angeles County, CA |
| Time Completed: | 02/07/2012 01:41 PM |
| Verified by: | QA-23058 |

---

[1] "Complete" Indicates that this request has been processed to conclusion. Please review the report details in their entirety to evaluate any potential discrepancies or records related to this request.

All times listed in Pacific - USA timezone

**LEGAL NOTES:**
The information provided herein is a consumer report as defined in the federal Fair Credit Reporting Act [15 USC 1681 et.seq.] It contains confidential information on the individual named. It is submitted subject to the express conditions contained in your Subscriber Agreement with HireRight, and may be used solely for legally permissible employment purposes (i.e., as a factor in evaluating the named individual for employment, promotion, reassignment or retention as an employee). Proper use of the content of this report and final verification of the named individual's identity is your sole responsibility.

"This report does not guarantee the accuracy or truthfulness of the information as to the subject of the investigation, but only that it was accurately copied from public records. Information generated as a result of identity theft, including evidence of criminal activity, may be inaccurately associated with the consumer who is the subject of the report."

California Consumers: You may view the file maintained on you by HireRight during normal business hours. You may also obtain a copy of this file, upon submitting proper identification and paying the costs of duplication services, by appearing at HireRight's offices in person, during normal business hours and on reasonable notice, or by mail; you may also receive a summary of the file by telephone upon written request with proper identification. HireRight has trained personnel available to explain your file to you, including any coded information. If you appear in person, you may be accompanied by one other person, provided that person furnishes proper identification. If you would like additional information regarding your disclosure rights, you can request this information from HireRight by e-mail at customerservice@hireright.com, by telephone at 866-521-6995 or by mail at 5151 California Ave. Irvine, CA 92617.

"Este informe no garantiza la certeza ni la veracidad de la información en cuanto al sujeto de la investigación, pero sólo que fue copiado exactamente de archivos públicos. La información engendró a consecuencia del robo de la identidad, inclusive la evidencia de la actividad criminal, puede ser asociado inexactamente con el consumidor que es el sujeto del informe".

Los Consumidores de California: Usted puede ver el archivo mantenido en usted por HireRight durante horas de oficina normales. Usted puede obtener también una copia de este archivo, a someter identificación y pagar apropiados los costos de servicios de duplicación, apareciendo en oficinas de HireRight en la persona, durante horas de oficina normales y en la nota razonable, o por el correo; usted puede recibir también un resumen del archivo por teléfono sobre el pedido escrito con identificación apropiada. HireRight ha entrenado el personal disponible para explicarle su archivo a usted, inclusive información codificada. Si usted aparece en la persona, usted puede estar acompañado de uno otra persona, con tal de que persona proporcione identificación apropiada. Si usted querría información adicional con respecto a sus derechos de la revelación, usted puede solicitar esta información de HireRight por correo electrónico en customerservice@hireright.com, por teléfono en 866-521-6995 o por el correo en 5151 A. de California Irvine, CA 92017.

# AAA Southern CA Automotive – A.N Tow Inc.

# 1/15/2013

Intelligence to move forward

 **HireRight.**

## SPENCER V. HOYT
Adjudication

Social Security Number: ***-**-6717
**DOB:** Redacted

Prepared By
HireRight, Inc
5151 California
Irvine, CA 9261
Phone: 866-521-6995, 949-428-580-
Fax: 877-797-3442, 949-224-602(
customerservice@hireright.con

**Request #: HE-011513-FU6QP**
Turnaround time: 2.1 business days
Package: Package 1 - Vendor Applicants

Date Request Submitted: 01/15/2013 10:41:58 AM
Request Completion Date: 01/17/2013 02:33:07 PM
Adjudication Status Set: 01/17/2013 02:33:07 PM
Station: 144
Hiring Manager: jahanjavani@gmail.com

Requested By
Jahan Javanshi
AAA Southern CA Automotive - A.N Tow, Inc
AAAE07;
2001 S. Figueroa St
Los Angeles, CA 9000;
Phone: (213) 747-2899
E-mail: jahanjavan@gmail.con

## Adjudication Results Summary

### AAA Contract Service v4(GL-AAAEWS-006) v1.5

| Alert | Product | Status | Result |
|-------|---------|--------|--------|
| ⚑ | Court Records | Completed | Does Not Meet Company Standards |
| ⚑ | National Sex Offender Registry | Completed | Meets Company Standards |
| ⚑ | SS Trace/Credit | Completed | Meets Company Standards |

† "Complete" indicates that this request has been processed to conclusion. Please review the report details in their entirety to evaluate any potential discrepancies or records related to this request.

All times listed in Pacific - USA timezone

**LEGAL NOTES:**
The information provided herein is a consumer report as defined at the federal Fair Credit Reporting Act [15 USC 1601 et.seq.]. It contains confidential information on the individual named. It is submitted subject to the express conditions contained in your Subscriber Agreement with HireRight, and may be used by you, the recipient, and your designated agents, solely in connection with a legitimate business decision involving the named individual for employment, promotion, reassignment or retention as an employee. Improper use of the content of this report and final verification of the named individual's identity is your sole responsibility.

Intelligence to move forward

 **HireRight.**

## SPENCER V. HOYT
National Sex Offender Registry

D...: LB    ... ... ... III II 07LT
DOB: Redacted
d

Prepared By
HireRight, Inc
5151 California
Irvine, CA 92617
Phone: 888 821 8888, 818 108 800 0
Fax: 877-797-3442, 949-224-6020
customerservice@hireright.com

**Request #: HR-011513-FUR0P**
Turnaround time: 2.1 business days
Package: Package 1 - Vendor Applicants

Date Request Submitted: 01/15/2010 10:41:50 AM
Request Completion Date: 01/17/2013 02:33:07 PM
Adjudication Status: 01/17/2010 00:00:00 PM
Station: 144
Hiring Manager: jahanjavan@gmail.com

Requested By:
Jahan Javanshir
AAA Southern CA Automotive   A.N Tow, Inc.
AAAE072
2001 S. Figueroa St.
Los Angeles, CA 90007
Phone: (213) 747-2899
E-Mail: jahanjavan@gmail.com

Adjudication details

National Sex Offender Registry - Meets Company Standards

National Sex Offender Registry - Not In Registry

**Result:**                                      **Not In Registry [1]**

## HireRight Comments:

[1] "Complete" indicates that this request has been processed to conclusion. Please review the report details in their entirety to evaluate any potential discrepancies or records related to this request.

All times listed in Pacific - USA timezone

**LEGAL NOTES:**
The information provided herein is a consumer report as defined in the federal Fair Credit Reporting Act (15 USC 1681 et.seq.) It contains confidential information on the individual named. It is submitted subject to the express conditions contained in your Subscriber Agreement with HireRight, and may be used solely for legally permissible employment purposes (i.e., as a factor in evaluating the named individual for employment, promotion, reassignment or retention as an employee). Proper use of the content of this report and final verification of the named individual's identity is your sole responsibility.

Intelligence to move forward

 HireRight.

## SPENCER V. HOYT
SS Trace/Credit

Social Security Number: ***-**-6717
DOB: Redacted

Prepared By:
HireRight, Inc.
5151 California
Irvine, CA 92617
Phone: 866-521-6995, 949-428-5804
Fax: 877-797-3442, 949-224-6020
customerservice@hireright.com

Request #: HE-011513-FU6QP
Turnaround time: 2.1 business days
Package: Package 1 - Vendor Applicants

Date Request Submitted: 01/15/2013 10:41:58 AM
Request Completion Date: 01/17/2013 02:33:07 PM
Adjudication Status Set: 01/17/2013 02:33:07 PM
Station: 144
Hiring Manager: jahanjavan@gmail.com

Requested By:
Jahan Javanshir
AAA Southern CA Automotive - A.N Tow, Inc.
AAAE072
2001 S. Figueroa St.
Los Angeles, CA 90007
Phone: (213) 747-2899
E-mail: jahanjaven@gmail.com

Adjudication details

SS Trace/Credit - Meets Company Standards

⊢   SSN Trace - Data Found

SSN Trace*                                                                      Complete - Data Found [1]

| Date Report Started: | | Telephone Number: |
| Subject Name: | SPENCER VALHOYT | SSN: ***-**-6717 |
| Addresses: | | |

Redacted          DOWNEY, CA Redacted                                          Date Reported: 02/12

This address may be used for additional Court Records searches:
Criminal Felony & Misdemeanor (Los Angeles)

Redacted          , SOUTH GATE, CA Redacted                                    Date Reported: 08/09

This address may be used for additional Court Records searches:
Criminal Felony & Misdemeanor (Los Angeles)

### Consumer Statement

The Social Security Trace does not prove the validity of the social security number.

[1] "Complete" indicates that this request has been processed to conclusion. Please review the report details in their entirety to evaluate any potential discrepancies or records related to this request.

All times listed in Pacific - USA timezone

LEGAL NOTICE!

THE INFORMATION PROVIDED BELOW IS CONSUMER REPORT INFORMATION GOVERNED BY THE FAIR CREDIT REPORTING ACT (15 U.S.C. 1681, et seq.) ("FCRA") and
_____ and state and local laws. This information is strictly confidential and is provided to you by HireRight solely pursuant to the permissible purpose stated on this report and
may be used solely for legally permissible employment purposes (i.e., as a factor in evaluating the named individual for employment, promotion,
reassignment or retention as an employee). Accuracy of the content of this report and final confirmation of the named individual's identity IS YOUR OWN
responsibility.

Intelligence to move forward



## SPENCER V. HOYT
Court Records

Social Security Number: ***-**-6717
DOB Redacted

Prepared By
HireRight, Inc
5151 California
Irvine, CA 92617
Phone: 866-521-6995, 949-428-5804
Fax: 877-797-3442, 949-224-6020
customerservice@hireright.com

**Request #: HE-011513-FU6QP**
Turnaround time: 2.1 business days
Package: Package 1 - Vendor Applicants

Date Request Submitted: 01/15/2013 10:41:58 AM
Request Completion Date: 01/17/2013 02:33:07 PM
Adjudication Status Set: 01/17/2013 02:33:07 PM
Station: 144
Hiring Manager: jahanjavan@gmail.com

Requested By
Jahan Javanshir
AAA Southern CA Automotive - A.N Tow, Inc
AAAE077
2001 S. Figueroa St
Los Angeles, CA 90007
Phone: (213) 747-2890
E-mail: jahanjavan@gmail.com

### Adjudication details

Court Records - Does Not Meet Company Standards

One or more felony conviction within the last seven years for any of the following crimes or offenses (10 years from the date of last court action for HI (AAA11) ----Violence: Murder (1); Attempted Murder (2); Voluntary Manslaughter (3); Mayhem (4) ; Torture (5) ; Any felony punishable by death or life in prison (8); Any felony in which the defendant inflicts great bodily harm on another person (9); False Imprisonment (10); Assault or Attempted Murder of a Government Officer (12); False imprisonment (13); false imprisonment hostage (14); Kidnap and Ransom (18); Kidnapping (15); Kidnapping for extortion (19); ............ (16); Abduction (32); Arson (56); ----Weapons: Possession of a deadly weapon with intent to commit an assault (11); Brandishing a firearm in a threatening Manner (55); Possession of a fire bomb (57); Possession, manufacture, transportation or use of any weapon of mass destruction (58); -----Sex Crimes: Sodomy by force, violence, duress, menace or fear of immediate and unlawful bodily injury on the victim or another person (6); Oral copulation by force, violence, duress, menace or fear of immediate and unlawful bodily injury on the victim or another person (7); Sexual Assault (13); Rape (17); Statutory rape (18); Rape of Spouse (19); Rape with the use of a foreign object (21); Penetration of genital or anal opening by foreign object (57); Any conviction for which an individual must register as a sex offender (59); ----Crimes against children: Procurement of a child (30); Lewd or Lascivious Acts with a child under 14 (33); Continuous sexual abuse of a child (34); Cruelty to a child (35); Infliction of corporal punishment of a child which results in traumatic conditions or injury to a child (36) Sexual exploitation of a child (38); ----Theft: Robbery (22); Extortion (23); Grand Theft (24); Carjacking (25); Grand Theft of a firearm (26); Burglary (27); Forgery (28); Receiving stolen property (40); Embezzlement (41); Counterfeiting money (42); Theft of access card (43); Vehicle theft (50); ----Fraud: Forgery (28); Procurement by force or fraud (29); Forgery of access card or signature (44); Fraudulent use of access card (45); Altering, defacing, or replacing vehicle identification numbers from another vehicle (48); Fraudulent acquisition or disposition of department of motor vehicle or government issued vehicle identification numbers (49); ----Drug related: Any drug related felony conviction (39); Administering drugs with the intent to commit a felony (54); ----Vehicular: Hit and run collision causing bodily injury or death (51); Gross vehicular manslaughter while intoxicated (52); Driving under the influence causing injury or death (53); .... Law enforcement: Fraudulent impersonation of a peace officer (46); Evading a peace officer (47)

## Applicant Self-Reported Convictions                                         No Records Self-Reported

### 1. Criminal Felony & Misdemeanor (Past 7 Years History)                    Complete - Court Record Found
**SPENCER V. HOYT**

| | |
|---|---|
| **Address(es):** | Downey, Los Angeles County, CA, USA |
| | South Gate, Los Angeles County, CA, USA |
| **Location Searched:** | Downey, Los Angeles County, CA |
| | South Gate, Los Angeles County, CA |
| **Time Completed:** | 01/17/2013 11:42 AM |
| **Verified by:** | QA-32802 |

HireRight Comments: Delay - 15-JAN-2013, 10:41
-------Notification sent to requestor: <jahanjavan@gmail.com> 15-JAN-2013, 10:41
-------Reason: Court Delay: Los Angeles County, CA - Court processes a limited number of requests per day. The standard processing time is up to 5 business days. Average court turnaround time is currently 3 business days.

Delay: 16-Jan-2013, 15:24
-------Email notification sent to requestor.
-------Reason: Additional research with the court is needed to complete this request. Estimated completion date of this search is 01/22/2013.

| Case Nbr.: | VA102233 |
| --- | --- |
| Court Name: | |
| Comments: | Confirmation: Name, Date Of Birth. SPENCER HOYT<br>District Court SOUTHEAST |

| Count: | 1 | Severity: | Felony |
| --- | --- | --- | --- |
| Offense Date: | 08-19-2007 | Disp. Date: | 03-18-2008 |
| Offense: | ASSAULT WITH FIREARM ON PERSON | | |
| Disposition: | Convicted [1] | | |
| Sentence: | 5 YEARS PRISON SUSPENDED 5 YEARS FORMAL PROBATION 365 DAYS JAIL-CTS 25 DAYS COURT ORDERED FINES/ FEES VICTIM RESTITUTION | | |

---

[1] "Complete" indicates that this request has been processed to conclusion. Please review the report details in their entirety to evaluate any potential discrepancies or records related to this request.

All times listed in Pacific - USA timezone

LEGAL NOTES:
The information provided herein is a consumer report as defined in the federal Fair Credit Reporting Act [15 USC 1681 et.seq.] It contains confidential information on the individual named. It is submitted subject to the express conditions contained in your Subscriber Agreement with HireRight, and may be used solely for legally permissible employment purposes (i.e. as a factor in evaluating the named individual for employment, promotion, reassignment or retention as an employee). Proper use of the content of this report and final verification of the named individual's identity is your sole responsibility.

"This report does not guarantee the accuracy or truthfulness of the information as to the subject of the investigation, but only that it was accurately copied from public records. Information generated as a result of identity theft, including evidence of criminal activity, may be inaccurately associated with the consumer who is the subject of the report."

California Consumers: You may view the file maintained on you by HireRight during normal business hours. You may also obtain a copy of this file, upon submitting proper identification and paying the costs of duplication services, by appearing at HireRight's offices in person, during normal business hours and on reasonable notice, or by mail; you may also receive a summary of the file by telephone upon written request with proper identification. HireRight has trained personnel available to explain your file to you, including any coded information. If you appear in person, you may be accompanied by one other person, provided that person furnishes proper identification. If you would like additional information regarding your disclosure rights, you can request this information from HireRight by e-mail at customerservice@hireright.com, by telephone at 866-521-6995 or by mail at 5151 California Ave. Irvine, CA 92617.

"Este informe no garantiza la certeza ni la veracidad de la información en cuanto al sujeto de la investigación, pero sólo que fue copiado exactamente de archivos públicos. La información engendró a consecuencia del robo de la identidad, inclusive la evidencia de la actividad criminal, puede ser asociado inexactamente con el consumidor que es el sujeto del informe".

Los Consumidores de California: Usted puede ver el archivo mantenido en usted por HireRight durante horas de oficina normales. Usted puede obtener también una copia de este archivo, a someter identificación y pagar apropiados los costos de servicios de duplicación, apareciendo en oficinas de HireRight en la persona, durante horas de oficina normales y en la nota razonable, o por el correo; usted puede recibir también un resumen del archivo por teléfono sobre el pedido escrito con identificación apropiada. HireRight ha entrenado el personal disponible para explicarle su archivo a usted, inclusive información codificada. Si usted aparece en la persona, usted puede estar acompañado de uno otra persona, con tal de que persona proporcione identificación apropiada. Si usted quiere información adicional acerca de sus derechos de la revelación, usted puede solicitar esta información de HireRight por correo electrónico en customerservice@hireright.com, por teléfono en 866-521-8995 o por el correo en 5151 S. de California. Irvine, CA 92617.

# Current Reports

We are pleased to announce that USIS Commercial Services, Inc. has changed its name to HireRight Solutions, Inc. While for a period of time you may find reference made in our materials to USIS Commercial Services, we are in the process of updating our web sites, software applications and documents to reflect this name change and expect to complete all updates in the near future. In the meantime, should you have any questions please contact us at: 800-322-9651 and select Option 3 for Customer Service.

Please Note: The information contained in this report is based on search criteria matching certain personal identifiers that indicate that this information matched the consumer who is the subject of the report. However, this information is not guaranteed for accuracy or truthfulness as it relates to the subject of this report. The information contained in this report was accurately copied from HireRight's supplier(s) of such information, including the public records of various courts and law enforcement agencies; credit bureaus; laboratories; etc. As applicable, information, information generated as a result of identity theft, including additions of criminal activity, may be inaccurately associated with the consumer who is the subject of this report. Employment decisions should not be based solely upon information contained in this report. Positive ID requires a fingerprint search. The user of this report is responsible for following applicable local, state and federal laws with respect to the procurement and use of this information.

## Drug/Alcohol Disclosure

===================================================================

∎∎∎∎∎(∎∎ ∎∎∎∎∎ ∎∎∎∎∎∎∎ ∎∎∎∎∎∎

Search uring HOYT, S, xxx-xx-xxxx

-------------------------------------------------------------------

No Drug Information is on file for HOYT, S, xxx-xx-xxxx
[ END OF REPORT ]

W_ _ _ ,_____ _l l_ _____ _ll__l UOlO n _____ ..10.   ·|||, l||| l||| ||||||||||| l||| ||||||| ||
IIIRIIIIIIII NIIIIIIIIIIIX IIIC WIIIIIIII IIIII II IIIIIIIII II IIIIII YIII IIIIII IIIII IIIIIIIIIIIII IIIIIII II IIII
material- to U9I9 Commercial Service, as it is in the process of updating our web sites.
software applications and documents to reflect this name change and expect to complete all
updates in the near future. In the meantime, should you have any questions please contact us
at: 800-322-9651 and select Option 3 for Customer Service.

Please Note: The information contained in this report is based on search matching
certain personal identifiers that indicate that this information matched the consumer who is
the subject of the report. However, this information is not guaranteed for accuracy or
truthfulness as it relates to the subject of this report. The information contained in this report
was accurately copied from HireRight's supplier(s) of such information, including the public
records of various courts and law enforcement agencies; credit bureaus; laboratories; etc., as
applicable. However, information generated as a result of identity theft, including evidence of
criminal activity, may be inaccurately associated with the consumer who is the subject of this
report. Employment decisions should not be based solely upon information contained in this
report. Positive ID requires a fingerprint search. The user of this report is responsible for
following applicable local, state and federal laws with respect to the procurement and use of
this information.

<u>Transportation Employment History</u>

EMPLOYMENT HISTORY

03/18/2013 08:17

Search Using: HOYT, S, xxx-xx-xxxx

No Employment History information on file for HOYT, S, xxx-xx-xxxx

*Para información en español, visite www.consumerfinance.gov/learnmore o escribe a la Consumer Financial Protection Bureau, 1700 G Street N.W., Washington DC 20552.*

## A Summary of Your Rights Under the Fair Credit Reporting Act

The federal Fair Credit Reporting Act (FCRA) promotes the accuracy, fairness, and privacy of information in the files of consumer reporting agencies. There are many types of consumer reporting agencies, including credit bureaus and specialty agencies (such as agencies that sell information about check writing histories, medical records, and rental history records). Here is a summary of your major rights under the FCRA. For more information, including information about additional rights, go to www.consumerfinance.gov/learnmore or write to: Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, DC 20552.

- You must be told if information in your file has been used against you. Anyone who uses a credit report or another type of consumer report to deny your application for credit, insurance, or employment – or to take another adverse action against you – must tell you, and must give you the name, address, and phone number of the agency that provided the information.

- **You have the right to know what is in your file.** You may request and obtain all the information about you in the files of a consumer reporting agency (your "file disclosure"). You will be required to provide proper identification, which may include your Social Security number. In many cases, the disclosure will be free. You are entitled to a free file disclosure if:
  - a person has taken adverse action against you because of information in your credit report;
  - you are the victim of identity theft and place a fraud alert in your file;
  - your file contains inaccurate information as a result of fraud;
  - you are on public assistance;
  - you are unemployed but expect to apply for employment within 60 days.

- In addition, all consumers are entitled to one free disclosure every 12 months upon request from each nationwide credit bureau and from nationwide specialty consumer reporting agencies. See www.consumerfinance.gov/learnmore for additional information.

- **You have the right to ask for a credit score.** Credit scores are numerical summaries of your credit-worthiness based on information from credit bureaus. You may request a credit score from consumer reporting agencies that create scores or distribute scores used in residential real property loans, but you will have to pay for it. In some mortgage transactions, you will receive credit score information for free from the mortgage lender.

- **You have the right to dispute incomplete or inaccurate information.** If you identify information in your file that is incomplete or inaccurate, and report it to the consumer reporting agency, the agency must investigate unless your dispute is frivolous. See www.consumerfinance.gov/learnmore for an explanation of dispute procedures.

*Para información en español, visite www.consumerfinance.gov/learnmore o escribe a la Consumer Financial Protection Bureau, 1700 G Street N.W., Washington DC 20552.*

### A Summary of Your Rights Under the Fair Credit Reporting Act

The federal Fair Credit Reporting Act (FCRA) promotes the accuracy, fairness, and privacy of information in the files of consumer reporting agencies. There are many types of consumer reporting agencies, including credit bureaus and specialty agencies (such as agencies that sell information about check writing histories, medical records, and rental history records). Here is a summary of your major rights under the FCRA. **For more information, including information about additional rights, go to www.consumerfinance.gov/learnmore or write to: Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, DC 20552.**

- **You must be told if information in your file has been used against you.** Anyone who uses a credit report or another type of consumer report to deny your application for credit, insurance, or employment – or to take another adverse action against you – must tell you, and must give you the name, address, and phone number of the agency that provided the information.

- **You have the right to know what is in your file.** You may request and obtain all the information about you in the files of a consumer reporting agency (your "file _____

- **Consumer reporting agencies must correct or delete inaccurate, incomplete, or unverifiable information.** Inaccurate, incomplete or unverifiable information must be removed or corrected, usually within 30 days. However, a consumer reporting agency may continue to report information it has verified as accurate.

- **Consumer reporting agencies may not report outdated negative information.** In most cases, a consumer reporting agency may not report negative information that is more than seven years old, or bankruptcies that are more than 10 years old.

- **Access to your file is limited.** A consumer reporting agency may provide information about you only to people with a valid need -- usually to consider an application with a creditor, insurer, employer, landlord, or other business. The FCRA specifies those with a valid need for access.

- **You must give your consent for reports to be provided to employers.** A consumer reporting agency may not give out information about you to your employer, or a potential employer, without your written consent given to the employer. Written consent generally is not required in the trucking industry. For more information, go to www.consumerfinance.gov/learnmore.

- **You may limit "prescreened" offers of credit and insurance you get based on information in your credit report.** Unsolicited "prescreened" offers for credit and insurance must include a toll-free phone number you can call if you choose to remove your name and address from the lists these offers are based on. You may opt-out with the nationwide credit bureaus at 1-888-567-8688.

- **You may seek damages from violators.** If a consumer reporting agency, or, in some cases, a user of consumer reports or a furnisher of information to a consumer reporting agency violates the FCRA, you may be able to sue in state or federal court.

- **Identity theft victims and active duty military personnel have additional rights.** For more information, visit www.consumerfinance.gov/learnmore.

States may enforce the FCRA, and many states have their own consumer reporting laws. In some cases, you may have more rights under state law. For more information, contact your state or local consumer protection agency or your state Attorney General. For Information about your Federal rights contact:

| TYPE OF BUSINESS: | CONTACT: |
|---|---|
| 1.  a. Banks, savings associations, and credit unions with total assets of over $10 billion and their affiliates. | a. Consumer Financial Protection Bureau<br>1700 G Street NW<br>Washington, DC 20552 |
| b. Such affiliates that are not banks, savings associations, or credit unions also should list, in addition to the CFPB: | b. Federal Trade Commission:<br>Consumer Response Center – FCRA<br>Washington, DC 20580<br>(877) 382-4357 |
| 2. To the extent not included in item 1 above: | |
| a.  National banks, federal savings associations and federal branches and federal agencies of foreign banks | a. Office of the Comptroller of the Currency<br>Customer Assistance Group<br>1301 McKinney Street, Suite 3450<br>Houston, TX 77010-9050 |
| b.  State member banks, branches and agencies of foreign banks (other than federal branches, federal agencies and insured State Branches of Foreign Banks), commercial lending companies owned or controlled by foreign banks, and organizations operating under section 25 or 25A of the Federal Reserve Act | b.  Federal Reserve Consumer Help Center<br>PO Box 1200<br>Minneapolis, MN 55480 |
| c.  Nonmember Insured Banks, Insured State Branches of Foreign Banks, and insured state savings associations | c. FDIC Consumer Response Center<br>1100 Walnut St., Box #11<br>Kansas City, MO 64106 |
| d.  Federal Credit Unions | d. National Credit Union Administration<br>Office of Consumer Protection (OCP)<br>Division of Consumer Compliance and Outreach (DCCO)<br>1775 Duke Street<br>Alexandria, VA 22314 |
| 3. Air carriers | Asst. General Counsel for Aviation Enforcement & Proceedings<br>Aviation Consumer Protection Division<br>Department of Transportation<br>1200 New Jersey Avenue, S.E.<br>Washington, DC 20590 |
| 4. Creditors Subject to Surface Transportation Board | Office of Proceedings, Surface Transportation Board<br>Department of Transportation<br>395 E Street, S.W.<br>Washington, DC 20423 |
| 5. Creditors Subject to Packers and Stockyards Act, 1921 | Nearest Packers and Stockyards Administration area Supervisor |
| 6. Small Business Investment Companies | Associate Deputy Administrator for Capital Access<br>United States Small Business Administration<br>409 Third Street, SW, 8th Floor<br>Washington, DC 20416 |
| 7. Brokers and Dealers | Securities and Exchange Commission<br>100 F Street, N.E.<br>Washington, DC 20549 |
| 8. Federal Land Banks, Federal Land Bank Associations, Federal Intermediate Credit Banks and Production Credit Associations | Farm Credit Administration<br>1501 Farm Credit Drive<br>McLean, VA 22102-5090 |
| 9. Retailers, Finance Companies, and All Other Creditors Not Listed Above | FTC Regional Office for region in which the creditor operates or Federal Trade Commission:<br>Consumer Response Center - FCRA<br>Washington, DC 20580<br>(877) 382-4357 |

### CALIFORNIA CONSUMER RIGHTS

You have rights when an investigative consumer report is obtained on you. The following are some of your rights:

1.  You have the right to contact the agency that made the report. You can do this in one of the following ways:

    (a)  You can go to the agency in person during the normal business hours and on reasonable notice. You are being consumed with you. You and that person may be required to present identification. You may be required to sign a paper allowing the agency to discuss your file with or to show your file to this person.

    (b)  You may receive your file by certified mail, if you have given written notice to the agency that you want information mailed to you or to another person you want to receive the file. You will be required to provide identification when you write for your file.

    (c)  You may be able to discuss your file over the telephone if you have given written instructions to the agency and have provided identification.

2.  You have the right to receive a copy of your file or your investigative consumer report at the agency. You may be charged up to $8.00 to obtain a copy of your report or file. However, you may receive a free copy if:

    (a)  Once during a twelve month period if you are unemployed and intend to seek employment within sixty (60) days or you receive public welfare assistance or you believe your file contains inaccurate information because of fraud.

    (b)  If you are receiving a copy from the agency relating to an investigation into the accuracy of information you have disputed or if information is put back into your file.

3.  You have the right to know the following information:

    (a)  The names of the persons and companies who have received a report about you in the last three (3) years. You may request their addresses and telephone numbers.

    (b)  Explanations of any codes or abbreviations used in your report, so you can understand the report.

4.  You have the right to dispute any information in your file. You must contact the agency directly to do so. The person who ordered a report is required to give you the name and address of the agency.

    (a)  The agency has thirty (30) days from the day it receives your dispute to complete the investigation.

    (b)  When the agency is done with the investigation, it must tell you of any changes made in the report as a result of the investigation.

    (c)  If the investigation does not remove the information disputed by you, you have the right to place your statement of the facts in your file. The agency has people to help you write the statement. The agency may limit your statement to five hundred (500) words.

    (d)  If information is removed or you add a statement to your file, you can request the agency to send the report, as changed or with your statement, to anyone who received the information in the last two (2) years.

    (e)  If information that is removed from your files is placed back in your file, you are entitled to receive written notice of that fact and you have the right to dispute the information added.

5.  You also have rights under federal law in regard to your report. A copy of those rights are given to you with this California statement of consumer rights. Many of these rights are also included within California law.

1

## DERECHOS DEL CONSUMIDOR EN CALIFORNIA

Usted tiene derechos cuando un reporte de investigación del consumidor es obtenido respecto a usted. Los siguientes son algunos de sus derechos:

1.      Usted tiene derecho de contactar la agencia que hizo el reporte y puede hacer ésto de las maneras siguientes:

(a)     Puede ir a la agencia en persona durante horas normales de trabajo y en la nota razonable. Puede traer a un acompañante. Usted y esa persona debe traer una identificación. Es posible que tenga que firmar un documento en el que usted dará derecho a la agencia de discutir lo que está en su archivo o de mostrar el archivo a la persona que lo acompaña.

(b)     Usted puede recibir su archivo por correspondencia certificada si es que avisó a la agencia por escrito que desea información por carta o desea que otra persona reciba su archivo. Por lo tanto, usted deberá proveer una identificación cuando solicite la información.

(c)     Usted podrá platicar respecto a su archivo por teléfono si es que dió instrucciones por escrito a la agencia y presentó una identificación.

2.      Usted tiene derecho de recibir una copia de su archivo o de su reporte de investigación del consumidor en la agencia y se le puede cobrar hasta 8.00 dólares para obtener una copia de su reporte o archivo. De cualquier manera, usted podrá recibir una copia gratis en las siguientes circunstancias:

(a)     Si es que durante doce meses usted está desempleado o tiene intenciones de buscar empleo durante 60 días o si usted recibe asistencia pública o cree que su archivo contiene información incorrecta debido a fraude.

(b)     Si usted recibe una copia de la agencia relacionada con la nvestigación para verificar la exactitud de la información que usted reportó o si es que la información fué regresada a su archivo.

3.      Usted tiene derecho de saber la siguiente información:

(a)     Los nombres de personas y de compañías quienes han recibido un reporte respecto a usted en los últimos 3 años y puede solicitar sus domicilios y números de teléfono.

(b)     Usted puede solicitar que se le explique códigos o abreviasiones utilizadas en su reporte para que usted lo pueda comprender con más claridad.

4.      Usted tiene derecho de reclamar cualquier información que esté en su archivo pero deberá contactar a la agencia directamente. La persona que ordenó el reporte deberá darle a usted el nombre y domicilio de la agencia.

(a)     La agencia tiene 30 días para completar la investigación.

(b)     Una vez terminada la investigación, la agencia debe informarle a usted de cualquier cambio que se haya hecho al reporte como resultado de la investigación.

(c)     Si es que la investigación no elimina información reportada por usted, entonces tiene derecho de agregar su declaración en el archivo. La agencia tiene personal que le puede ayudar a escribir su declaración siempre y cuando no exceda quinientas (500) palabras.

(d)     Si usted elimina o agrega información a su archivo puede pedirle a la agencia que mande el reporte como "Cambiado" o con su declaración a cualquiera que haya recibido la información en los últimos dos años.

(e)     Si hay información que fué eliminada de su archivo y después vuelta a poner, usted tiene derecho a recibir por escrito lo sucedido y tiene derecho a reclamar la información agregada.

5.      También tiene derechos bajo la ley federal respecto a su reporte. Se le dará una copia de esos derechos con ésta declaración de derechos del consumidor de California.

2